UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS,<br><br>    Plaintiff,<br><br>    v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>    Defendant. | Case No. 22-cv-09108-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO DISMISS**<br><br>Re: Dkt. No. 34 |

Now before the Court for consideration is the motion to dismiss the first amended complaint ("FAC") filed by Defendant Arizona Beverages USA, LLC ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in the case and finds this matter suitable for disposition without oral argument.[1] *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court HEREBY GRANTS, IN PART, and DENIES, IN PART, Defendant's motion.

**BACKGROUND**

Plaintiff Thomas Iglesias ("Plaintiff") brings this action alleging that Defendant falsely advertises its Products[2] as "100% Natural," "100% All Natural," and "All Natural" when in reality the Products contain at least one of the following ingredients that are not natural: added coloring,

---

[1] Defendant filed a request for judicial notice in connection with the motion to dismiss but subsequently withdrew the request. (Reply at 10.) The Court did not consider the request for judicial notice in resolving Defendant's motion.

[2] Plaintiff challenges the labeling on the following products: AriZona Kiwi Strawberry Fruit Juice Cocktail, Lemonade Fruit Juice Cocktail, Mucho Mango Fruit Juice Cocktail, Iced Tea with Peach Flavor, Arnold Palmer Half & Half Iced Tea Lemonade, Golden Bear Strawberry Lemonade, RX Energy Herbal Tonic, Green Tea with Ginseng and Honey, Diet Peach Iced Tea, Diet Raspberry Iced Tea, Diet Lemon Iced Tea, Orangeade, Grapeade, and Lemonade Drink Mix (collectively, the "Products"). (FAC ¶ 9.)

(beta carotene, fruit and vegetable juices, and annatto); ascorbic acid, high fructose corn syrup ("HFCS"); malic acid; erythritol; and natural flavors. (FAC ¶ 9; *see id.* ¶¶ 75-100.) Plaintiff alleges that the added coloring agents, ascorbic acid, HFCS, malic acid, erythritol, and natural flavors render the "all natural" label claims false and misleading. (*Id.* ¶ 72.)

Plaintiff purchased the Mucho Mango Fruit Juice Cocktail Product from a Foods Co. in San Francisco, CA on several occasions beginning in 2017. (*Id.* ¶ 55.) Plaintiff alleges he relied upon the labeling and advertising on the Product's label in deciding to make his purchase, and he would not have purchased the Product if he had known Defendant's "natural" representations were false and misleading. (*Id.*) Plaintiff alleges a desire to purchase the Products again in the future if the "all natural" representations were true but that he will be unable to rely on the labeling absent the relief he seeks here. (*Id.*)

Plaintiff brings claims for violations of California Consumers Legal Remedies Act, Cal. Civ. Code sections 1750, *et seq.* ("CLRA"), California's False Advertising Law, Bus. & Prof. Code sections 17500, *et seq.* ("FAL"), California's Unfair Competition Law, Bus. & Prof. Code sections 17200 *et seq.* ("UCL"), breach of express warranty, and unjust enrichment.

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

**A.     Applicable Legal Standard.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. A court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Pursuant to *Twombly*, a plaintiff cannot merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A

2

1  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
2  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,
3  556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not
4  akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant
5  has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

6  If the allegations are insufficient to state a claim, a court should grant leave to amend
7  unless amendment would be futile. *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th
8  Cir. 1990); *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv. Inc.*, 911 F.2d 242, 246-
9  47 (9th Cir. 1990).

**B. The Court Grants, In Part, and Denies, In Part, the Motion to Dismiss.**

**1. Preemption**

Plaintiff alleges the "All Natural," "100% Natural," and "100% All Natural" labels on Defendant's Products are false and misleading because the Products contain various artificial and synthetic ingredients. Defendant argues that Plaintiff's claims based on natural flavors and artificial colors are expressly preempted by the FDCA. The National Labeling and Education Act ("NLEA") "expressly preempts 'any requirement for the labeling of food of the type required by' various labeling provisions that is not identical to those requirements." *Allen v. ConAgra Foods, Inc.*, No. 13-cv-01279-JST, 2013 WL 473721, at *3 (N.D. Cal. Sept. 3, 2013) (citing 21 U.S.C. § 343-1(a)(2)-(5)). "Consumer protection laws (such as the UCL) are preempted if they seek to impose requirements that contravene the requirements set forth by federal law." *Astiana v. Ben & Jerry's Homemade, Inc.*, No. 10-4387, 2011 WL 2111796, at *8 (N.D. Cal. May 26, 2011).

