STEVENS & LEE
Robert P. Donovan (*pro hac vice*)
robert.donovan@stevenslee.com
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (610) 371-7938

WILLENKEN LLP
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
Kirby Hsu (Bar No. 312535)
khsu@willenken.com
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Attorneys for Defendant,
ARIZONA BEVERAGES USA LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>Defendant. | CASE NO. 4:22-cv-09108-JSW<br><br>DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT OR TO STAY OR TO TRANSFER ACTION UNDER FIRST TO FILE RULE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>JUDGE: HON. JEFFREY S. WHITE<br>CTRM: 5<br>DATE: OCTOBER 6, 2023<br>TIME: 9:00 am |

**TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 6, 2023, at 9:00 am, or as soon thereafter as the matter may be heard, before the Honorable Jeffrey S. White, United States District Judge, at the Oakland Courthouse, 1301 Clay Street, Oakland, California, defendant, Arizona Beverages

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, STAY OR TRANSFER ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

08/31/2023 SL1 1946089v1 115260.00012

USA, LLC ("Defendant"), will and hereby does move to dismiss Plaintiff's first amended complaint, or to stay or to transfer this action to the United States District Court for the Eastern District of Missouri, pursuant to the first-to-file rule.

This motion is based upon this motion, the accompanying memorandum of points and authorities, the request for judicial notice submitted herewith, the record in this action, and all matters in which the Court may take notice and any arguments presented at the time of hearing.

Dated:  August 31, 2023

/s/ Robert P. Donovan
ROBERT P. DONOVAN

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
Facsimile:  (201) 857-6761
robert.donovan@stevenslee.com

*Attorneys for Defendant*
*Arizona Beverages USA, LLC*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, STAY OR TRANSFER ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

08/31/2023 SL1 1946089v1 115260.00012

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii

I.   SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED ...................... 1

II.  PROCEDURAL HISTORY .................................................................................................. 1

III. ARGUMENTS AND AUTHORITIES ................................................................................. 2

    1.   The First-to File Rule Authorizes Dismissal, Stay or Transfer ............................... 2

        (a)   Chronology of the Brunts Action ................................................................ 3

        (b)   Substantial Similarity of the Parties in the Brunts Action .......................... 3

        (c)   Substantial Similarity of the Issues in the Brunts Action ........................... 5

CONCLUSION ................................................................................................................................ 6

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ........................................................................................2

*Apple Inc v. Pystar Corp.*,
    658 F.3d 1150 (9th Cir. 2011) ......................................................................................2

*Brown v. Mars Wrigley Confectionery US, LLC*,
    2021 WL 4499228 (N.D. Cal. Apr. 13, 2021) ..........................................................3, 5

*Cadenasso v. Metropolitan Life Insurance Company*,
    2014 WL 1510853 (N.D. Cal. April 15, 2014) .........................................................4, 5

*Clardy v. Pinnacle Foods Grp., LLC*,
    2017 WL 57310 (N.D. Cal. Jan. 5, 2017) ......................................................................2

*Hoyt v. Amazon.com, Inc.*,
    2019 WL 1411222 (N.D. Cal. Mar. 28, 2019) ..............................................................3

*Hughes v. the Ester C Company*,
    330 F.Supp.3d 862 (E.D. N.Y. 2018) ............................................................................6

*Koehler v Pepperidge Farm, Inc.*,
    2013 WL 4806895 (N.D. Cal. Sept. 9, 2013) ...............................................................3

*Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*,
    787 F.3d 1237 (9th Cir. 2015) ......................................................................................2

*Pacesetter Sys. Inc. v. Medtronic, Inc.*,
    678 F2d 93 (9th Cir. 1982) ...........................................................................................2

*Ruff v. Del Monte Corp.*,
    2013 WL 1435230 (N.D. Cal. April 9, 2013) ...............................................................4

*Silva v. First Transit, Inc.*,
    2021 WL 2213203 (N.D. Cal. Mar. 1, 2021) ................................................................2

*SMIC, Americas v. Innovative Foundry Techs. LLC*,
    473 F. Supp. 3d 1021 (N.D. Cal. 2020) ........................................................................3

*Wong v. Old Lyme Gourmet Co.*,
    2021 WL 5909209 (N.D. Cal. Mar. 22, 2021) ..............................................................2

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, STAY OR TRANSFER ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

ii

08/31/2023 SL1 1946089v1 115260.00012

*Worthington v. Bayer Healthcare, LLC*, 2012 WL 1079716 (D.N.J. Mar. 30, 2012) ...........................................................................................................................5

