1   **CLARKSON LAW FIRM, P.C.**
    Ryan J. Clarkson (SBN 257074)
2   rclarkson@clarksonlawfirm.com
    Bahar Sodaify (SBN 289730)
3   bsodaify@clarksonlawfirm.com
    Alan Gudino (SBN 326738)
4   agudino@clarksonlawfirm.com
    Ryan D. Ardi (SBN 348738)
5   rardi@clarksonlawfirm.com
    22525 Pacific Coast Highway
6   Malibu, CA 90265
    Tel: (213) 788-4050
7   Fax: (213) 788-4070

8   Attorneys for Plaintiff

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11   THOMAS IGLESIAS, individually and on        Case No.: 4:22-cv-09108-JSW
     behalf of all others similarly situated,    Case Filed: December 23, 2022
12                                               FAC Filed: March 10, 2023
                        Plaintiff,
13                                               *Assigned to Hon. Jeffrey S. White*
                   v.
14                                               **PLAINTIFF'S OPPOSITION TO**
     ARIZONA BEVERAGES USA, LLC,                 **DEFENDANT'S MOTION TO**
15                                               **DISMISS PLAINTIFF'S FIRST**
                        Defendant.               **AMENDED CLASS ACTION**
16                                               **COMPLAINT OR TO STAY OR TO**
                                                 **TRANSFER ACTION**
17
                                                 [Declaration of Bahar Sodaify
18                                               concurrently filed herewith]

19                                               Hearing Information:
                                                 Date:     October 20, 2023
20                                               Time:     9:00 a.m.
                                                 Ctrm:     5 – 2nd Floor (via Zoom)
21

22

23          Plaintiff Thomas Iglesias ("Plaintiff"), individually and on behalf of all others similarly situated, by

24   and through his counsel Ryan J. Clarkson, Bahar Sodaify, Alan Gudino, and Ryan Ardi of Clarkson Law

25   Firm, P.C., hereby submits the following memorandum in opposition to Defendant Arizona Beverages USA,

26   LLC's ("Defendant" or "Arizona") Motion to Dismiss Plaintiff's First Amended Complaint or to Stay or to

27   Transfer Action Under First to File Rule (Dkt. 51).

28

# **TABLE OF CONTENTS**

**Page No.**

I.    INTRODUCTION..................................................................................................... 1

II.   PROCEDURAL BACKGROUND ........................................................................... 2

    A.   The California Hornell Action ..................................................................... 2

    B.   The Missouri Action..................................................................................... 3

    C.   This California Action................................................................................... 3

III.  LEGAL STANDARD .............................................................................................. 4

IV.   ARGUMENT............................................................................................................ 5

    A.   This Action was Effectively the First-Filed Case......................................... 5

    B.   The Differences in the Parties Undermines the First-to-File Rule ............... 6

    C.   The Divergent Legal Issues Precludes the Application of the First-to-File Rule ................... 8

    D.   The Convenience Factors Strongly Militates Against Dismissal, Transfer, or Stay............... 9

        1.   Plaintiff's Choice of Forum Merits Retaining Jurisdiction in California ................... 9

        2.   This Forum is Convenient for the Parties and Witnesses ......................... 10

        3.   Ease of Access to Evidence Favors the Current Forum.............................. 10

        4.   Familiarity with Applicable Law and Local Interest Justifies Maintaining this Forum ................... 11

        5.   Consolidation is Impracticable ................................................................. 11

        6.   This Forum's Proficiency in the Applicable Law Mitigates Congestion Concerns 12

    E.   Equity Considerations Strongly Precludes the Application of the First-to-File Rule .......... 12

    F.   Neither Transfer, Dismissal, nor Stay Serves the Interest of Judicial Economy ................... 13

        1.   A Transfer is Unwarranted and Contrary to Judicial Efficiency and Fairness ........ 13

        2.   Neither Dismissal nor Stay Advances Judicial Economy or Fairness...................... 14

V.    CONCLUSION ...................................................................................................... 15

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

**TABLE OF AUTHORITIES**

Page No.

*Activision Blizzard Inc. v. Acceleration Bay LLC*,
   2016 U.S. Dist. LEXIS 119289 (N.D. Cal. Sept. 1, 2016)...........................................................6, 9

*Adobe Sys. v. Bargain Software Shop, LLC*,
   2014 U.S. Dist. LEXIS 169710 (N.D. Cal. Dec. 8, 2014) ............................................................5, 6

*Adoma v. Univ. of Phx., Inc.*,
   711 F. Supp. 2d 1142 (E.D. Cal. 2010) .........................................................................................11

*Aids Serv. Ctr. of Lower Manhattan, Inc. v. PharmBlue LLC*,
   2014 U.S. Dist. LEXIS 104952 (S.D.N.Y. July 30, 2014) .............................................................11

*Alltrade, Inc. v. Uniweld Products, Inc.*,
   946 F.2d 622 (9th Cir. 1991) ..............................................................................................5, 12, 14

*Alul v. Am. Honda Motor Co., Inc.*,
   2016 U.S. Dist. LEXIS 169632 (N.D. Cal. Dec. 7, 2016) .................................................................9

*Ashour, et al. v. Arizona Beverages USA LLC, et al.*,
   No. 1:19-cv-07081-AT-OTW (S.D.N.Y.).........................................................................................4

*Avery v. Teksystems, Inc.*,
   2022 U.S. Dist. LEXIS 159727 (N.D. Cal. Aug. 31, 2022) ..............................................................8

*Barnes & Noble, Inc. v. LSI Corp.*,
   823 F. Supp. 2d 980 (N.D. Cal. 2011) ..............................................................................................6

*Bellone v. First Transit, Inc.*,
   2022 U.S. Dist. LEXIS 167733 (N.D. Cal. Sept. 16, 2022) ............................................................15

*Bozic v. United States Dist. Court*,
   888 F.3d 1048 (9th Cir. 2018).........................................................................................................13

*Brown v. Mars Wrigley Confectionery US, LLC*,
   2021 WL 4499228 (N.D. Cal. Apr. 13, 2021) ..................................................................................8

*Cadenasso v. Metro. Life Ins. Co.*,
   2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) ..................................................................................7

