UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS,<br><br>  Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>  Defendant. | Case No. 22-cv-09108-JSW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT OR TO STAY OR TO TRANSFER ACTION UNDER FIRST TO FILE RULE**<br><br>Re: Dkt. No. 51 |

Now before the Court is Defendant Arizona Beverages USA, LLC's Motion to Dismiss First Amended Complaint or to Stay or to Transfer Action Under First to File Rule. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court hereby DENIES Defendant's motion.

**BACKGROUND**

**A. The Hornell Litigation.**

Plaintiff Thomas Iglesias ("Plaintiff" or "Iglesias") filed a complaint against Hornell Brewing Co., Inc. ("Hornell") on March 21, 2022, in the action entitled *Iglesias v. Hornell Brewing Co., Inc.*, 3:22-cv-01795-TLT (the "Hornell Litigation"). (Dkt. No. 61-3.) Plaintiff brought claims against Hornell for violations of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (the "CLRA"), the California False Advertising Law, Cal. Bus. & Profs. Code § 17500 *et seq.* (the "FAL"), and the California Unfair Competition Law, Cal. Bus. & Profs. Code § 17200 *et seq.* (the "UCL"), as well as common law claims for unjust enrichment and breach of express warranty, arising from "all natural" representations on certain AriZona beverage

labels. (Dkt. No. 58-1, Sodaify Decl., ¶ 2.).

Plaintiff's counsel learned in December 2022 that Hornell was not responsible for the sale and manufacture of the beverages with the disputed labels. (*Id.* ¶ 3.) Plaintiff filed the instant action as a separate suit and, a few weeks later, voluntarily dismissed the Hornell Litigation on January 6, 2023. (*Id.* ¶ 4.)

**B.  This Action.**

Plaintiff filed the initial complaint in this action on December 23, 2022. (Dkt. No. 1.) Defendant Arizona Beverages USA, LLC ("Defendant") filed a Motion to Dismiss Plaintiff's Complaint or Otherwise Stay Action on February 24, 2023. (Dkt. No. 26.) Defendant's motion was mooted by the filing of the First Amended Complaint ("FAC"). (Dkt. Nos. 29, 30.)

The FAC alleges that Defendant misleads consumers by falsely advertising certain of its AriZona beverage products as "100% Natural" and "All Natural" when they are allegedly made with non-natural ingredients such as beta carotene, fruit and vegetable juices, annatto, ascorbic acid, high fructose corn syrup, malic acid, erythritol, and "natural flavors." (FAC ¶ 9.)

Plaintiff alleges he is a citizen of California, and that he bought Defendant's Mucho Mango Fruit Juice Cocktail in San Francisco on several occasions in 2017. (FAC ¶ 55.) Plaintiff claims he relied on the "All Natural" labels on the product, but that he would not have purchased the product if he had known the representations were false and misleading. (*Id.*) Plaintiff alleges that he would purchase the products again if the representations regarding "All Natural" were in fact true. (*Id.* ¶ 56.) Plaintiff seeks to represent a class of "[a]ll persons who purchased the Products in the State of California, for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present." (*Id.* ¶ 118.)

Following the Court's Order Granting in Part and Denying in Part Defendant's Motion to Dismiss the FAC (Dkt. No. 47), Plaintiff's remaining causes of action are for violations of the CLRA and breach of express warranty.

**C.  The Missouri Litigation.**

Nicholas Brunts ("Brunts") filed suit against Hornell and DOES 1 through 10 in state court in Missouri in April of 2022. (Dkt. No. 51-2, at 2.) Hornell removed the action to federal court in

the Eastern District of Missouri in *Nicholas Brunts v. Hornell Brewing Co., Inc.*, Case No. 4:22-cv-00648-HEA, on June 17, 2022. (*Id.*)

As part of its Notice of Removal, Hornell identified Defendant Arizona Beverages USA, LLC as one of the likely DOE defendants, and it included a declaration from one of Defendant's officers attesting to Defendant's citizenship and the amount of Defendant's sales of the relevant products. (*Id.* at 3, 6.)

On August 16, 2023, Brunts filed the operative Third Amended Class Action Complaint (the "Brunts TAC"). (4:22-cv-00648-HEA, Dkt. No. 55.) The Brunts TAC added Defendant as a named defendant in The Missouri Litigation in place of DOE 1. (*Id.* ¶ 11.) The Brunts plaintiff alleges that the labels "ALL NATURAL," "100% NATURAL," or "100% ALL NATURAL" depicted on certain products advertised by Hornell and Defendant were false and misleading because the products in fact contain "ascorbic acid, high fructose corn syrup, malic acid, erythritol, and added coloring." (*Id.* ¶¶ 1, 2.) Brunts claims that he is a citizen of Missouri and that he purchased the Mucho Mango Fruit Juice Cocktail in Arnold, Missouri on April 3, 2022. (*Id.* ¶ 96.)

