# EXHIBIT C



# CLARKSON
## LAW FIRM

Experience. Integrity. Justice.

December 14, 2021

Yana Hart, Esq.
Senior Associate
Zach Chrzan, Esq.
Associate Attorney

Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
(213) 788-4050 (Main)
(213) 788-4070 (Fax)
(855) 876-1300 (Toll-Free)
www.clarksonlawfirm.com
yhart@clarksonlawfirm.com



**EXHIBIT**

D19

## VIA U.S. CERTIFIED MAIL RETURN RECEIPT REQUESTED

Hornell Brewing Co., Inc.
Attn: Don Vultaggio, CEO
60 Crossways Park Drive W., Ste. 400
Woodbury, NY 11797

National Registered Agents, Inc.
Re: Hornell Brewing Co., Inc.
818 W. 7th Street, Ste. 930
Los Angeles, CA 90017

Re:    AriZona Fruit Juice Cocktail California Litigation

To Whom It May Concern:

On behalf of Thomas Iglesias ("Plaintiff") and all others similarly situated,[1] this letter is to notify Hornell Brewing Co., Inc. ("Defendant") that it has violated the California Consumers Legal Remedies Act ("CLRA") by employing or committing methods, acts, or practices declared unlawful by California Civil Code Section 1770. Pursuant to California Civil Code Section 1782(a), Plaintiff intends to initiate an action against Defendant in California Superior Court or the United States District Court of California for injunctive relief and restitution damages. See Cal. Civ. Code § 1782(a) and (b).

The unlawful acts committed by Defendant in violation of the CLRA include deceptive advertising and labeling of the AriZona beverage products, including but not limited to, Kiwi Strawberry Fruit Juice Cocktail, Lemonade Fruit Juice Cocktail, Mucho Mango Fruit Juice Cocktail, Fruit Punch Fruit Juice Cocktail, Watermelon Fruit Juice Cocktail, Orangeade, and Grapeade by falsely representing these products have "No Preservatives."

---

[1] Plaintiff serves this notice on behalf of all persons who purchased the Products for personal consumption and not for resale in California (the "Plaintiff Class") within the last four (4) years or since the date of Products' launch, whichever time period is shorter (the "Class Period").

Don Vultaggio, CEO
December 14, 2021
Page 2 of 12

In reality, the Products contain citric acid and ascorbic acid. Additionally, Defendant labels and advertises the AriZona Kiwi Strawberry Fruit Juice Cocktail, Lemonade Fruit Juice Cocktail, Mucho Mango Fruit Juice Cocktail, Fruit Punch Fruit Juice Cocktail, Orangeade, Grapeade, Lemonade Drink Mix, Golden Bear Strawberry Lemonade, and Rx Energy as "All Natural." In reality, the Products contain added coloring, including but not limited to "beta carotene," "fruit and vegetable juices," "annatto," and "vegetable juice." The "No Preservatives" and "All Natural" AriZona beverages are collectively referred to as (the "Products").[2] Defendant makes false, deceptive, and misleading claims and promises to consumers about the Products in a pervasive, statewide, and nationwide labeling scheme that falsely touts the benefits of the Products.

Defendant's actions violate Sections 1770(a)(5), (a)(7), (a)(9), and (a)(16) of the CLRA. Absent these material misrepresentations, Plaintiff and members of the Plaintiff Class would not have purchased the Products and are therefore entitled to restitution in an amount to be determined at trial.

What follows is a recitation of: (1) Defendant's false, misleading, and deceptive advertising; (2) the basis of Plaintiff's claims; and (3) Plaintiff's demand for relief.

I.     **DEFENDANT'S FALSE AND DECEPTIVE REPRESENTATIONS**

Defendant deceptively labels the products as having "No Preservatives" and/or being "All Natural" (pictured below).