Plaintiff's claims are not preempted. Contrary to Defendant's argument, Plaintiff is not challenging the use of term "natural flavors" nor do Plaintiff's challenge any label claims related to artificial colors. Rather, Plaintiff alleges that the "All Natural," "100% Natural," and "100% All Natural" label claims are false and misleading under California consumer protection laws and common law because, in part, they contain artificial and synthetic ingredients, including natural flavors and artificial colors. Courts in this district have long "rejected the idea that unfair competition claims based on 'natural' type labels are expressly preempted by FDA regulations."

3

1   *Pratt v. Whole Foods Mkt. Cal., Inc.*, No. 5:12-cv-05652-EJD, 2014 2014 WL 1324288, at *6
2   (N.D. Cal. Mar. 31, 2014) (collecting cases).

3       The cases Defendant relies upon are inapposite. Defendant cites to *Hairston v. South
4   Beach Beverage Co., Inc.*, No. CV 12-1429-JFW DTBX, 2012 WL 1893818 (C.D. Cal. May 18,
5   2012) as support for the contention that the "All Natural" claims are preempted, but Defendant's
6   reliance on *Hairston* is misplaced. The plaintiff in that case challenged three label claims as false
7   and misleading: (1) "all natural with vitamins" because the product contained synthetic
8   ingredients; (2) the product's use of fruits to name its flavors were misleading because the
9   products did not contain any of those fruits; and (2) the use of "common vitamin name[s]" was
10  misleading because the vitamins used were synthetic. *Hairston*, 2012 WL 1893818, at *1. The
11  defendants argued the second and third claims—fruit name and vitamin name claims—were
12  preempted, and the court agreed. *Id.*, at *3. The court did not, however, hold that the plaintiff's
13  "all natural" claims were preempted. *Id.* Here, Plaintiff's challenge to Defendant's labels is a
14  standalone "all natural" claim, and thus, the district court's decision in *Hairston* with regard to the
15  preemption of the fruit name and vitamin claims is not germane to this dispute.

16      Defendant's reliance on *Ries v. Hornell Brewing Co.*, No. 5:10-cv-01139-JF/PSG, 2011
17  WL 1299286 (N.D. Cal. Apr. 4, 2011) is similarly misplaced. In *Ries*, the plaintiffs pursued
18  claims against the defendants' labeling based on "all natural" claims, but the plaintiffs also alleged
19  that certain of defendants' products were falsely labeled because the product names referred to
20  fruit, even though the products did not contain the listed fruit. 2011 WL 1299286, at *1. The
21  court concluded the plaintiff's "all natural" claim was not preempted, but it did find that the fruit
22  name claims were preempted. *Id.* at *4. Thus, as with *Hairston*, Defendant's reliance on *Ries* is
23  not helpful because that case also rejected the defendants' preemption argument with regard to the
24  "all natural" claim.

25      The Court finds Plaintiff's "all natural" claims are not expressly preempted and DENIES
26  Defendant's motion to dismiss on this basis.

27      **2.     Reasonable consumer standard**
28      Defendant argues that Plaintiff's consumer protection claims fail because he has not

4

plausibly alleged that reasonable consumers would interpret the terms "All Natural," "100% Natural," and "100% All Natural" as representations that the Products contain no non-natural, synthetic, artificial, or highly processed ingredients.

To state a claim under the FAL, CLRA, UCL, Plaintiff must allege facts satisfying the "reasonable consumer" standard, *i.e.*, that members of the public are likely to be deceived. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); *see Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (citing *Oswego Laborers Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995)).

> "Likely to deceive" implies more than a mere possibility that the advertisement might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner. Rather, the phrase indicates that the ad is such that it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.

*Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003); *accord Fink*, 714 F.3d at 741 (plaintiff must show "deceptive advertisements were likely to mislead a reasonable consumer acting reasonably under the circumstances").

Whether a business practice is deceptive is an issue of fact not generally appropriate for decision on a motion to dismiss. *See, e.g.*, *Williams*, 552 F.3d at 938-39 (citing *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007)). However, courts have granted motions to dismiss under the UCL and similar statutes on the basis that the alleged misrepresentations were not false, misleading, or deceptive as a matter of law. *See, e.g.*, *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 996 F. Supp. 2d 942, 989 (S.D. Cal. 2014); *Freeman v. Time, Inc.*, 68 F.3d 285, 290 (9th Cir. 1995) (holding that reading flyer as a whole dispelled plaintiff's allegation that a particular statement was deceptive).