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, STAY OR TRANSFER ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

iii

08/31/2023 SL1 1946089v1 115260.00012

## I. SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED

Defendant, Arizona Beverages USA LLC ("Defendant" or, at times, "ABUSA"), submits the within memorandum of law in support of its motion to dismiss the first amended complaint (ECF No. 29, "FAC"), or otherwise to stay or to transfer this action filed by plaintiff, Thomas Iglesias ("Plaintiff"), pursuant to the first to file rule. As is set forth more fully below, just grounds exist to grant the motion because:

- Due to the previously filed putative class action, *Brunts v. Hornell Brewing Co., Inc., Arizona Beverages USA LLC, et al*, No. 4:22-cv-00648-HEA, pending in the United States District Court for the Eastern District of Missouri ("the Brunts Action"), that concerns substantially similar parties, issues and claims, that are the subject of the suit here, the first-to-file rule authorizes dismissal, stay or transfer of this action to the Federal Court where the Brunts Action is pending.

## II. PROCEDURAL HISTORY

Plaintiff filed this action on December 23, 2022. (ECF No. 1). On February 24, 2023, Defendant filed a motion to dismiss and to stay this action based upon, *inter alia*, the first to file rule. (ECF No. 26). At that time, plaintiff in the Brunts Action sued Hornell Brewing Co., Inc. ("Hornell"), not ABUSA. (*Id.*, ECF No. 26-1, Ex. B).

On March 10, 2023, Plaintiff filed the first amended complaint ("FAC"). (ECF No. 29). The Court denied the Defendant's then pending motion to dismiss as moot due to the filing of the FAC. (ECF No. 30). Defendant filed a motion to dismiss the FAC on April 14, 2023. (ECF No. 34). On June 16, 2023, this Court granted Defendant's motion to dismiss, in part, and denied it, in part, with leave to amend. (ECF No. 47). Plaintiff did not amend the FAC. (ECF No. 49). Defendant filed an answer to the FAC on July 28, 2023 (ECF No. 50).

On August 16, 2023, plaintiff in the Brunts Action filed a third amended complaint ("Brunts TAC") whereby that plaintiff sues, *inter alia*, ABUSA, seeks an order certifying the action as a nationwide class, and asserts other state subclasses. (*See* ABUSA's Request for Judicial Notice ("RJN"), filed herewith, Ex. B, Brunts TAC, at p. 1, ¶¶ 3, 15 and "Prayer for Relief" at

p. 34). Counsel in this action also serves as co-counsel in the Brunts Action. (*Id.*, p. 35; and RJN, Ex. C, Brunts ECF No. 46).

As set forth below, many of the claims and allegations asserted in both this action and in the Brunts Action are virtually identical. In the interest of judicial efficiency and to prevent the risk of inconsistent decisions arising from two Federal Courts adjudicating the same issues involving substantially similar parties, Defendant respectfully seeks a dismissal, stay or transfer of this action to United States District Court for the Eastern District of Missouri.

### III. ARGUMENTS AND AUTHORITIES

**1.    The First-to-File Rule Authorizes Dismissal, Stay or Transfer**

The first-to-file rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). The rule is a "doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Apple Inc v. Pystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011) (quoting *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F2d 93, 94-95 (9th Cir. 1982)). Three factors are considered when deciding whether to apply the rule: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The rule is intended to "promot[e] efficiency well and should not be disregarded lightly." *Id.* at 1239 (citing *Alltrade, Inc.*, 946 F.2d at 625). Judges are given "ample discretion in deciding whether to apply the first-to-file rule." *Silva v. First Transit, Inc.*, No. 20-CV-02285-JSW, 2021 WL 2213203, at *2 (N.D. Cal. Mar. 1, 2021).

When the relevant factors weigh in favor of applying the first-to-file rule, courts often stay, dismiss or transfer the later-filed action. *See Wong v. Old Lyme Gourmet Co.*, No. 20-CV-07095-WHO, 2021 WL 5909209, at *6 (N.D. Cal. Mar. 22, 2021) (granting motion to stay putative class action based on first-to-file rule); *Silva*, 2021 WL 2213203, at *5 (dismissing putative class action based on first-to-file rule); *Clardy v. Pinnacle Foods Grp., LLC*,

No. 16-CV-04385-JST, 2017 WL 57310, at *4 (N.D. Cal. Jan. 5, 2017) (granting motion to stay putative class action based on first-to-file rule until class in first-filed action is certified and the scope of the classes can be compared); *Brown v. Mars Wrigley Confectionery US, LLC*, No. 20-CV-08292-JST, 2021 WL 4499228, at *2 (N.D. Cal. Apr. 13, 2021) (transferring action based upon first-to-file rule).