*Campbell v. Annie's Homegrown, Inc.*,
   2017 U.S. Dist. LEXIS 206808 (S.D. Cal. Dec. 15, 2017) .............................................................15

*Church of Scientology of California v. U.S. Dept. of Army*,
   611 F.2d 738 (9th Cir. 1979)...........................................................................................................12

*Clardy v. Pinnacle Foods Grp., LLC*,
   2017 WL 57310 (N.D. Cal. Jan. 5, 2017)..........................................................................................7

*Ctr. for Food Safety v. Vilsack*,
   2011 U.S. Dist. LEXIS 31688 (N.D. Cal. Mar. 17, 2011)...............................................................12

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Decker Coal Co. v. Commonwealth Edison Co.,*
    805 F.2d 834 (9th Cir. 1986) ................................................................................ 9, 10

*Duffy v. Facebook, Inc.,*
    2017 U.S. Dist. LEXIS 68510 (N.D. Cal. May 4, 2017) ......................................... 14

*Espineli v. Toyotal Motor Sales U.S.A., Inc.,*
    2018 U.S. Dist. LEXIS 54976 (E.D. Cal. Mar. 30, 2018) ...................................... 6, 7

*Gunaratna v. Dr. Dennis Gross Skincare, LLC,*
    2023 U.S. Dist. LEXIS 151704 (C.D. Cal. July 20, 2023) ..................................... 15

*Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness, Inc.,*
    179 F.R.D. 264 (C.D. Cal. 1998) ............................................................................ 12

*Halo Elecs., Inc. v. Bel Fuse Inc.,*
    2008 U.S. Dist. LEXIS 109786 (N.D. Cal. May 5, 2008) ......................................... 5

*Hawkins v. Gerber Prods. Co.,*
    924 F. Supp. 2d 1208 (S.D. Cal. 2013) ................................................................... 11

*Healy v. Wells Fargo Bank, N.A.,*
    2020 U.S. Dist. LEXIS 227461 (S.D. Cal. Dec. 3, 2020) ........................................ 14

*Heartland Payment Sys. v. Mercury Payment Sys., LLC,*
    2014 U.S. Dist. LEXIS 156221 (N.D. Cal. Nov. 4, 2014) ....................................... 11

*Hoyt v. Amazon.com, Inc.,*
    2019 U.S. Dist. LEXIS 53253 (N.D. Cal. Mar. 28, 2019) .......................................... 6

*Hughes v. Ester C Co.,*
    330 F. Supp. 3d 862 (E.D.N.Y. 2018) ....................................................................... 8

*Jumapao v. Wash. Mut. Bank,*
    2007 U.S. Dist. LEXIS 88216 (S.D. Cal. Nov. 29, 2007) ....................................... 12

*Jurek v. Piller USA, Inc.,*
    2021 U.S. Dist. LEXIS 130404 (S.D. Cal. July 13, 2021) ....................................... 10

*Koehler v. Pepperidge Farm, Inc.,*
    2013 WL 4806895, 2013 U.S. Dist. LEXIS 128440 (N.D. Cal. Sept. 9, 2013) .............. 7

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.,*
    787 F.3d 1237 (9th Cir. 2015) ............................................................................... 6, 8

*Mattero v. Costco Wholesale Corp.,*
    336 F. Supp. 3d 1109 (N.D. Cal. 2018) ..................................................................... 8

*Mazza v. Am. Honda Motor Co.,*
    666 F.3d 581 (9th Cir. 2012) ................................................................................... 15

*Metz v. U.S. Life Ins. Co. in the City of New York,*
    674 F. Supp. 2d 1141 (C.D. Cal. 2009) ................................................................... 11

*Molander v. Google LLC,*
    473 F. Supp. 3d 1013 (N.D. Cal. 2020) ................................................................... 14

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Montgomery Plaza Assocs. v. Kemp*,
   1991 U.S. Dist. LEXIS 15882 (N.D. Cal. Oct. 17, 1991) ............................................. 13

*Nicholas Brunts v. Hornell Brewing Co., Inc., and Arizona Beverages USA LLC*,
   No. No 4:22-cv-00648 (E.D. Mo.) ..................................................................................... 1

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ........................................................................................... 4, 5

*Rice-Sherman v. Big Heart Pet Brands, Inc.*,
   2020 U.S. Dist. LEXIS 46197 (N.D. Cal. Mar. 16, 2020) ............................................. 11

*Rodgers v. Stater Bros. Mkts.*,
   2017 U.S. Dist. LEXIS 79823 (S.D. Cal. May 24, 2017) ............................................... 10

*Roling v. E*Trade Sec., LLC*,
   756 F. Supp. 2d 1179 (N.D. Cal. 2010) ............................................................................. 9

*Rubio v. Monsanto Co.*,
   181 F. Supp. 3d 746 (C.D. Cal. 2016) .............................................................................. 10

*Silva v. First Transit, Inc.*,
   2021 WL 2213203 (N.D. Cal. Mar. 1, 2021) ..................................................................... 7

*SMIC v. Innovative Foundry Techs. LLC*,
   473 F. Supp. 3d 1021 (N.D. Cal. 2020) .............................................................................. 5

*Thomas Iglesias v. Hornell Brewing Co., Inc.*,
   No. 3:22-cv-01795-VC (N.D. Cal.) .................................................................................... 2

*Vester v. Werner Enterprises, Inc.*,
   2017 U.S. Dist. LEXIS 63551 (C.D. Cal. Apr. 24, 2017) ................................................. 6

*Vinotemp Int'l Corp. v. Wine Master Cellars, LLLP*,
   2012 U.S. Dist. LEXIS 196337 (C.D. Cal. Oct. 3, 2012) .................................................. 9

*Wong v. Old Lyme Gourmet Co.*,
   2021 WL 5909209 (N.D. Cal. Mar. 22, 2021) ................................................................... 7

*Young v. L'Oreal USA, Inc.*,
   526 F. Supp. 3d 700 (N.D. Cal. 2021) .......................................................................... 7, 13

**Federal Statutes**

28 U.S.C. § 1391(b) ................................................................................................................. 14