The Brunts TAC names two putative classes: (1) "All persons who purchased the Products during the Class Period while in one of the specific states having consumer protection statutes materially-identical to the MMPA [Missouri Merchandising Practices Act]: Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington, and Connecticut ('Consumer Protection States')"; and (2) "All persons who, within the Class Period, purchased the Products in the State of Missouri." (*Id.* ¶ 15.) Additionally, the Brunts TAC references a nationwide class in the prayer for relief: "Plaintiffs pray for an order certifying this action as a Nationwide Class, Consumer Protection Subclass and/or Missouri Subclass class action[.]" (*Id.* at Prayer).

The Brunts TAC includes four causes of action arising from the allegedly misleading labels: (1) breach of warranty; (2) breach of implied contract; (3) unjust enrichment; and (4) "violation of the MMPA and other consumer protection laws," including laws in Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington, and Connecticut. (*See id.* at ¶ 141.)

Defendant now argues that, as a result of its addition as a defendant in the Missouri Litigation, the instant action should be dismissed, stayed, or transferred to the Eastern District of Missouri under the first-to-file rule.

**REQUESTS FOR JUDICIAL NOTICE**

The Federal Rules of Evidence provide that judicial notice may be taken of adjudicative facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201.

Defendant requests the Court take judicial notice of the following documents: (1) the notice of removal filed in The Missouri Litigation; (2) the Third Amended Class Action Complaint filed in The Missouri Litigation; and (3) a copy of the docket sheet from The Missouri Litigation. Defendant also submitted the docket sheet in *Thomas Iglesias v. Hornell Brewing Co., Inc.*, No. 3:22-cv-01795-TLT and the Second Amended Complaint in The Missouri Litigation.

Courts may take judicial notice of public records, including court records from another case. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006). However, although the Court "may take judicial notice of the existence of unrelated court documents ... it will not take judicial notice of such documents for the truth of the matter asserted therein." *In re Bare Escentuals, Inc. Sec. Lit.*, 745 F.Supp.2d 1052, 1067 (N.D. Cal. 2010). Accordingly, Defendant's requests are GRANTED. Additionally, the Court exercises its discretion to take notice of the docket sheet in *Thomas Iglesias v. Hornell Brewing Co., Inc.*, No. 3:22-cv-01795-TLT. *See* Fed. R. Evid. 201(c)(1).

**ANALYSIS**

**A. Applicable Legal Standard.**

The "first-to-file rule" allows a district court to transfer, stay, or dismiss an action if a similar complaint has previously been filed in another federal court. *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 623 (9th Cir. 1991). The rule serves the judicial interests of "economy, consistency, and comity." *Kohn Law Grp., Inv. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237,

4

1240 (9th Cir. 2015). In addition to judicial efficiency, the rule helps "prevent[ ] the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Ruckus Wireless, Inc. v. Harris Corp.*, 11–cv–019440–LHK, 2012 WL 588782 at *2 (N.D. Cal. Feb. 22, 2012); see *Church of Scientology v. United States Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) ("The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.").

The Court must consider three threshold factors in deciding whether to apply the rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Alltrade*, 946 F.2d at 625. However, the first-to-file rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys. Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). "The most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade*, 946 F.2d at 628. Nevertheless, the rule "should not be disregarded lightly." *Church of Scientology*, 611 F.2d at 750. Courts will typically make exceptions to the rule if there has been bad faith, anticipatory suit, or forum shopping. *Alltrade*, 946 F.2d at 628.

**B. The Threshold Factors of the First-To-File Rule Weigh in Favor of Application.**

**1. The Missouri Litigation Was "Filed First."**

"In determining when a party filed an action for purposes of the first to file rule, courts focus on the date upon which the party filed its original, rather than its amended complaint." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994); *see also SMIC, Americas v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1025 (N.D. Cal. 2020) (holding the "filing of a complaint triggers the first-filed rule, regardless of whether the plaintiff later amends the complaint.") (quoting *Hilton v. Apple Inc.*, No. 13-cv-2167-EMC, 2013 WL 5487317, at *6 (N.D. Cal. Oct. 1, 2013)). Here, the action was filed in December 2022, but the Missouri Litigation commenced in April 2022, eight months earlier.