---

[2] Plaintiff reserves the right to broaden his class definition to include, and hereby puts Defendant on notice of similar violations with respect to other substantially similar products. California courts have ruled that standing to pursue claims involving "substantially similar" products exists in circumstances such as these, i.e., similarity in products, claims, and injury to consumers. *See, e.g., Werdebaugh v. Blue Diamond Growers*, 2013 U.S. Dist. LEXIS 144178 (N.D. Cal. Oct. 2, 2013) (finding standing for purchaser of chocolate almond milk to pursue claims related to unpurchased products of flavored almonds, 16 other varieties of almond milk, and nut chips); *Colucci v. ZonePerfect Nutrition Co.*, 2012 U.S. Dist. LEXIS 183050 (N.D. Cal. Dec. 28, 2012) ("more than enough similarity" between purchased nutrition bar and 19 others not purchased); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 U.S. Dist. LEXIS 101371 (N.D. Cal. July 20, 2012) (purchaser of ice cream permitted to pursue claims involving unpurchased ice cream because "Plaintiffs are challenging the same basic mislabeling practice across different product flavors"); *Koh v. S.C. Johnson & Son, Inc.*, 2010 U.S. Dist. LEXIS 654 (N.D. Cal. Jan. 6, 2010) (allowing plaintiff to sue for purchased product (Shout) and unpurchased product (Windex) because the challenged representation on the labels was the same on both products; also recognizing that "there is no bright line rule that different product lines cannot be covered by a single class.").

Don Vultaggio, CEO
December 14, 2021
Page 3 of 12

**Kiwi Strawberry Fruit Juice Cocktail**



**Lemonade Fruit Juice Cocktail**



Don Vultaggio, CEO
December 14, 2021
Page 4 of 12

**Mucho Mango Fruit Juice Cocktail**



**Fruit Punch Fruit Juice Cocktail**




Don Vultaggio, CEO
December 14, 2021
Page 5 of 12

**Watermelon Fruit Juice Cocktail**




**Orangeade Fruit Juice Cocktail**




Don Vultaggio, CEO
December 14, 2021
Page 6 of 12

**Grapeade Fruit Juice Cocktail**



**Lemonade Drink Mix**



Don Vultaggio, CEO
December 14, 2021
Page 7 of 12

**Golden Bear Strawberry Lemonade**



**Rx Energy**



Don Vultaggio, CEO
December 14, 2021
Page 8 of 12

Defendant falsely represents that the Products do not contain preservatives and are natural. The Products are labeled as "All Natural" and/or containing "No Preservatives." The Products are not, however, all natural or free from preservatives. The Products contain the well-known preservatives citric acid and ascorbic acid, as well as added coloring. Defendant misleads and deceives consumers into believing they are purchasing Products that are all natural and free from preservatives, when in fact, what they receive is a formulation composed with two well-known preservatives and added coloring.

Plaintiff purchased the Mucho Mango Fruit Juice Cocktail from Foods Co. in San Francisco, CA on several occasions since 2017. Plaintiff made his purchase decision in part based on his belief that he would receive a product that was all natural and free from preservatives. Plaintiff paid approximately $4 for the Product and would not have bought the Product if he had known it was not all natural or preservative free. Plaintiff would like to purchase the Product again in the future if she could be sure the Product was compliant with California and federal consumer protection laws.

## II.    BASIS OF PLAINTIFF'S CLAIMS

### A.   All-Natural Claim

**Added Color**

The front labels of the AriZona Kiwi Strawberry Fruit Juice Cocktail, Lemonade Fruit Juice Cocktail, Mucho Mango Fruit Juice Cocktail, Fruit Punch Fruit Juice Cocktail, Orangeade, Grapeade, Lemonade Drink Mix, Golden Bear Strawberry Lemonade, and Rx Energy prominently state "All Natural." In reality, the Products are not "All Natural" because they contain added color. Specifically, Defendant adds "vegetable juice," "fruit and vegetable juices," "annatto," and "beta carotene" as food coloring agents in the Products. For example, in its natural state, strawberry juice is not bright pink. Rather, the added food coloring agents makes the beverages look more vibrant and appetizing for consumption. The Food and Drug Administration ("FDA") does not consider foods with added coloring as natural, no matter the source. "Further, we said that we have considered 'natural' to mean that nothing artificial or synthetic (including colors regardless of source) is included in, or has been added to, the product that would not normally be expected to be there (56 FR 60421 at 60466)."[3] If Plaintiff and other consumers knew the Products were not "all natural," as advertised, they would not have purchased the Products or would have paid significantly less.