Here, Plaintiff alleges that Defendant's use of the phrases "100% Natural," "All Natural," and "100% All Natural" on the Products' labels leads reasonable consumers to believe that the Products contain no synthetic, artificial, processed, or otherwise unnatural ingredients. Plaintiff has plausibly alleged that these representations are false because the Products actually contain color additives, artificial ingredients, or other processed and unnatural ingredients. Plaintiff's

5

allegations are sufficient to establish that a reasonable consumer could plausibly conclude that a beverage labeled as "All Natural" should not include color additives, ascorbic acid, HFCS, malic acid, erythritol, or natural flavors.

Numerous courts in the Ninth Circuit have found it plausible that a reasonable consumer could understand similar "natural" label claims, including "100% natural," "natural," and "naturally-sourced," to mean that a product does not contain any non-natural ingredients. *See Gasser v. Kiss My Face, LLC*, No. 17-CV-01675-JSC, 2017 WL 4773426, at *5 (N.D. Cal. Oct. 23, 2017) ("It is now well established in the Ninth Circuit that for purposes of a motion to dismiss a reasonable consumer could understand the statements "100% natural" or "all natural" or "natural" together with other terms implying "all natural" to mean that a product does not contain any non-natural ingredients."); *Williams*, 552 F.3d at 938-939 ("the statement that Fruit Juice Snacks was made with 'fruit juice and other all natural ingredients' could easily be interpreted by consumers as a claim that all the ingredients in the product were natural"); *Balser v. Hain Celestial Group, Inc.*, 640 Fed. App'x 694 (9th Cir. 2016) ("the statements that the products were 'natural' and '100% vegetarian' could be taken as a claim that no synthetic chemicals were in the products, a claim the complaint alleges, in detail, is false").

Defendant further argues that Plaintiff fails to satisfy the reasonable consumer standard because Plaintiff has not sufficiently alleged how the HCFS in Defendant's Products is made and has not sufficiently alleged a connection between unnatural HCFS manufacturing processes generally and the HFCS used in Defendant's Products. The Court finds this argument unpersuasive. Plaintiff has sufficiently alleged that HFCS is a synthetic ingredient that is present in Defendant's Products and that a reasonable consumer would find the "All Natural" label on the Products deceptive based on the presence of HFCS. Defendant's reliance on *Robie* and *Tarzian* is unhelpful because those cases dealt with flavors and ingredients that were not capable of being produced naturally. *See Robie v. Trader Joe's Co.*, No. 20-cv-07355-JSW, 2021 WL 2548960, at *5 (N.D. Cal. June 14, 2021) (noting that "[m]ultiple courts have determined that vanillin may be either artificial or natural depending on their derivation" and concluding plaintiff failed to allege that the vanillin in the product came from artificial rather than natural sources); *Tarzian v. Kraft*

6

*Heinz Foods Co.*, No. 18 C 7148, 2019 WL 5064732, at *1 (N.D. Ill. Oct. 9, 2019) (finding plaintiffs' allegations did not sufficiently link the allegedly artificial citric acid to the actual citric acid used by defendant where plaintiffs alleged that citric acid could be produced through a natural fermentation process as well as industrial fermentation). Here, in contrast, Plaintiff alleges that HCFS is a synthetic compound; there is nothing in the record to suggest that it is naturally occurring.

The Court concludes Plaintiff has plausibly alleged that a reasonable consumer would be deceived by the "All Natural" representations on the Products' labels, and it DENIES Defendant's motion on this basis.

### 3. Products not purchased

Defendant argues that Plaintiff lacks statutory standing to pursue claims as to products he did not purchase. Plaintiff alleges he purchased the Mucho Mango Fruit Juice Cocktail, which does not contain two of the challenged artificial ingredients, erythritol and malic acid. (FAC ¶¶ 14, 55.) Defendant argues that Plaintiff has failed to allege that the Mucho Mango Fruit Juice Cocktail is substantially similar to the other Products, and thus, he lacks standing to pursue claims as to products containing erythritol (Diet Peach, Diet Raspberry, Diet Lemon) and products containing malic acid (Pineapple Fruit Juice Cocktail).

In the Ninth Circuit, "[t]here is no controlling authority on whether Plaintiffs have standing for products they did not purchase," *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012). "The majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Id.* at 869; *see also Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1082-83 (N.D. Cal. 2014) ("Courts in this district have adopted three diverging approaches for analyzing standing to pursue claims for nonpurchased products."). In determining whether products are substantially similar, "[c]ourts look to a series of factors including whether the challenged products are of the same kind, comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Figy*, 67 F. Supp. 3d at 1083. Courts have

7

previously found that diverse products bearing similar labels may be considered "substantially similar." *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-CV-00413-TSH, 2021 WL 1788397, at *4 (N.D. Cal. May 5, 2021) (collecting cases). If the products are sufficiently similar, "any concerns regarding material differences in the products can be addressed at the class certification stage." *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012).