(a) **Chronology of the Brunts Action** – The Brunts Action was filed on April 8, 2022 in the St. Louis County Circuit Court for the State of Missouri and was removed to the United States District Court for the Eastern District of Missouri on June 17, 2022. (RJN, Ex. A, p. 1; *see Id.*, Brunts' State Court complaint attached as Ex. A to Notice of Removal). That April 8, 2022 filing date governs for purposes of determining the chronology of the actions under the first-to-file rule. *See SMIC, Americas v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1025 (N.D. Cal. 2020) (The "filing of a complaint triggers the first-filed rule regardless of whether the plaintiff later amends the complaint[,]" and "[b]ecause the original complaint in the Texas Litigation ... preceded the filing of this complaint…by three months, the Texas Litigation is the first-filed action."). "Most district courts have found the filing date of the removed state court action to be the relevant date for determining the chronology of the actions." *Silva v. First Transit, Inc.*, No. 20-CV-02285-JSW, 2021 WL 2213203, at *2 (N.D. Cal. Mar. 1, 2021); *see also Hoyt v. Amazon.com, Inc.*, No. 19-CV-00218-JSC, 2019 WL 1411222, at *3 n.3 (N.D. Cal. Mar. 28, 2019) ("For purposes of the first-to-file rule involving actions removed from state court, courts in this district consider the timing of the filing of the state court action, not the date of removal.") (citation omitted).

Because the Brunts Action was filed more than 8 months before the instant matter, the factor of chronology weighs in favor of applying the first-to-file rule.

(b) **Substantial Similarity of the Parties in the Brunts Action** – "Courts have held that the first to file rule does not require strict identity of the parties, but rather substantial similarity." *Koehler v Pepperidge Farm, Inc.*, No. 13-cv-02644-YGR, 2013 WL 4806895, at *3 (N.D. Cal. Sept. 9, 2013) (inner quotations and citations omitted). In that regard, "[c]ourts in the

Ninth District have adopted a flexible approach in evaluating the similarity if the parties in a 'first-to-file' rule analysis." *Cadenasso v. Metropolitan Life Insurance Company*, No. 13-cv-05491-JST, 2014 WL 1510853, at *10 (N.D. Cal. April 15, 2014) (citations omitted). The rule is satisfied if "some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Id.* As to evaluating the plaintiffs in both actions, "Northern District courts . . . have applied what appears to be the more widely accepted rule of comparing the putative classes even prior to certification." *Koehler*, 2013 WL 4806895 at * 4 (citing to *Ruff v. Del Monte Corp.*, No. C 12-05251-JSW, 2013 WL 1435230, at *3 (N.D. Cal. April 9, 2013) (finding substantial similarity among three putative class actions related to product labeling)).

In the Brunts Action, the plaintiff there sues ABUSA, Hornell, and DOES 1 through 10. (RJN, Ex. B, Brunts TAC). Hence, one of the defendants, in both actions (i.e. ABUSA), is the same. With respect to putative classes, in the Brunts Action, plaintiff asserts a claim for relief seeking "an order certifying this action as a Nationwide Class". (*Id.*, "Prayer for Relief", at p. 34). Plaintiff here seeks to represent a class of purchasers of the same products that are the subject of the Brunts Action, in California, and hence is part of the nationwide putative class pled in the Brunts Action. (*Compare* ECF No. 29, ¶¶ 9, 118 and figures 1-10, 14 in the FAC *with* RJN, Ex. B, Brunts TAC, ¶¶ 21 and 22).

Plaintiff in Brunts also alleges bringing the action on behalf of a "putative class of Missouri residents" and "residents from particular states" concerning a "Consumer Protection Subclass". (RJN, Ex. B, Brunts TAC, ¶ 3). However, "Consumer Protection Subclass" is defined to include purchasers of products "while in" Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington, and Connecticut. (RJN, Ex. B, Brunts TAC, ¶¶ 3, 15, fn. 3). That multi-state subclass potentially overlaps with the proposed California class asserted here because the Brunts TAC does not exclude purchasers of Defendant's products in California from being a Brunts subclass member in the event that same consumer also purchased those products in any of the states defined in the Consumer Protection Subclass. (RJN, Ex. B, Brunts TAC, ¶ 15, fn. 3, and

"Prayer For Relief," at p. 34). Because the state classes pled here and in Brunts are not mutually exclusive and, given the flexible approach to be undertaken in a first-to-file rule analysis, the Consumer Protection Subclass pled in the Brunts Action offers further basis for finding that the parties are substantially similar. *See Cadenasso,* 2014 WL 1510853 at *10 (finding first-to-file rule applied despite geographic dissimilarity between the classes).