28 U.S.C. § 1404(a) ............................................................................................................... 1, 9

**Other Authorities**

*Statistical Tables for the Federal Judiciary - June 2023*, U.S. COURTS,
   https://www.uscourts.gov/statistics-reports/statistical-tables-federal-judiciary-june-2023 (Table C-5)
   (last updated June 30, 2023) ............................................................................................. 12

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

## I.   INTRODUCTION

After litigating this case for nine months, obtaining an adverse ruling on its motion to dismiss, receiving the Court's scheduling order, and engaging in discovery, Defendant now brings this motion to dismiss, transfer, or stay the action under the first-to-file rule. The motion should be denied because Defendant cannot satisfy the threshold factors necessary to invoke the first-to-file rule, namely that the purported "first-filed" case was actually first filed and that it involves the same parties and issues here. Defendant's motion fails because: (1) the timeline demonstrates that this case precedes the alleged first-filed Missouri action[1] because this case is a direct continuation of a class action filed by Plaintiff against Hornell Brewing Co., Inc. before the Missouri action; (2) Plaintiff represents a distinct California consumer class that does not overlap with any of the putative classes in the Missouri action; and (3) the issues here diverge due to California consumer protection claims not present in the Missouri action.

Even if the Court were to find that the first-to-file factors weigh in favor of its application, the convenience factors under 28 U.S.C. § 1404(a) weigh against Defendant's motion. First, Plaintiff filed this action in California to represent a California consumer class governed by California consumer protection statutes—his choice of forum should not be disturbed lightly. Second, this Court has a vested interest in enforcing its state's consumer protection laws and ensuring that its residents are not subjected to unlawful business practices. Dismissing, transferring, or staying this case would deprive this jurisdiction of its rightful role in interpreting and applying California law. Lastly, the convenience of witnesses, many of whom would be burdened by a transfer, aligns with keeping the case in this Court. Their proximity to this Court not only expedites the discovery process but also minimizes costs, serving the interests of judicial economy.

The equities likewise favor maintaining the status quo. This California class action is procedurally far more advanced than the Missouri action. The parties here are entrenched in discovery, and a case schedule has already been established. Neither is true in the Missouri action. A dismissal, transfer, or stay would not only prejudice California consumers but would also squander the resources this Court and the parties have already invested. Defendant's delay in bringing this motion suggests a tactical attempt at forum shopping, rather than a real concern for sound judicial administration. Granting Defendant's motion would severely

---

[1] *Nicholas Brunts v. Hornell Brewing Co., Inc., and Arizona Beverages USA LLC*, No 4:22-cv-00648 (E.D. Mo.) ("Missouri action").

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

prejudice Plaintiff and the California consumer class he seeks to represent, particularly given that this Court denied Defendant's attempt to dismiss claims for injunctive relief—a relief the Missouri court previously dismissed and is now under renewed attack in Defendant's motion for judgment on the pleadings.

If, after exercising its discretion, the Court nevertheless concludes that the balance of equities, fairness, and convenience favors the application of the first-to-file rule, the most appropriate course of action would be to stay rather than dismiss or transfer the case. A transfer would contravene Section 1404's requirements, as this action could not have been brought in the U.S. District Court for the Eastern District of Missouri, a consideration Defendant neglects to address in its motion. Dismissal would likewise be inappropriate as Plaintiff and the putative California class are not represented in the Missouri action and the critical remedy of injunctive relief under California law is unlikely available there. Dismissing the case now would be counterproductive to judicial economy, requiring a needless restart and wasting the parties' and this Court's time and resources. Defendant's motion should be denied in its entirety.

## II.   PROCEDURAL BACKGROUND

### A.   The California Hornell Action

On March 21, 2022, Plaintiff initiated a class action lawsuit against Hornell Brewing Co., Inc. in California (the "Hornell Action"), alleging that Hornell misleadingly labeled its AriZona beverages as "All Natural,"[2] despite containing synthetic or artificial ingredients. *See Thomas Iglesias v. Hornell Brewing Co., Inc.*, No. 3:22-cv-01795-VC (N.D. Cal.); (Declaration of Bahar Sodaify, "Sodaify Decl.," ¶ 2). The Hornell Action sought to represent a California consumer class and asserted violations of California's CLRA, UCL, FAL, breach of express warranty, and unjust enrichment. (*Id.*)

Despite fully briefing a motion to dismiss[3] and having a case schedule in place, Hornell informed Plaintiff in late December 2022 that it was not responsible for the sale and manufacture of AriZona beverages. (*Id.* ¶ 3.) Plaintiff consequently filed this case against Arizona and then voluntarily dismissed the Hornell Action without prejudice on January 6, 2023. (*Id.* ¶ 4.) Approximately two weeks later, Plaintiff filed an administrative motion, seeking to relate the Hornell Action with this case due to their substantial

---

[2] On June 23, 2022, Plaintiff filed a first amended complaint that added a claim relating to the AriZona beverages' "No Preservatives" label attribute. (Sodaify Decl. ¶ 2.)

[3] On August 1, 2022, Hornell filed a motion to dismiss the first amended complaint, invoking Rule 12 defenses that challenged the merits of the case, rather than its own standing as the correct party or the absence of an indispensable party to the litigation. (*Id.* ¶ 3.)

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

similarities. (*Id.* ¶ 5.) Presiding Judge Thompson denied the motion, not because the cases were unrelated, but because the Hornell Action had been dismissed and no substantive motions had been considered.[4] (*Id.*)

**B.    The Missouri Action**

On April 8, 2022, eighteen days *after* Plaintiff filed the Hornell Action, Nicholas Brunts initiated a class action lawsuit against Hornell in the St. Louis County Circuit Court, Missouri. (Sodaify Decl. ¶ 6; Dkt. 51-2.) The case was subsequently removed to the U.S. District Court for the Eastern District of Missouri, where it is currently pending. (Sodaify Decl. ¶ 6; Dkt. 51-4.) Brunts initially challenged the "All Natural" label representations on the AriZona beverage, asserted violations of the Missouri Merchandising Practices Act (MMPA), breach of warranty, unjust enrichment, and breach of implied contract, and sought to represent a class of Missouri residents. (Sodaify Decl. ¶ 7; Dkt. 51-2.) Brunts later filed a first amended complaint that added putative classes from Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington, and Connecticut, and incorporated claims based on each of those states' consumer protection laws. (Sodaify Decl. ¶ 7; Dkt. 51-4.)