Plaintiff argues that, instead of the December filing of his initial complaint in this action, the Court should consider the March 2022 filing of the Hornell Litigation as the relevant commencement date. Plaintiff cites to *Activision Blizzard Inc. v. Acceleration Bay LLC*, No. 16-

1   cv-03375-RS, 2016 WL 4548985 (Sept. 1, 2016) for the proposition that a second-filed case can
2   be functionally first-filed if it was dismissed and refiled.  In response, Defendant argues that this
3   litigation is a new lawsuit against a different defendant, and that acceptance of the filing of the
4   Hornell Litigation complaint as the commencement date in this action would be inequitable.

5        The Court agrees with Defendant that the instant action is not a refiling of the Hornell
6   Litigation.  Hornell is not a party to this action.  Plaintiff voluntarily dismissed the Hornell
7   Litigation rather than seeking leave to amend, and he waited until after dismissal of the Hornell
8   Litigation to move to relate the two actions.  The Missouri Litigation was thus functionally filed
9   first.

10       Accordingly, the first factor weighs in favor of applying the first-to-file rule.

11  **2.    The Parties Are "Substantially Similar."**

12       Perfect identity of the parties is not required.  *See Kohn*, 787 F.3d at 1240 (holding
13  omission of a party in the second action does not defeat application of the first-to-file rule); *Dang
14  v. TEOCO Corp. Grp. Ben. Plan*, 2023 WL 5925890, 2023 U.S. App. LEXIS 24099 (9th Cir.
15  Sept. 12, 2023) (affirming district court finding of "substantial similarity of parties" although three
16  additional defendants were named in second suit).  "In a collective action, the classes, and not the
17  class representatives, are compared."  *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142,
18  1147 (E.D. Cal. 2010).

19       There is no dispute that Defendant Arizona Beverages USA, LLC is also a party in the
20  Missouri Litigation.  The parties disagree, however, over whether the plaintiffs in both actions are
21  substantially similar.  Plaintiff argues that there is "zero overlap" between the putative classes
22  because California is excluded from the Missouri "Consumer Protection States Class" and the
23  "Missouri Subclass," and Plaintiff here only seeks to certify a California class.  Defendant argues
24  that Plaintiff ignores the prayer in the Brunts TAC which requests certification of a Nationwide
25  Class with the "Consumer Protection States Class" and the "Missouri Subclass" as subclasses
26  thereof.

27       The Brunts TAC does not define the prayed-for nationwide class.  Unlike the putative
28  "Consumer Protection States Class" and the "Missouri Subclass," the putative Nationwide Class is

6

not given a temporal or geographic scope.  (*See* Brunts TAC ¶ 15 (specifying time period and location of purchase for Consumer Protection States Class and Missouri Class, but not mentioning Nationwide Class).)  However, "Nationwide Class" can have only one logical meaning: a class of all similarly situated individuals, anywhere in the nation, including in California.

The putative nationwide class in the Missouri Litigation necessarily encompasses the putative class in the instant action.  *See Young v. L'Oréal USA, Inc.*, 526 F. Supp. 3d 700, 705 (N.D. Cal. 2021) (holding California plaintiffs were "naturally included" in the first-filed action's broadly defined nationwide class).  Should the nationwide class be certified, Plaintiff will be part of the class.  *See id.*; *see also Koehler v. Pepperidge Farm, Inc.*, No. 13-cv-02644-YGR, 2013 WL 4806895, at *4 (N.D. Cal. Sept. 9, 2013) (finding parties were similar where first-filed action sought to represent a nationwide class and the subsequent case sought to represent only a California class).

Accordingly, the second factor also weighs in favor of applying the first-to-file rule.

### 3. The Issues in The Missouri Litigation Are "Substantially Similar" to the Issues in this Action.

In order for the first-to-file rule to apply, "[t]he issues in both cases need not be identical, only substantially similar."  *Kohn*, 787 F.3d at 1240.  To determine whether two suits involve substantially similar issues, a court must look at whether there is "substantial overlap" between the two suits.  *Id.* at 1241.  Differing theories or causes of action do not necessarily prevent the application of the first-to-file rule where the central questions in both cases are the same.  *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010).