Defendant has misled Plaintiff and the Plaintiff Class into believing they are purchasing "All Natural" beverages without additives. Defendant has capitalized on health-conscious consumers seeking natural foods.

///

---

[3] Leslie Kux, *FDA Rulemaking Re Term Natural* (November 12, 2015).

Don Vultaggio, CEO
December 14, 2021
Page 9 of 12

### B.  No Preservatives Claim

The front labels of the Kiwi Strawberry Fruit Juice Cocktail, Lemonade, Mucho Mango Fruit Juice Cocktail, Fruit Punch Fruit Juice Cocktail, Watermelon Fruit Juice Cocktail, Orangeade, and Grapeade prominently state "No Preservatives." In reality, these products all contain the ingredients ascorbic acid and citric acid.

#### Ascorbic Acid

The FDA classifies ascorbic acid as a preservative.[4] Unknowing consumers who read the "No Preservatives" labels on the Products are thus misled into buying Products that do, in fact, contain preservatives.

#### Citric Acid

The FDA classifies citric acid as a preservative in their *Overview of Food Ingredients, Additives, and Colors,* on the FDA's website.[5] The FDA's classification of citric acid as a preservative is further confirmed by its Warning Letter, dated October 6, 2010, to the manufacturer of Chiquita brand "Pineapple Bites with Coconut" and "Pineapple Bites," in which the FDA proclaims the "Pineapple Bites" and "Pineapple Bites with Coconut" products are further misbranded within the meaning of Section 403(k) of the Act [21 U.S.C. 343(k)] in that they contain the chemical preservatives ascorbic acid and citric acid but their labels fail to affirm these preservatives with a description of their functions."[6] The FDA clearly classifies citric acid as a preservative.

In addition, scientific studies and research confirm citric acid possesses properties and functions that qualify it as a preservative. For example, the chelating and acidic properties of citric acid enable it to optimize the stability of food products by enhancing the action of antioxidants and inactivating naturally present enzymes, which could cause undesirable browning and loss of flavor in the foods.[7,8] Citric acid has also been used as a flavoring agent. However, citric acid functions as a preservative regardless of whether it is also being used as a flavorant.[9]

[4] *See* FDA website, U.S. FOOD & DRUG ADMINISTRATION, https://www.fda.gov/Food/IngredientsPackagingLabeling/FoodAdditivesIngredients/ucm094211.htm (last visited December 13, 2021).
[5] *Id.*
[6] *See* FDA label compliance website, U.S. FOOD & DRUG ADMINISTRATION, https://www.fdalabelcompliance.com/letters/ucm228663 (last visited December 13, 2021).
[7] KIRK-OTHMER FOOD AND FEED TECHNOLOGY 262 (2007).
[8] Lazlo P. Somogyi, *Direct Food Additives in Fruit Processing, in* PROCESSING FRUITS: SCIENCE AND TECHNOLOGY, 302 (2d ed. 2004).
[9] John M. deMan, *Additives and Contaminants, in* PRINCIPLES OF FOOD CHEMISTRY 429, 438 (3d ed. 1999).

Don Vultaggio, CEO
December 14, 2021
Page 10 of 12

By representing the Products are preservative free, Defendant seeks to capitalize on consumers' preferences for less processed products with fewer additives, including preservatives, and the association between such products and a healthy diet. Consumers are willing to pay more for products with no preservatives because of this association as well as the perceived higher quality, health, and safety benefits associated with preservative free foods. Not only are consumers increasingly seeking out healthy foods, but they are also willing to pay a premium for them.

According to Nielsen's 2015 Global Health & Wellness Survey that polled over 30,000 people online, 88 percent of Americans are willing to pay more for healthier foods.[10] This, coupled with the fact that global sales of healthy food products reached $1 trillion in 2017, according to Euromonitor, means consumers are eager and willing to pay more for preservative-free foods.[11] Defendant's practice of capitalizing on consumers' preferences for healthy foods is false and deceptive. This deception continues today, as consumers continue to purchase the Products under the mistaken belief that they are preservative free.