In *Anderson v. Jamba Juice Co.*, the court held that the plaintiff, who purchased several flavors of at-home smoothie kits labeled "All Natural," had standing to bring claims on behalf of purchasers of other flavors because the products were sufficiently similar and because the "same alleged misrepresentation was on all of the smoothie kit[s] regardless of flavor…" 888 F.Supp.2d at 1006. Similarly, in *Astiana v. Dreyer's Grand Ice Cream, Inc.*, the court found sufficient similarity where the plaintiffs challenged:

> the same kind of food products (*i.e.*, ice cream) as well as the same labels for all of the products—*i.e.*, "All Natural Flavors" for the Dreyer's/Edy's products and "All Natural Ice Cream" for the Haagen-Dazs products. That the different ice creams may ultimately have different ingredients is not dispositive as Plaintiffs are challenging the same basic mislabeling practice across different product flavors.

No C-11-2910 EMC, 2012 WL 2990766, at *13 (N.D. Cal. July 20, 2012).

The Court finds *Anderson* and *Astiana* instructive. Here, Plaintiff challenges the same kind of product—beverages—and similar label representations on each Product—"All Natural," "100% Natural," and "100% All Natural." As alleged, the challenged representations are very similar and are alleged to have caused the same injury. Although the Diet Tea Products and the Pineapple Fruit Juice Cocktail have certain ingredients that are not present in the other Products, all the Products share some common ingredients. *See Bohac v. Gen. Mills, Inc.*, No. 12-cv-05280-WHO, 2014 WL 126848, at *12 (N.D. Cal. Mar. 26, 2014) (differences in ingredients and labeling on products did not render the products sufficiently dissimilar to defeat standing where the products contained similar "natural" representations and the challenged harm was the same).

On this basis, the Court DENIES Defendant's motion to dismiss Plaintiff's claims as to the Diet Tea Products and the Pineapple Fruit Juice Cocktail.

8

### 4. Inadequate remedy at law

Defendant moves to dismiss Plaintiff's claims for equitable relief on the basis that he has an adequate remedy at law. It is well-established that claims for relief under the FAL and the UCL are limited to restitution and injunctive relief. *See, e.g., Korea Supply Co. v. Lockheed Martin*, 29 Cal. 4th 1134, 1146-49 (2003). In contrast, the CLRA provides for equitable relief and for damages. In *Sonner v. Premier Nutrition, Inc.*, the Ninth Circuit held "that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." 971 F.3d 834, 843-44 (9th Cir. 2020). There, the plaintiff dropped her claims for damages shortly before trial. Because the plaintiff failed to allege an adequate legal remedy in her complaint and conceded her claim for restitution was the same amount of money she had been seeking in damages, the court determined she failed to state a claim for relief. "*Sonner* fails to explain how the same amount of money for the exact same harm is inadequate or incomplete[.]" *Id.* at 844.

All of Plaintiff's claims are based on the same underlying facts and legal theory—that Defendant misleading labels the Products as "all natural" when they are not. In the FAC, Plaintiff alleges he lacks an adequate remedy at law with regard to his claims under the FAL and UCL because the scope of permissible plaintiffs and claims is broader under some statutes than others, no expert discovery has been completed, and the applicable statute of limitations differs for some of his claims. Plaintiff does not suggest that he seeks a different amount in damages than in restitution.

The Court has considered similar arguments in other cases and does not find them persuasive. The Court concludes the "allegations do not establish that the damages [Plaintiff] seeks are necessarily inadequate or incomplete." *Hanscom v. Reynolds Consumer Prods.*, No. 21-cv-3434-JSW, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022); *see also Norman v. Gerber Prod. Co.*, No. 21-CV-09940-JSW, 2023 WL 2633220, at *2 (N.D. Cal. Mar. 24, 2023); *Moran v. Bondi Sands (USA) Inc.*, No. 21-CV-07961-JSW, 2022 WL 1288984, at *6 (N.D. Cal. Apr. 29, 2022).

Accordingly, the Court concludes Plaintiff fails to allege that he lacks an adequate monetary remedy at law, and the Court GRANTS Defendant's motion to dismiss claims for equitable restitution on this basis. Because the Court cannot conclude it would be futile, it GRANTS Plaintiff leave to amend.