Given the substantially similar parties, including the overlapping classes, and the same defendant being sued (i.e. ABUSA), this factor weighs in favor of applying the first-to-file rule.

(c) **Substantial Similarity of the Issues in the Brunts Action** – It is not necessary for the claims in the Brunts Action to seek to enforce California law to support a finding of a similarity of issues. *See Brown,* 2021 WL 4499228, at *2 ("[f]inding an insubstantial overlap because of the fact that the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule.") (quoting *Worthington v. Bayer Healthcare, LLC,* Civ. Action No. 11-2793 (ES), 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012)). When resolution of the claims in both cases will turn on the same central question, a court may find that the actions involve substantially similar issues. *See Cadenasso,* 2014 WL 1510853 at *10.

The issues in the Brunts Action are virtually identical to many of the issues to be decided in this action. Plaintiff here asserts that Defendants' products (17 in total) that contain colors (i.e., beta carotene, fruit and vegetable juices, annatto, or vegetable juice), ascorbic acid, high fructose corn syrup ("HFCS"), malic acid, erythritol, and/or natural flavors, are falsely labeled "All Natural" because those ingredients are claimed artificial. (FAC, ¶ 9-36; 67-100). The Brunts TAC contains virtually the same allegations (with respect to 11 of the same 17 products), raising the same issues to be litigated. (RJN, Ex. B, Brunts TAC, ¶¶ 21-23; 33, 41-68, 104d.i-d.xi).

The present action contains several substantially similar—and often identical—allegations with those asserted in the Brunts Action. For example, Plaintiff's FAC and the TAC in the Brunts Action contain virtually identical allegations concerning color additives (*compare* FAC ¶¶ 75, 77-79 *with* RJN, Ex. B, Brunts TAC, ¶¶ 41, 43-45), ascorbic acid (*compare* FAC ¶¶ 84, 85 *with*

RJN Ex. B, Brunts TAC, ¶¶ 50, 51), high fructose corn syrup (*compare* FAC ¶ 87 *with* RJN, Ex. B, Brunts TAC, ¶ 53), malic acid (*compare* FAC ¶¶ 90-93 *with* RJN, Ex. B, Brunts TAC, ¶¶ 56-59), erythritol (*compare* FAC ¶¶ 94-96 *with* RJN, Ex. B, Brunts TAC, ¶¶ 60-62), and as to how reasonable consumers are allegedly misled (*compare* FAC ¶ 103 *with* RJN, Ex. B, Brunts TAC, ¶ 71).

Additionally, as observed in *Hughes v. the Ester C Company*, 330 F. Supp. 3d 862, 870 (E.D.N.Y. 2018), claims for false advertising and misrepresentation under Missouri and California law are substantially similar in terms of proofs necessary to set forth a claim. *See id.* (stating that "[t]he elements of Plaintiffs' false advertising and misrepresentation claims under Missouri and California law substantially overlap."). Plaintiffs in both actions also seek injunctive relief. (ECF No. 29, ¶¶ 147, 150a(1)-(4), 158a(1)-(4), 181 and "Prayer for Relief," ¶ C; RJN Ex. B, Brunts TAC, "Prayer for Relief", p. 35).

There remains a real prospect for conflicting court rulings, between this action and the Brunts Action, concerning identical claims that will turn on deciding the same issues whether the same ingredients, in the same products, are artificial.

## IV. CONCLUSION

There are substantially similar, and some identical, issues and claims in dispute between this matter and the Brunts Action. The parties are substantially similar. The chronology of these actions also weighs in favor of the first to file rule. Attorneys in both actions are the same. Based upon these circumstances, in the interest of federal comity, and to avoid needless costs, Defendant respectfully submits that the Brunts Action provides grounds to dismiss the FAC, to stay this action or to transfer the action to United States District Court for the Eastern District of Missouri.

Respectfully Submitted,

Dated: August 31, 2023

*/s/ Robert P. Donovan*
ROBERT P. DONOVAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (201) 857-6761
robert.donovan@stevenslee.com

*Attorneys for Defendant*

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT, STAY OR TRANSFER ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
- 7 -

08/31/2023 SL1 1946089v1 115260.00012