On September 30, 2022, Hornell filed a motion to dismiss the amended complaint. (Sodaify Decl. ¶ 8; Dkt. 51-4.) The court partially granted the motion by dismissing the fraud claims for Brunts' failure to allege them with particularity. (*Id.*) It also dismissed the claims relating to products other than those Brunts allegedly purchased, as well as his request for injunctive relief. (*Id.*) Brunts subsequently filed a second amended complaint that cured the deficiencies identified in the court's order on the motion to dismiss. (Sodaify Decl. ¶ 9; Dkt. 51-4.) And on August 16, 2023, Brunts filed a third amended complaint that added Arizona as a defendant. (Sodaify Decl. ¶ 9; Dkt. 54-3.) Two weeks later, defendants Hornell and Arizona filed a motion for judgment on the pleadings, seeking to adjudicate the claims for injunctive relief, unidentified purchased products, breach of warranty, breach of implied contract, and unjust enrichment. (Sodaify Decl. ¶ 10; Dkt. 51-4.) To date, no party has engaged in discovery, no case management order has been entered, and no order setting a Rule 16 conference has been issued. (Sodaify Decl. ¶ 11; Dkt. 51-4.)

**C.    This California Action**

On December 23, 2022, Plaintiff initiated this action against Arizona, challenging the "All Natural" and "No Preservatives" labels on AriZona beverages and seeking to represent a California

---

[4] The case was dismissed before the court ruled on Hornell's motion to dismiss. (Sodaify Decl. ¶ 4.)

consumer class. (Dkt. 1.) The complaint mirrored the Hornell Action, citing violations of the CLRA, FAL, UCL, unjust enrichment, and breach of express warranty. (*Id.*; Sodaify Decl. ¶ 12.)

On February 24, 2023, Defendant filed a motion to dismiss invoking Rule 12 defenses, as well as the first-to-file rule over a case pending against it in New York[5] and the Missouri action. (Dkt. 26.) This motion was rendered moot when Plaintiff filed the First Amended Complaint (FAC), which refined the factual allegations and dropped the "No Preservatives" claim. (Dkt. 29.) Subsequently, on April 16, 2023, Defendant moved to dismiss the FAC, notably omitting a first-to-file argument despite the pendency of the Missouri action. (Dkt. 34.) Meanwhile, the parties exchanged requests for admission, requests for production, and interrogatories in May 2023. (Sodaify Decl. ¶ 14.) They filed a joint case management statement on June 2, 2023 (Dkt. 43), and the Court issued a Scheduling Order on June 5 (Dkt. 44). They filed a stipulated protective order on June 12 (Dkt. 45), which was approved by the Court the next day (Dkt. 46). And on June 16, 2023, the Court partially granted and denied Defendant's motion to dismiss FAC (Dkt. 47).

Following three extensions, Defendant served responses to the requests for admission on June 20, 2023, and responses to the requests for production and interrogatories on August 11, 2023. (Sodaify Decl. ¶ 15.) Plaintiff served his responses to all discovery requests on July 25, 2023 and issued third-party subpoenas on August 17, 2023. (*Id.*) The parties exchanged meet and confer letters and conferred on August 31, 2023 to discuss perceived deficiencies in their discovery responses, and they are currently working toward supplementing their responses. (*Id.*) The parties are also conferring over a proposed ESI protocol and search terms. (*Id.*)

## III.  LEGAL STANDARD

The first-to-file rule is a "generally recognized doctrine of federal comity" that allows a district court to decline jurisdiction "when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982) (citations omitted). Under this rule, "when two identical actions are filed in courts

---

[5] Defendant sought to stay or dismiss this case on the grounds that *Ashour, et al. v. Arizona Beverages USA LLC, et al.*, No. 1:19-cv-07081-AT-OTW (S.D.N.Y.) was the first-filed case and included the same parties and issues with respect to its "No Preservatives" claim. The *Ashour* matter is still pending. (Sodaify Decl. ¶ 13.)

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

1  of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no

2  purpose would be served by proceeding with a second action." *Id.* However, this rule is "not a rigid

3  or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates

4  of sound judicial administration." *Id.* In applying the first-to-file rule, courts look to three threshold

5  factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity

6  of the issues. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). Even

7  if these threshold factors are met, a court has discretion to "dispense" with the first-to-file rule "for

8  reasons of equity." *Id.* at 628.

9  **IV.   ARGUMENT**

10      **A.   This Action was Effectively the First-Filed Case**

11        The first criteria for determining the applicability of the first-to-file rule is evaluating the

12  timeline of both actions. *SMIC v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1024 (N.D.

13  Cal. 2020). The first-to-file rule, however, is not mechanically applied but rather "applied with a

14  view to the dictates of sound judicial administration." *Pacesetter Sys., Inc.*, 678 F.2d at 94-95; *Adobe*

15  *Sys. v. Bargain Software Shop, LLC*, 2014 U.S. Dist. LEXIS 169710, at *3 (N.D. Cal. Dec. 8, 2014)

16  (holding that while the Texas action was technically filed before the California action, the first to

17  file rule should not be applied rigidly but instead consider judicial efficiencies).

18        Contrary to Defendant's assertion, this case is the first-filed case both from a functional and

19  practical level.  Plaintiff initially raised the deceptive practices alleged in this case against Hornell

20  in the Hornell Action, which was filed well before the Missouri action was filed. (Sodaify Decl. ¶¶

21  2, 6; Dkt. 51-2.) After nine months of litigation in the Hornell Action, Defendant's counsel informed

22  Plaintiff that he had named the wrong defendant. (Sodaify Decl. ¶ 3.) Plaintiff subsequently filed

23  this action against the correct entity, Arizona. (*Id.* ¶ 4; Dkt. 1.) Therefore, the circumstances leading

24  to the filing of this case and its further progression establishes this case effectively "first-filed." *See*

25  *Halo Elecs., Inc. v. Bel Fuse Inc.*, 2008 U.S. Dist. LEXIS 109786 (N.D. Cal. May 5, 2008) (applying

26  Rule 15 to a first-to-file motion, concluding that a technically later case was, in essence, the first

27  filed when its claims related back to an earlier complaint).