Plaintiff does not dispute that the First Amended Complaint in this action contains substantially similar allegations to the Third Amended Complaint in The Missouri Litigation. Both Iglesias and Brunts claim to have purchased Mucho Mango Fruit Juice Cocktail in reliance on statements on the label that the beverages were "all natural."  Both claim that the labels were false and misleading in violation of state consumer protection statutes—albeit statutes from different states—and breach warranties of sale.  Brunts alleges an additional claim for breach of implied contract, and his unjust enrichment claim has not been dismissed.  The allegations and

legal theories are essentially the same. "Finding an insubstantial overlap because of the fact that the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule." *Brown v. Mars Wrigley Confectionery US, LLC*, No. 20-cv-08292-JST, 2021 WL 4499228, at *2 (N.D. Cal. Apr. 13, 2021) (quoting *Worthington v. Bayer Healthcare, LLC*, Civ. Action No. 11-2793 (ES), 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012)); *see L'Oréal*, 526 F. Supp. 3d at 706 (noting "courts time after time have found legal issues to be substantially similar even when the subsequently filed action brought its claims under different state law."). This factor also weighs in favor of application of the first-to-file rule.

### C. An Exception to the First-To-File Rule Is Appropriate Here.

A district court has "ample" discretion to depart from the first-to-file rule where it would be "unjust or inefficient" to defer to the first-filed action. *SMIC, America*, 473 F. Supp. 3d at 1024 (quoting *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 987 (N.D. Cal. 2011)). Such a departure is warranted here.

#### 1. A Stay or Dismissal Would Be Unjust.

Each of the causes of action alleged in the Brunts TAC is under the subheading: "Counts Relating to the Missouri and Consumer Protection Subclasses." (Brunts TAC, part IV.) The putative nationwide class is omitted from all of the alleged causes of action. (*See id.*) The prayer for relief references "nationwide common law claims," but no such claims are actually pled. Thus, while the parties and issues are substantially the same in the instant action and the Missouri Litigation, there are currently no pending claims for relief on behalf of California consumers in the Missouri Litigation. The pleadings in the Missouri Litigation are closed, and Defendants have filed a motion for judgment on the pleadings under Fed. R. Civ. Proc. 12(c). (Dkt. No. 51-4, at 4.) It is unlikely that an additional amendment to expand claims on behalf of the putative "Nationwide Class" is forthcoming.

Should the Court grant Defendant's motion to dismiss, Plaintiff and the putative class in the instant action may well be prevented from obtaining any relief without adequate opportunity to litigate their claims. For similar reasons, staying this action pending the outcome of the Missouri Litigation would not lead to any judicial efficiency, because there are no claims relating to or

8

encompassing the putative class in this action.  The Court DENIES Defendant's motion to dismiss or stay on this basis.

        **2.**        **Transfer of the Action to the Eastern District of Missouri Is Inappropriate Due to Lack of Venue.**

While the Court agrees with Defendant that transfer under the first-to-file rule would promote comity and convenience, it may not transfer this action to the Eastern District of Missouri.  The Ninth Circuit has cautioned that transfer of a second-filed action under the first-to-file rule is permitted only to a judicial district "where it might have been brought." *In re Bozic*, 888 F.3d 1048, 1053 (9th Cir. 2018).  Generally, venue is proper, and an action may have been brought, in (1) the district in which any defendant resides; (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if neither is available, then any district in which a defendant is subject to personal jurisdiction.  28 U.S.C. § 1391(b).  *See Bozic*, 888 F.3d at 1053 (holding the phrase "'where it might have been brought'. . . cannot be expanded by Defendants, even if they favor transfer to a district where the action could not have been brought.").

Defendant resides in New York, not Missouri, and the alleged actions and omissions occurred in California, New York, and/or New Jersey.  (*See* Dkt. No. 61-1, Kutner Decl., ¶¶ 2-3.)  Because venue is available under 28 U.S.C. sections (1) and (2) in California, New York, and/or New Jersey, Plaintiff could not have originally brought the instant action in the Eastern District of Missouri.  *See Bozic*, 888 F.3d at 1054 (holding it was "clear error" to transfer venue to judicial district where plaintiff was a putative class member, because "whether venue is proper under § 1391(b)(2) in *this* action depends only on the events surrounding [plaintiff's] claims.").  The Court DENIES Defendant's motion to transfer venue on this basis.

**CONCLUSION**

The Court does not lightly disregard the first-to-file rule in this action.  The Court is mindful that its decision may create increased litigation costs for Defendant or open the door to conflicting rulings with a sister court.  However, because transfer is not available, application of the first-to-file rule to stay or dismiss the action would deprive Plaintiff of his opportunity to

obtain relief. Such a result would be unjust.

For the foregoing reasons, the Court DENIES Defendant's motion.

**IT IS SO ORDERED.**

Dated: October 13, 2023

_____
JEFFREY S. WHITE
United States District Judge