Plaintiff and other reasonable consumers do not know that citric acid, ascorbic acid, and added coloring are in the Products, which are labeled "All Natural" and "No Preservatives." Defendant's failure to disclose that the Products contain preservatives constitutes a material omission, especially in light of labeling the Products "All Natural" and "No Preservatives."

Plaintiff purchased the Product in reliance upon the label and advertising claims representing the Product as "All Natural" and containing "No Preservatives" and would not have purchased the Product if he had known that the labeling and advertising as described was false, misleading, and deceptive.

Defendant is in violation of California Civil Code Sections 1770(a)(5), (a)(7), (a)(9) and (a)(16) by: (i) representing the Products have "sponsorship, approval, characteristics, ingredients, uses, benefits or qualities" which they do not have; (ii) representing the Products are "of a particular standard, quality, or grade," when it is of another; (iii) advertising the Products "with intent not to sell [the goods] as advertised;" and (iv) "representing [the Products have] been supplied in accordance with a previous representation when [they have] not."

///

///

///

---

[10]*See* Global Health and Wellness Report 2015, NIELSON, https://www.nielsen.com/wp-content/uploads/sites/3/2019/04/Nielsen20Global20Health20and20Wellness20Report20-20January202015-1.pdf (last visited December 13, 2021).
[11] *See* Health and Wellness the Trillion Dollar Industry in 2017, EUROMONITOR, https://blog.euromonitor.com/health-and-wellness-the-trillion-dollar-industry-in-2017-key-research-highlights/ (last visited December 13, 2021).

Don Vultaggio, CEO
December 14, 2021
Page 11 of 12

## C. Breach of Express Warranty Claim

Defendant expressly warrants that the Products are "All Natural," as set forth above. Defendant's claims constitute an affirmation of fact, promise, and/or description of the goods that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff placed importance on Defendant's claims.

All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class. Defendant breached the terms of the contract, including the express warranties, with Plaintiff and the Class by not providing Products that conform to the advertising and label claims. As a result of Defendant's breach of contract, Plaintiff and the Class have been damaged because had Plaintiff known the Products were in fact not "All Natural," Plaintiff would not have purchased the Product.

## III.   **DEMAND FOR RELIEF**

Pursuant to California Civil Code Section 1782(b), Plaintiff demands that Defendant agree to correct, repair, and rectify its unlawful acts within 30 days. In particular, Plaintiff demands that Defendant changes its labeling of the Products. We also request that Defendant compensate Plaintiff for his attorneys' fees and costs pursuant to Civil Code Section 1780(e) and Code of Civil Procedure Section 1021.5.

**Litigation Hold Notice**: This letter also serves as a demand that you preserve and maintain all of the following records, including but not limited to, all electronically stored information ("ESI"), records, and data, pending resolution of this matter, in accordance with state and federal law:

(1) All internal manuals, written policies, directives, memoranda, correspondence, emails, ESI, and other records of communication concerning the Products' sales, marketing, and advertising within the last four (4) years;

(2) All internal manuals, written policies, directives, memoranda, correspondence, emails, ESI, and other records of communication concerning the Products' "All Natural" and "No Preservatives" claims within the last four (4) years;

(3) All advertising, marketing, and other promotional materials and ESI disseminated in the State of California within the last four (4) years;

(4) All documents, including ESI, concerning consumer complaints or employee complaints from all sources in connection with the Products within the last four (4) years;

(5) All documents, including ESI, concerning the Products' returns within the last four (4) years; and

Don Vultaggio, CEO
December 14, 2021
Page 12 of 12

(6) All business records, including ESI, evidencing the number of units of the Products sold in California within the last four (4) years.


If you wish to discuss this matter prior to Plaintiff initiating formal litigation, then please contact our office at (213) 788-4050. If we do not hear from you on or before January 14, 2022, then we, on behalf of Plaintiff and the proposed Plaintiff Class, will file our client's complaint.

Thank you for your attention to this matter.

Sincerely,

CLARKSON LAW FIRM, P.C.

Yana Hart, Esq.