In addition to seeking restitution, Plaintiff seeks prospective injunctive relief. In *Ziegler v. WellPet LLC*, the court reasoned that damages for past harm were not an adequate remedy for prospective harm caused by alleged false advertising because damages "would [not] ensure that [the plaintiff] (and other consumers) can rely on WellPet's representations in the future." 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021); *see also Adams v. Cole Haan, LLC*, No. SACV 20-913 JVS (DFMx), 2021 WL 4907248, at *2-*4 (C.D. Cal. Mar. 1, 2021) (finding monetary damages "would not necessarily be sufficient to remedy" harm from alleged false advertising); *Brooks v. Thomson Reuters Corp.*, No. 21-CV-01418-EMC, 2021 WL 3621837, at *11 (N.D. Cal. Aug. 16, 2021) (declining to apply *Sonner* to bar UCL claims for prospective injunctive relief because "the prospect of paying damages is sometimes insufficient to deter a defendant from engaging in an alleged unlawful, unfair, or fraudulent business practice"). The Court concludes that Plaintiff's claims for monetary relief would not necessarily redress prospective harm and DENIES the motion to dismiss on this basis.

### 5. Unjust enrichment

Defendant argues that Plaintiff's claim for unjust enrichment should be dismissed because it is based on the same alleged conduct as his consumer deception and other statutory claims. As discussed above, Plaintiff has plausibly alleged his consumer deception claims, and thus, this is not a basis for dismissal of his claim for unjust enrichment. *See Maisel v. S.C. Johnson & Son, Inc.,* No. 21-CV-00413-TSH, 2021 WL 1788397, at *12 (N.D. Cal. May 5, 2021) (collecting cases and denying motion to dismiss unjust enrichment claim where plaintiff sufficiently pled consumer fraud claims); *Sultanis v. Champion Petfoods USA Inc.*, No. 21-cv-00162-EMC, 2021 WL 3373934, at *14 (N.D. Cal. Aug. 3, 201) (denying motion to dismiss unjust enrichment claim "because it is predicated on the same unavailing arguments that the [] statement is neither false nor misleading under the CLRA, FAL, or UCL.").

However, Plaintiff's claim for unjust enrichment also seeks equitable restitution. As discussed above, Plaintiff fails to demonstrate that he lacks an adequate remedy at law for his restitution claim. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for unjust enrichment.

### 6. Rule 9(b)

Defendant does not challenge Plaintiff's label claims under Rule 9(b). However, Defendant argues that to the extent Plaintiff is pursuing claims based on misrepresentations in advertisements separate from the label claims, those claims fail to satisfy Rule 9(b)'s particularity requirements. It does not appear that Plaintiff is pursuing claims based on advertisements separate from the label representations identified above, but to the extent he is, the Court finds Plaintiff has failed to satisfy Rule 9(b)'s particularity requirements, and it GRANTS Defendant's motion on this basis.

### 7. CLRA pre-suit notice

Defendant moves to dismiss Plaintiff's claim for damages under the CLRA for failure to provide 30 days' notice as required by Cal. Civ. Code section 1782 (a). The CLRA requires plaintiffs to provide notice of a damages claim to the defendant "thirty days or more prior to the commencement of an action for damages." Cal. Civ. Code § 1782(a.).

Here, Plaintiff served a CLRA notice letter on Defendant on December 12, 2022. (FAC ¶ 54.) On December 23, 2022, Plaintiff filed the original complaint, in which he sought injunctive relief under the CLRA and advised Defendant of his intent to amend to pursue damages under the CLRA once thirty days had elapsed. (Compl. ¶ 37 n.4.) Plaintiff filed the FAC, which seeks damages and restitution under the CLRA in addition to injunctive relief, on March 10, 2023, after more than 30 days had elapsed since Plaintiff sent the demand letter. The Court concludes the CLRA notice requirement has been satisfied, and accordingly, DENIES Defendant's motion to dismiss Plaintiff's CLRA damages claim for lack of notice.

### 8. Punitive damages

Defendant also moves to dismiss Plaintiff's request for punitive damages on the basis that such relief is unavailable under the FAL and UCL. Punitive damages are not available under the

11

UCL or FAL. *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020). Thus, to the extent Plaintiff seeks punitive damages under the UCL or FAL, the motion is GRANTED, and those claims are dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, and DENIES, IN PART, Defendant's motion to dismiss. Should Plaintiff choose to amend the allegations regarding equitable relief and the adequacy of his remedy at law, the Court GRANTS Plaintiff until July 17, 2023, to file a second amended complaint.

**IT IS SO ORDERED.**

Dated: June 16, 2023

_____
JEFFREY S. WHITE
United States District Judge