28  //

Defendant relies on *Hoyt v. Amazon.com, Inc.*, 2019 U.S. Dist. LEXIS 53253, at *10 (N.D. Cal. Mar. 28, 2019) to argue that the filing date of a state court action is relevant to establish the chronology of a case, not the removal date. (Dkt. 51 at 3:17-22.) But the filing date in the Missouri action (April 8, 2022) is inconsequential because Plaintiff initiated the Hornell Action on March 21, 2002, earlier than *both* the state court filing date and the removal date of the Missouri action. (Sodaify Decl. ¶¶ 2, 6; Dkt. 51-2.) Further, the timeline in *Hoyt* was undisputed, and so its reasoning as to the chronology factor under the first-to-file rule is irrelevant. It is also well-established that a technically second-filed case can be the de facto first-filed case. *See, e.g.*, *Activision Blizzard Inc. v. Acceleration Bay LLC*, 2016 U.S. Dist. LEXIS 119289, at *12 (N.D. Cal. Sept. 1, 2016) (finding a second-filed case to be functionally first-filed after it was dismissed and re-filed); *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 990 (N.D. Cal. 2011) (same).

Applying the first-to-file rule in a rigid manner would contravene the principle of sound judicial administration and overlook the substantive relatedness of this action and the Hornell action, which effectively makes this case the first-filed action. This case has progressed further in litigation, and to now dismiss, transfer, or stay it in favor of the Missouri action would be formalistic and contrary to the first-to-file rule's purpose of sound judicial administration. *See Adobe Sys.*, 2014 U.S. Dist. LEXIS 169710, at *3 (declining to apply the first-to-file rule mechanically and finding that a second-filed case was functionally the first-filed case as it was a continuation of an earlier filed case). Accordingly, this action should be considered the first-filed.

**B.    The Differences in the Parties Undermines the First-to-File Rule**

Even if Defendant could establish that the Missouri action was the first-filed case, Defendant's motion fails for an independent reason: the putative classes have zero overlap. With regard to the second factor, the similarity of parties, "the first-to-file rule does not require exact identity of the parties." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). "Rather, the first-to-file rule requires only substantial similarity of parties." *Id.* Still, in the class action context, courts have found that where putative classes do not overlap at all—as in this case—they fail the "substantial similarity" test. *See Espineli v. Toyotal Motor Sales U.S.A., Inc.*, 2018 U.S. Dist. LEXIS 54976, at *7 (E.D. Cal. Mar. 30, 2018); *cf. Vester v. Werner*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

*Enterprises, Inc.*, 2017 U.S. Dist. LEXIS 63551, at *11 (C.D. Cal. Apr. 24, 2017) (finding parties are sufficiently similar wherever the proposed class in the second suit is subsumed by the expansively worded class in a prior action); *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 705 (N.D. Cal. 2021) (same).

Although Arizona is implicated in both cases, this case seeks to represent a California class, whereas the Missouri action seeks to represent classes of residents from ten other states but *not* California. (Sodaify Decl. ¶¶ 2, 7; Dkt. 29 ¶ 118; Dkt. 51-3 ¶ 15); *see Espineli*, 2018 U.S. Dist. LEXIS 54976, at *7 (finding no substantial similarity between propose classes from different states); *cf. Koehler v. Pepperidge Farm, Inc.*, 2013 U.S. Dist. LEXIS 128440, at *13 (N.D. Cal. Sep. 9, 2013) (finding parties were similar where first-filed action sought to represent a nationwide class and the subsequent case sought to represent only a California class). Defendant's contention that the Missouri action seeks to certify a nationwide class is false. (*See* Dkt. 51 at 4:13-14). The classes there are explicitly limited to residents of Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington, Connecticut, and Missouri. (Dkt. 51-3 ¶ 15.)[6]

Such differences in the classes undermines the applicability of the first-to-file rule and distinguishes Defendant's case law. *See, e.g.*, *Silva v. First Transit, Inc.*, 2021 WL 2213203 (N.D. Cal. Mar. 1, 2021) (finding similarity of parties weighed in favor of applying the first to file rule *because both cases sought to represent the same putative classes*); *Clardy v. Pinnacle Foods Grp., LLC*, 2017 WL 57310 (N.D. Cal. Jan. 5, 2017) (finding that *because both complaints were brought on behalf of a nationwide class*, the second filed complaint should be stayed until the class was certified to ensure they are not overlapping); *Koehler*, 2013 WL 4806895 (finding similarity of parties weighed in favor of applying the first to file rule *because both cases sought to represent the same punitive class*); *Cadenasso v. Metro. Life Ins. Co.*, 2014 WL 1510853 (N.D. Cal. Apr. 15, 2014) (finding substantial similarity of parties *because between the two complaints, all fifty states were represented*); *Wong v. Old Lyme Gourmet Co.*, 2021 WL 5909209 (N.D. Cal. Mar. 22, 2021) (finding first to file rule satisfied *because both cases alleged causes of action under California law*).

---

[6] The isolated sentence in the prayer for relief that Defendant cites relating to a nationwide class is an inadvertent error and does not appear elsewhere in the TAC. (*See* Dkt. 51-3.)

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FAC OR TO STAY OR TRANSFER ACTION

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1      Furthermore, Defendant's assertion that the "Consumer Protection Subclass" in the Missouri

2  action could overlap with the proposed California class here is unsupported. (Dkt. 51 at 4:19–5:5.)

3  The classes in the Missouri action are carefully delineated and are restricted to consumers in specific

4  states. (Dkt. 51-3 ¶ 15.) These states explicitly do not include California and are mutually exclusive

5  by omission. Defendant's contention that the classes in both cases are substantially similar because

6  of a potential overlap from California consumers who might have also purchased the products in

7  one of the states represented in the Missouri action is speculative at best. (Dkt. 51 at 4:19–5:5.) The

8  hypothetical possibility of some minor overlap does not render the two actions substantially similar

9  to warrant transfer, particularly when each case pursues statutory remedies under different state

10  laws. Even under a "flexible approach" to the first-to-file rule, such a theoretical overlap cannot

11  serve as the basis for establishing substantial similarity between the parties. The lack of supporting

12  case law in Defendant's motion suggests no other court has held this tenuous position.

13      Thus, with zero overlap in the class definitions, the first-to-file rule cannot apply.

14      **C.    The Divergent Legal Issues Precludes the Application of the First-to-File Rule**

15      The first-to-file rule also mandates that issues between two suits be substantially similar,

16  characterized by a "substantial overlap." *Kohn*, 787 F.3d at 1240-41. Despite allegations of

17  deceptive labeling here and in the Missouri action, the issues lack the requisite "substantial overlap."

18      This case focuses on specific labeling issues under California's CLRA, UCL, and FAL, and

19  it is tailored to protect California consumers. (*See* Dkt. 29 ¶¶ 118, 130-222.) In contrast, the Missouri

20  action casts a wider net, implicating the MMPA and the consumer protection statutes of nine other

21  states with dissimilar legal frameworks. (Dkt. 51-3 ¶ 15.) These differences in state laws create

22  distinct legal pathways that each case must navigate, thereby undercutting Defendant's reliance on

23  *Brown v. Mars Wrigley Confectionery US, LLC*, 2021 WL 4499228 (N.D. Cal. Apr. 13, 2021) and

24  *Hughes v. Ester C Co.*, 330 F. Supp. 3d 862 (E.D.N.Y. 2018). Courts in this district have declined

25  to apply the first-to-file rule due to state law differences.  *See, e.g.*, *Avery v. Teksystems, Inc.*, 2022

26  U.S. Dist. LEXIS 159727, at *9 (N.D. Cal. Aug. 31, 2022) (declining to apply the first to file rule

27  where two cases did not share common causes of action); *Mattero v. Costco Wholesale Corp.*, 336

28  F. Supp. 3d 1109, 1118 (N.D. Cal. 2018) (declining to stay matter under first-to-file rule where

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

different consumer protection statues were at issue). The specific causes of action here under California law distinguishes this case from the multi-state class in the Missouri action.

Moreover, the rulings in this case and in the Missouri action highlight the nuances in state-specific consumer protection laws. For instance, the claims for injunctive relief and substantially similar products were previously dismissed in the Missouri action and are now again under attack by the Defendant there. (Dkt. 51-4.) But here the Court has found these claims sufficiently pled (*see* Dkt. 47). Such divergence underscores the unique interests of California consumers that are at stake here, protected by state-specific laws like the CLRA, UCL, and FAL. (*See* Dkt. 29.) With Defendant's pending motion for judgment on the pleadings in the Missouri action, the interests of California consumers and their entitlement to injunctive relief under California state law should be protected in this action. Accordingly, this factor weighs against application of the first-to-file rule.

**D.** **The Convenience Factors Strongly Militates Against Dismissal, Transfer, or Stay**

In applying the first-to-file rule, courts may look to the "convenience factors" considered under 28 U.S.C. § 1404(a). *Activision Blizzard Inc.*, 2016 U.S. Dist. LEXIS 119289, at *11; *see Vinotemp Int'l Corp. v. Wine Master Cellars, LLLP*, 2012 U.S. Dist. LEXIS 196337, at *8 (C.D. Cal. Oct. 3, 2012) (applying the Section 1404 convenience factors to the second-filed case). These factors include: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with the applicable law; (6) feasibility of consolidation with other claims; (7) local interest in the controversy; and (8) the relative congestion of each forum. *Alul v. Am. Honda Motor Co., Inc.*, 2016 U.S. Dist. LEXIS 169632, at *6-7 (N.D. Cal. Dec. 7, 2016).

*1.    Plaintiff's Choice of Forum Merits Retaining Jurisdiction in California*

A plaintiff's original choice of venue receives deference when considering the Section 1404(a) factors. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). That is true even for class action plaintiffs. *See Roling v. E*Trade Sec., LLC*, 756 F. Supp. 2d 1179, 1186 (N.D. Cal. 2010) (declining to transfer a putative class action where one of the named plaintiffs lived in the original forum). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co.*, 805 F.2d at 843.

Plaintiff's connection to this forum is substantial: he resides in San Francisco and purchased the products at issue there. (*See* Dkt. 6.) Plaintiff's choice of venue should not be lightly disrupted, especially when Plaintiff's significant contact with this forum eliminates any implication of forum shopping. *See Jurek v. Piller USA, Inc.*, 2021 U.S. Dist. LEXIS 130404, at *8 (S.D. Cal. July 13, 2021) (weighing the choice of forum factor against transfer where plaintiff filed action in his home forum and many operative facts occurred there). Defendant fails to address this consideration, much less make the "strong showing" that would be required to upset Plaintiff's choice of forum. This factor therefore weighs in Plaintiff's favor.

### 2.   This Forum is Convenient for the Parties and Witnesses

The relative convenience to all the parties and their witnesses is a factor to consider when evaluating whether to transfer a case. *See Decker Coal Co.*, 805 F.2d at 843. "The convenience of witnesses is often the most important factor in determining whether a § 1404 transfer is appropriate." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 762 (C.D. Cal. 2016). "But, courts 'accord[] less weight to the inconvenience of party witnesses' because 'they can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated.'" *Rodgers v. Stater Bros. Mkts.*, 2017 U.S. Dist. LEXIS 79823, at *6 (S.D. Cal. May 24, 2017) (internal citations omitted).

Plaintiff and all potential class members reside in California, and Defendant also engages in substantial business operations here. (Dkt. 29 ¶¶ 57, 59, 118.) Thus, California presents a more convenient forum for the parties and key witnesses, including experts versed in California's UCL, FAL, and CLRA. In contrast, the Missouri action lacks this localized advantage, as it involves various state laws and more expansive, multi-state classes. Moreover, Defendant's corporate representatives and suppliers, as identified in Defendant's initial disclosures, are not located in Missouri, undermining any claim that Missouri is a more convenient forum. (Sodaify Decl. ¶ 16.) Therefore, the balance of convenience also weighs in favor of keeping the case in California.

### 3.   Ease of Access to Evidence Favors the Current Forum

Access to evidence is another factor to consider. *See Decker Coal Co.*, 805 F.2d at 843. However, the ease of access to documents "does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

locations." *Metz v. U.S. Life Ins. Co. in the City of New York*, 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009). Plaintiff resides in California, so all potentially relevant evidence he maintains is located here. (Dkt. 29 ¶ 55). Further, Defendant revealed that its documents are maintained electronically. (Sodaify Decl. ¶ 17.) Given modern technology, access to these electronic documents is a non-issue and does not warrant the application of the first-to-file rule.

### 4. Familiarity with Applicable Law and Local Interest Justifies Maintaining this Forum

The Northern District of California is familiar with the specific California consumer protection laws invoked in this action. *Heartland Payment Sys. v. Mercury Payment Sys., LLC*, 2014 U.S. Dist. LEXIS 156221, at *10 (N.D. Cal. Nov. 4, 2014) (noting its familiarity with California law). The court in the Missouri action would lack this particular expertise. Moreover, this action implicates truth in advertising to protect California consumers—a strong local interest best served by a California court. *Rice-Sherman v. Big Heart Pet Brands, Inc.*, 2020 U.S. Dist. LEXIS 46197, at *15 (N.D. Cal. Mar. 16, 2020) (noting that California maintains a stronger local interest to enforce its consumer protection claims to protect its residents). This factor thus favors keeping the case here.

### 5. Consolidation is Impracticable

"An important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum." *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1214 (S.D. Cal. 2013) (internal citations omitted). Here, the difference in discovery stages between the two cases presents a compelling reason against transfer and possible consolidation. Both parties here have already received a scheduling order, served discovery requests, obtained initial responses, conferred on those responses, and are working on an ESI protocol. (Sodaify Decl. ¶¶ 14, 15.) Conversely, the Missouri action languishes with zero discovery initiated, no case management order, and no Rule 16 conference set. (*Id.* ¶ 11); *see Aids Serv. Ctr. of Lower Manhattan, Inc. v. PharmBlue LLC*, 2014 U.S. Dist. LEXIS 104952, at *10 (S.D.N.Y. July 30, 2014) (noting that application of the first-filed rule is diminished where there has been little progress in the first-filed action); *Adoma v. Univ. of Phx., Inc.*, 711 F. Supp. 2d 1142, 1150 (E.D. Cal. 2010) (same). This glaring divergence renders the idea of transfer or consolidation not only

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

impractical but unjust, halting the advanced proceedings to the detriment of Plaintiff and the proposed California class. This factor therefore weighs in Plaintiff's favor.

6.     *This Forum's Proficiency in the Applicable Law Mitigates Congestion Concerns*

"This factor examines 'whether a trial may be speedier in another court because of its less crowded docket.' To measure congestion, courts compare the two fora's 'median time from filing to disposition or trial.'" *Ctr. for Food Safety v. Vilsack*, 2011 U.S. Dist. LEXIS 31688, at * 21 (N.D. Cal. Mar.17, 2011) (internal citations omitted). Here, the median time to disposition in the Northern District of California, as measured in monthly intervals, is 7.1 compared to the Eastern District of Missouri's 7.9.[7] Thus, this factor weighs in favor of keeping the case here.

In sum, the balance of the convenience factors under Section 1404 militates against dismissal, transfer, or stay of this case.

**E.     Equity Considerations Strongly Precludes the Application of the First-to-File Rule**

In applying the first-to-file rule, "courts are not bound by technicalities." *Church of Scientology of California v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979). The court's discretion is broad. In *Alltrade*, the Ninth Circuit found that fairness considerations and equitable concerns could bar the application of the rule. *Alltrade Inc.*, 946 F.2d at 628; *see also Jumapao v. Wash. Mut. Bank*, 2007 U.S. Dist. LEXIS 88216 (S.D. Cal. Nov. 29, 2007) (noting that demonstrations of prejudice could bar the first-to-file rule's application as well).

The equitable concerns favor retaining the action in its current forum. This case has moved at a significantly more accelerated pace, with a First Amended Complaint filed on March 21, 2023, discovery already well underway, a protective order in place, and a case schedule already established. (*See* Sodaify Decl. ¶¶ 14, 15.) As courts recognize, "when the later-filed action has progressed further, efficiency considerations disfavor application of the rule." *See Guthy-Renker Fitness L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 270 (C.D. Cal. 1998). The parties are

---

[7] *See Statistical Tables for the Federal Judiciary - June 2023*, U.S. COURTS, https://www.uscourts.gov/statistics-reports/statistical-tables-federal-judiciary-june-2023 (Table C-5) (last updated June 30, 2023).

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FAC OR TO STAY OR TRANSFER ACTION

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

currently meeting and conferring on discovery, preliminary documents have been produced, a protective order is in place, and they are also working toward establishing an ESI protocol and considering proposed search terms. (Sodaify Decl. ¶ 15); *cf. Young*, 526 F. Supp. 3d at 705 (an "established framework for handling discovery and managing the litigation" provided compelling basis to apply first-to-file rule). This contrasts sharply with the Missouri action, where zero discovery has been propounded, no protective order is in place, and no case schedule has been entered. (Sodaify Decl. ¶ 11.) Transferring, dismissing, or staying the case at this juncture would significantly prejudice Plaintiff by stalling the progress and imposing unnecessary burdens, both in time and resources. *Montgomery Plaza Assocs. v. Kemp*, 1991 U.S. Dist. LEXIS 15882, at *3 (N.D. Cal. Oct. 17, 1991) (first-to-file rule not applied where second-filed case had progressed further).

Moreover, Defendant had the opportunity to raise the issues in its current motion at the time it filed the motion to dismiss the FAC back in April 2023 but chose not to, despite the pendency of the Missouri action. Indeed, Defendant's first motion to dismiss sought to dismiss or stay the case due to a New York case and the Missouri action. (Dkt. 26.) But after that motion was mooted, Defendant decided not to raise the issue in its subsequent motion to dismiss, electing instead to dismiss the claims outright, which the Court declined to do. (Dkt. 47.)   Months later, the mere addition of Arizona as a party in the Missouri action should not enable Defendant to strategically time its motions to manipulate legal outcomes, especially when it could have previously moved in the alternative to stay in its motion to dismiss the FAC. The timing of Defendant's motion raises questions about its motives. And the fact that it opted to move for this only after an adverse ruling on the motion to dismiss raises the specter of forum shopping or an attempt to otherwise escape unfavorable legal terrain, rather than a genuine concern for judicial efficiency.

**F.    Neither Transfer, Dismissal, nor Stay Serves the Interest of Judicial Economy**

*1.    A Transfer is Unwarranted and Contrary to Judicial Efficiency and Fairness*

Even if the first-to-file rule were to weigh in favor of transfer, Section 1404's "might have been brought" requirement cabins the court's transfer authority. *Bozic v. United States Dist. Court*, 888 F.3d 1048, 1054 (9th Cir. 2018). "A district court is one in which an action could have been brought originally if (1) it has subject matter jurisdiction; (2) defendants would have been subject

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1  to personal jurisdiction; and (3) venue would have been proper." *Duffy v. Facebook, Inc.*, 2017 U.S.

2  Dist. LEXIS 68510, at *3 (N.D. Cal. May 4, 2017).

3      The Eastern District of Missouri fails to meet Section 1404 requirements. While the Eastern

4  District of Missouri may possess subject matter jurisdiction under CAFA, it falls short on both

5  personal jurisdiction and venue. Defendant Arizona is headquartered in New York, where it also

6  maintains its principal place of business. (Dkt. 50 ¶ 57.) This challenges general jurisdiction in

7  Missouri as Defendant does not reside there. Additionally, Plaintiff purchased the disputed products

8  in California, giving rise to the action here and effectively precluding specific jurisdiction in

9  Missouri. (*See* Dkt. 6 ¶ 3.) Because the events giving rise to Plaintiff's claims occurred entirely in

10 California, venue is also improper in the Eastern District of Missouri. *Healy v. Wells Fargo Bank,*

11 *N.A.*, 2020 U.S. Dist. LEXIS 227461, at *9 (S.D. Cal. Dec. 3, 2020) (denying transfer where case

12 could not have been originally brought in Virginia because events giving rise to plaintiff's claims

13 arose in California). Defendant's motion fails to address this threshold requirement (despite having

14 the burden), and effectively waives this argument entirely. In any event, under 28 U.S.C. § 1391(b),

15 this is not a case that "might have been brought" in Missouri, so transfer there would be improper.

16          2.       *Neither Dismissal nor Stay Advances Judicial Economy or Fairness*

17      "Dismissal is proper where the court of first filing provides adequate remedies. *Alltrade*, 946

18 F.2d at 627-28. If there are concerns regarding the availability of remedies in the court of first filing,

19 or regarding its jurisdiction over claims which might implicate a statute of limitations if dismissed

20 by that court, then the court of second filing should consider a stay." *Molander v. Google LLC*, 473

21 F. Supp. 3d 1013, 1020 (N.D. Cal. 2020).

22      Here, neither dismissal nor stay would serve the principles of judicial efficiency or comity.

23 The day before filing this motion, Defendant filed a motion for judgment on the pleadings in the

24 Missouri action, attempting to undercut remedies that this Court has already found adequately pled,

25 like injunctive relief. (*See* Dkt. 47.) In its motion to dismiss order, the Missouri court explicitly

26 noted that it diverges from the Ninth Circuit on the issue of prospective injunctive relief. (Sodaify

27 Decl. ¶ 8.) Given the distinct classes and remedies at stake—most critically, the key remedy of

28 injunctive relief under California law—the Missouri action is unlikely to resolve the issues before

this Court. Defendant offers no rationale for why dismissal would be appropriate here, nor could it. Courts only invoke the first-to-file rule for dismissal when both actions are mirror images, and one action can offer complete and full remedies, which is not the case here. *See Campbell v. Annie's Homegrown, Inc.*, 2017 U.S. Dist. LEXIS 206808, at *14 (S.D. Cal. Dec. 15, 2017) (declining to dismiss case under first-to-file rule because causes of action not identical). Retaining this case is therefore not only preferable, but also essential to ensure California consumers may seek the critical remedy of injunctive relief afforded to them under California law.

For the same reasons that dismissing this action would be inappropriate, imposing a stay would be equally misguided. This case has advanced further along the litigation timeline— discovery is ongoing, and both parties are actively meeting and conferring on discovery issues and supplementing their discovery responses. (Sodaify Decl. ¶¶ 14, 15.)  In contrast, the Missouri action lags significantly as discovery has not begun and neither party has initiated the discovery process, no case schedule is established, and no case management conference has even been scheduled. (*Id.* ¶ 11.) Consequently, staying this action would unnecessarily delay a case that is closer to resolution. Nevertheless, if the Court were inclined to apply the first-to-file rule, a stay would be the more equitable course of action, enabling the distinct issues in this case to be revisited upon resolution of the Missouri action. *See Bellone v. First Transit, Inc.*, 2022 U.S. Dist. LEXIS 167733, at *9 (N.D. Cal. Sept. 16, 2022) (staying case after applying first-to-file rule because classes not yet certified in first-filed case). This would prevent irremediable harm to the California class that would result from outright dismissal.  By virtue of *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012) and venue rules that cannot be disregarded, it makes sense that parallel proceedings will sometimes be necessary where, as here, the fraud is nationwide in scope and consumers from different states are thus aggrieved. *See Gunaratna v. Dr. Dennis Gross Skincare, LLC*, 2023 U.S. Dist. LEXIS 151704, at * 37 (C.D. Cal. July 20, 2023) (declining to transfer California case to non-overlapping New York class action even though both cases would have to proceed separately).

**V.      CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's motion in its entirety.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Dated: September 22, 2023                    **CLARKSON LAW FIRM, P.C.**

By: _/s/ Bahar Sodaify_
        Ryan J. Clarkson, Esq.
        Bahar Sodaify, Esq.
        Alan Gudino, Esq.
        Ryan D. Ardi, Esq.

        *Attorneys for Plaintiff*