STEVENS & LEE
Robert P. Donovan (*pro hac vice*)
robert.donovan@stevenslee.com
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
Facsimile:  (610) 371-7938

WILLENKEN LLP
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
707 Wilshire Boulevard, Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

Attorneys for Defendant,
ARIZONA BEVERAGES USA LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>Defendant. | CASE NO. 4:22-cv-09108-JSW<br><br>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>JUDGE:  HON. JEFFREY S. WHITE, U.S.D.J.<br>CTRM:  5<br>DATE:   August 1, 2025<br>TIME:   9:00 am |

1

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

ARGUMENT IN REPLY TO OPPOSITION ..................................................................................1

I.    Plaintiff's Opposition Relies Upon a Sham Affidavit .........................................................1

      A.    The Declaration Contradicts Plaintiff's Testimony About
          Products Purchased and Prices Paid ....................................................................2

      B.    The Declaration Contradicts Plaintiff's Testimony About
          Forming the Belief That Labels Were False and His
          Awareness of Product Ingredients .......................................................................2

      C.    The Declaration Contradicts Plaintiff's Testimony That He
          Has No Intention To Purchase the Products Again ...............................................3

      D.    The Declaration Contradicts Plaintiff's Testimony That He
          Is Not Seeking a Monetary Recovery ...................................................................4

II.   Plaintiff Repeatedly and Consistently Testified That He Bought
      Defendant's Products in 2022 ...........................................................................................4

III.  The Decisions in *Ashour* and *Crawford* Are Directly Applicable and,
      Along With the Other California Authorities Cited, Provide Reasoned
      Grounds to Grant Summary Judgment ...............................................................................7

IV.   No Genuine Dispute of Material Fact Regarding Whether The
      Label Statement "All Natural" Was the Basis of the Bargain ............................................11

V.    Plaintiff Unequivocally Testified That He is Not Seeking a Monetary
      Recovery and None of the Decisions Plaintiff Cites Allow That
      Claim to be Pursued .........................................................................................................11

VI.   The Decisions Upon Which Plaintiff Rely Support Entry of Judgment
      In Defendant's Favor With Regard to the Claim for Injunctive Relief .............................13

VII.  Plaintiff is Not Exposed to Any "Ongoing Risk of Deception" and
      Has Not Established Redressability ...................................................................................14

CONCLUSION..........................................................................................................................15

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Aguilar v. Boulder Brands, Inc.*,
   2013 WL 2481549 (S.D. Cal. June 10, 2013)........................................................................11

5

6

*Alcala v. Monsanto Co.*,
   2014 WL 12666204 (N.D. Cal. Mar. 24, 2014) (Opp. ) ........................................................12

7

*Ashour v. Arizona Beverages USA LLC*,
   2025 WL 961682 (S.D.N.Y. Mar. 28, 2025) .......................................................................7,8

8

9

*Baird v. Samsung Elecs. Am., Inc.*,
   2018 WL 4191542 (N.D. Cal. July 20, 2018), *rev'd on other grounds*, 804 F.
   App'x 481 (9th Cir. 2020) ........................................................................................................8

10

11

*Caldwell v. Nordic Naturals, Inc.*,
   709 F Supp. 3d 889 (N.D. Cal. 2024) ...................................................................................11

12

13

*Crawford v. Arizona Beverages USA LLC*,
   2024 WL 1345648 (S.D. Ill. 2024).....................................................................................7,8,9

14

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) .................................................................................................13

15

16

*Gasser v. Kiss My Face, LLC*,
   2018 WL 4847071 (N.D. Cal. April 4, 2018)........................................................................14

17

18

*Hadley v. Kellog Sales Co.*,
   273 F. Supp. 3d 1052 (N.D. Cal. 2017) .................................................................................11

19

*Ham v. Hain Celestial Grp., Inc.*,
   70 F. Supp. 3d 1188 (N.D. Cal. 2014) ..................................................................................11

20

21

*Hathaway v. Idaho-Pacific Corp.*,
   2017 WL 663064 (D. Idaho Feb. 17, 2017)...........................................................................12

22

23

*Hawkins v. Kroger Co.*,
   512 F. Supp. 3d 1079 (S.D. Cal. 2021)....................................................................................9

24

*Hodgers-Durgin v. de la Vina*,
   199 F.3d 1037 (9th Cir. 1999) ...............................................................................................13

25

26

27

28

---

*Islam v. City of Bridgeton,*
    804 F. Supp. 2d 190 (D.N.J. 2011) ...................................................................................12

*Jewel v. National Security Agency,*
    673 F.3d 902 (9th Cir. 2011) ...........................................................................................15

*Joslin v. Clif Bar & Co.,*
    2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) ...............................................................13

*Krommenhock v. Post Foods, LLC,*
    334 F.R.D. 552 (N.D. Cal. 2020)....................................................................................14

*Lara v. Mahony,*
    2022 WL 17732703 (W.D. Tex. July 18, 2022) .............................................................12

*Lemmons v. Georgetown University Hospital,*
    241 F.R.D. 15 (D.D.C. 2007) ..........................................................................................12

*Martinez v. Marin Sanitary, Serv.,*
    349 F. Supp. 2d 1234 (N.D. Cal. 2004) .............................................................................1

*Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC,*
    2021 WL 3524047 (N.D. Cal. Aug. 6, 2021) .................................................................13

*Perez v. City of Fresno,*
    591 F. Supp. 3d 725 (E.D. Cal. 2022), *aff'd*, 98 F.4th 919 (9th Cir. 2024) ...........................10

*Pino v. Birch Benders, LLC,*
    2022 WL 4913320 (N.D. Cal. Oct. 3, 2022)..................................................................14

*Sequoia Prop. & Equip. Ltd. P'ship v. United States,*
    2002 WL 507537 (E.D. Cal. Feb. 5, 2002)......................................................................4

*Silva v. B&G Foods, Inc.,*
    2021 WL 3012846 (N.D. Cal. July 15, 2021) ...................................................................9

*Sonner v. Schwabe North America, Inc.,*
    911 F.3d 989 (9th Cir. 2018) .......................................................................................9,10

*United States v. Crawford,*
    239 F.3d 1086 (9th Cir. 2001) ........................................................................................12

*Ward v. Cnty. of Siskiyou,*
    2019 WL 448275 (E.D. Cal. Feb. 5, 2019), *aff'd*, 816 F. App'x 51 (9th Cir.
    2020) .................................................................................................................................1

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

07/14/2025 SLI 3686605v1 115260.00012

*Waterhouse v. City of Lancaster*,
  2013 WL 8609248 (C.D. Cal. Mar. 13, 2013) ..........................................................15

*Wilson v. Frito-Lay N. Am., Inc.*,
  260 F. Supp. 3d 1202 (N.D. Cal. 2017) ..........................................................1,9,12

*Yeager v. Bowlin*,
  693 F.3d 1076 (9th Cir. 2012) ..........................................................1

**State Cases**

*Evraets v. Intermedics Intraocular, Inc.*,
  29 Cal App. 4th 779 (1994) ..........................................................11

*Fieldstone Co. v. Briggs Plumbing Products, Inc.*,
  54 Cal. App. 4th 357 (1997) ..........................................................11

**State Statutes**

Illinois Consumer Fraud Act ..........................................................8, 9

**Rules**

Fed. R. Civ. P. 32(d)(3)(B) ..........................................................4

Fed. R. Civ. P. 56 ..........................................................10

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

07/14/2025 SLI 3686605v1 115260.00012

1

**ARGUMENT IN REPLY TO OPPOSITION**

2          Defendant, Arizona Beverages USA LLC ("Defendant" or, at times, "ABUSA"), submits

3     the within memorandum of law in reply to the opposition to the motion for summary judgment

4     ("Opposition" or "Opp.") filed by Plaintiff, Thomas Iglesias ("Plaintiff").

5     **I.      Plaintiff's Opposition Relies Upon a Sham Affidavit**

6          Under the sham affidavit rule, a party cannot create a genuine issue of material fact for

7     summary judgment purposes, by submitting an affidavit or declaration that contradicts his previous

8     testimony without sufficient explanation for the contradiction. *See Martinez v. Marin Sanitary,*

9     *Serv.*, 349 F. Supp. 2d 1234, 1242-43 (N.D. Cal. 2004) (citing *Radobenko v. Automated Equip.*

10    *Corp.*, 520 F.2d 540, 544 (9th Cir. 1975)); *Ward v. Cnty. of Siskiyou*, No. 2:17-cv-00519-JAM-

11    DMC, 2019 WL 448275, at *2 (E.D. Cal. Feb. 5, 2019), *aff'd*, 816 F. App'x 51 (9th Cir. 2020).

12         "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an

13    affidavit contradicting his prior deposition testimony." *Yeager v. Bowlin*, 693 F.3d 1076, 1080

14    (9th Cir. 2012) (citation omitted).  To trigger the sham affidavit rule, the Court must find that there

15    is a clear and unambiguous inconsistency between a party's deposition testimony and subsequent

16    affidavit, rendering that affidavit a sham. *Id.*  This may occur when a declaration contains new

17    facts or facts that the affiant previously testified he could not remember, unaccompanied by a

18    reasonable explanation for the refreshed recollection. *Id.* at 1080–81.

19         Courts in this District have applied the sham affidavit rule to disregard a declaration that is

20    submitted after a deposition, in opposition to a motion for summary judgment, when that

21    declaration flatly contradicts deposition testimony and no explanation is provided for the

22    contradiction. *See Wilson v. Frito-Lay N. Am., Inc.*, 260 F. Supp. 3d 1202, 1212 (N.D. Cal. 2017).

23    As set forth below, the sham affidavit rule applies here because Plaintiff submits a declaration in

24    Opposition (ECF No. 102-4, "Plaintiff Dec.") that, without any explanation, directly contradicts

25    his deposition testimony.

26

27

28

**A.    The Declaration Contradicts Plaintiff's Testimony About Products Purchased and Prices Paid**

In deposition, Plaintiff testified that he only bought and consumed the following ABUSA products ("Products"): Mucho Mango, Kiwi Strawberry, Grapeade, Green Tea, Lemonade and Fruit Punch. [ECF No. 109-1, Ex. A, T. 93:2-16; T. 94:10-16; T. 104:9 – T. 105:1]. Plaintiff also testified that he only bought the Mucho Mango, Kiwi Strawberry, Grapeade, Lemonade and Fruit Punch in gallon containers and the prices he paid for those Products were between $4 and $5 dollars per item. [*Id.*, Ex. A, T. 95:11-T. 96:5; T. 100:15-21; T. 104:2-8; T. 105:19-T. 106:2]. In deposition, he identified the labels of the Grapeade and Lemonade he bought. [*Id.*, Ex. A, T. 151:5-12; 153:2-5].

In Plaintiff's declaration, however, he states that the Defendant's products he bought included the Diet Lemon Tea, Diet Raspberry Iced Tea and Arnold Palmer Half & Half Iced Tea Lemonade. (Plaintiff Dec., ¶ 3). He does not state that he bought the Grapeade and the Lemonade. (*Id.*). He also claims that the prices he paid were between $1 and $5. (*Id.*) Plaintiff does not explain why he is contradicting his deposition testimony.

**B.    The Declaration Contradicts Plaintiff's Testimony About Forming the Belief That Labels Were False and His Awareness of Product Ingredients**

In deposition, Plaintiff testified that:

(1)    as of September 9, 2021, he believed the Arizona products were falsely labeled natural [ECF No. 109-1, Ex. A, T. 72:15-21];

(2)    he came to that awareness at that time when he "reached out to see if that was true or not to Clarkson. **And not knowing if it was or not, and – but lo and behold it's true. It's not all natural.**" [*Id.*, T. 72:22 – T. 73:13 (emphasis added)];

(3)    he read, agreed and approved sending the December 14, 2021 letter wherein he identified ingredients in the Products (including ascorbic acid and colors, "Colors") claimed to render the labels false [*id.*, T. 91:6-20, Ex. C];

(4)    he purchased Products in 2022. [*Id.*, T. 95:1-4; T. 97:16 – T. 98:23; T. 115:7–21]; and

1    (5)    the prices of Products remained the same throughout his purchase history and all

2    were fair and/or reasonable. [*Id.*, T. 96:11-14; T. 99:12-18; T. 107:1-7; T. 108:13-15; T. 109:23-

3    25; T. 110:25 – T. 111:24; T. 112:6-14].

4    In Plaintiff's declaration, he states that when he bought Defendant's Products, he did not

5    know that those products contained "high fructose corn syrup, ascorbic acid, and other additives,

6    which are not natural" and that he would not have purchased the products and paid less for them

7    had he "known the truth about their ingredients." (Plaintiff Dec., ¶ 4). However, that statement is

8    a sham given that he testified that he formed the belief that the Products were mislabeled natural

9    in 2021, authorized a letter in 2021 identifying ingredients believed to be unnatural, admits that he

10    bought the Products in 2022, and testified that the prices were fair and reasonable and stayed the

11    same throughout his purchases into 2022.  Plaintiff does not explain why he is contradicting his

12    deposition testimony.

13    **C.    The Declaration Contradicts Plaintiff's Testimony That He Has No Intention**
      **To Purchase the Products Again**

14

15    In deposition, Plaintiff stated that he knew the products were not natural [ECF No. 109-1,

16    Ex. A, T. 72:22 – T. 73:13] and read, agreed with and authorized the mailing of the December

17    2021 Letter wherein he identified ingredients in the Products, claimed to render the labels false

18    [*id.*, T. 91:6-20, Ex. C].  When asked whether he would buy the Products again, Plaintiff testified

19    **that he had no present intention of purchasing the Products again.**  [*Id.*, T. 118:8 – T. 119:16

20    (emphasis added)].  In the declaration, however, Plaintiff states that he would consider purchasing

21    Defendant's products in the future but he cannot trust the labeling, and is unable to determine

22    whether the products are in fact natural.  (Plaintiff Dec., ¶ 5).  This statement directly contradicts

23    his deposition testimony and Plaintiff offers no explanation for the contradiction.

24    **D.    The Declaration Contradicts Plaintiff's Testimony That He is Not  Seeking a**
      **Monetary Recovery**

25    Plaintiff unequivocally testified that he is not seeking a monetary recovery in this action,

26    that was only seeking to have the label statement "all natural" removed and that such a "simple"

27    change to the label was the sum and substance what he was seeking in this action.  [ECF No. 109-

28

1    1, Ex. A, T. 138:2-19]. In his declaration, Plaintiff states that he is seeking "to obtain compensation

2    for consumers" and that his primary reason for bringing this action is "to recover the money that

3    consumers paid." (Plaintiff Dec. ¶¶ 6, 9). Plaintiff does not explain why he is contradicting his

4    testimony.

5        The Opposition is improperly based on an affidavit that directly contradicts deposition

6    testimony in an attempt to manufacture disputed issues of fact where none exist. Because the

7    Plaintiff's declaration is a sham, Defendant respectfully requests that the Court disregard its

8    contents and/or strike the declaration in its entirety.

9    **II.    <u>Plaintiff Repeatedly and Consistently Testified that He Bought Defendant's Products in 2022</u>**

10

11        Plaintiff absurdly contends that Defendant misrepresents his testimony but that contention

12    is baseless because Plaintiff's testimony, that forms the basis for the summary judgment motion,

13    is set forth, verbatim, in ABUSA's moving papers. He also asserts that questions posed were

14    ambiguous and were "poorly worded," but that assertion is abjectly meritless. The questions at

15    issue asked Plaintiff to state when he bought the products, when he retained counsel, when he

16    formed the belief that the products were falsely labeled natural, whether he authorized and read,

17    and agreed with the contents of a December 2021 letter identifying ingredients in the Products that

18    were allegedly artificial, whether he was seeking a monetary recovery and whether he would buy

19    the products again. Plaintiff answered these questions without any qualification and without

20    stating that he did not understand any of the questions. Regardless, given that there were no

21    objections from counsel with respect to any of these questions including, but not limited to,

22    objections to form, such objections were waived under Federal Rule of Civil Procedure

23    32(d)(3)(B). *See Sequoia Prop. & Equip. Ltd. P'ship v. United States*, No. CV-F-97-5044-LJO,

24    2002 WL 507537, at *2 (E.D. Cal. Feb. 5, 2002) ("[T]o avoid waiver, timely objections during

25    deposition should be made on grounds of ambiguous or uncertain (vague), assumes facts not in

26    evidence, or argumentative.").

27        The record shows that Plaintiff was asked directly when he bought the Products and

28

1    consistently testified that he bought Products in 2022. [ECF No. 109, Ex. A, T. 95:1-4; T. 97:16

2    – T. 98:23; T. 115:7-21]. He even testified that he was certain that he purchased the Mucho Mango

3    in 2022. [*Id.,* T. 98:4-5]. Plaintiff testified that he bought Products up to the date of the lawsuit,

4    December 23, 2022 [*id.*, T. 94:20 – T. 95:4]. Plaintiff argues that the term "lawsuit" was not

5    defined. (Opp. at pp. 6 and 10). That contention is baseless because, at the deposition, Plaintiff

6    was presented with a copy of the initial complaint filed in this action, which he identified, and

7    acknowledged that the date of the filing of this "lawsuit" was December 23, 2022. (ECF No. 109-

8    1, Ex. A, T. 112:23 – T. 113:5).

9           Plaintiff relies upon two cherry-picked questions and answers where Plaintiff stated he did

10   not remember the last purchase of the Mucho Mango [*id.*, T. 114:17-20] and stated that he did not

11   know when the last purchase of any Products took place. [*Id.*, T. 114:25 – T. 115:2]. (Opp. at p.

12   5). However, Plaintiff disregards the entire line of questioning, out of which this testimony was

13   elicited, which includes testimony that Plaintiff purchased the Mucho Mango and Grapeade in

14   2022, but that he did not know the month of those 2022 purchases. [ECF No. 109-1, T. 115:7–

15   21]. Defendant respectfully directs the Court to this entire line of questioning to demonstrate the

16   full context of the entire testimony and to show that Plaintiff consistently testified that he

17   purchased Products in 2022. This testimony is as follows:

18          Q.    I'll show you D22. Do you know what this is, sir? D22, do
                  you know what that is, sir?
19          A.    Class action complaint for Arizona.
            Q.    This is the lawsuit in this case, correct?
20          A.    Yes, sir.
            Q.    It was filed on December 23, 2022?
21          A.    Yes, sir.
            Q.    So when you said you bought the Arizona Mucho Mango up
22                to the date of the lawsuit, you're referring up until December
                  23, 2022?
23
            A.    Close to it, sir.
24          Q.    How close to it?
            A.    I'm going to say a few months.
25          Q.    Say through October 2022?
            A.    We'll say – to be safe, I'm going to say July 2022.
26          Q.    That's when you stopped purchasing the Mucho Mango?

27

28

1  A.  No.  When I stopped, I was – after it was filed, I stopped buying the product.

2  Q.  So after December 23, 2022 you stopped buying –

    A.  I made sure I was not buying it.

3  Q.  But you purchased it up until December 23, 2022?

4  A.  I don't think I purchased it in December or Novem – you know what I'm saying?  Like close to it.

5  Q.  I'm asking you to approximate.  So by October –

    A.  July.  I'm going to say July.

6  Q.  So by July 2022 you stopped buying the Arizona Mucho Mango?

7  A.  Yes, sir.

8  Q.  Fair to say by July 2022 you stopped purchasing the Kiwi Strawberry?

9  A.  I believe so.

    Q.  And then by July 2022, you stopped purchasing the

10   Grapeade?

11  A.  I believe so.

    Q.  So your last purchase of the Mucho Mango was around July

12   2022?

13  A.  I don't recall, sir.

    Q.  Your last purchase of the Mucho Mango was in June of

14   2022?

    A.  I don't remember my last purchases of any of those.

15  Q.  Then how do you know you stopped purchasing in July of 2022?

16  A.  I know I stopped purchasing when this was filed; that's what I told you.

17  Q.  Do you know when the last purchase of any Arizona product was?

18  A.  No, I don't, sir.

19  Q.  So it's possible it was after July of 2022; it's possible it was before?  You don't know?

20  A.  I know after this was filed I did not purchase.

    Q.  **So your testimony is what it is.  You said you purchased**

21   **the product in 2022, so –**

22  **A.  Cool.**

    **Q.  Right?  You did purchase the Mucho Mango in 2022,**

23   **correct?**

    **A.  I just don't know what month.**

24  Q.  Fair enough.  And you did purchase the Kiwi Strawberry in 2020; you just don't know –

25  A.  Yes, sir.

    Q.  -- what month?

26  A.  Yes, sir.

27

28

1  Q.  **And you did purchase the Grapeade in 2022; you just don't know what month?  Right?**
2  A.  **Yes, sir.**

3      [*Id.*, T. 112:23 – T. 115:21 (emphasis added)].

4      This testimony is consistent with Plaintiff's other testimony that he bought Products in

5  2022.  [*Id.*, T. 95:1-4; T. 97:16 – T. 98:23].  His testimony that he cannot remember the month in

6  2022, when he bought the Products, is immaterial because that lack of recollection has no bearing

7  upon the undisputed fact that he purchased Products in 2022.

8      Likewise, Plaintiff's testimony is clear that: (1) as of September 9, 2021, he believed the

9  Arizona products were falsely labeled natural [*id.*, T. 72:15-21]; (2) he came to that awareness, at

10  that time, when he "reached out to see if that was true or not to Clarkson.  **And not knowing if it**

11  **was or not, and – but lo and behold it's true.  It's not all natural.**"  [*Id.*, T. 72:22 – T. 73:13

12  (emphasis added)]; and (3) he read and approved of the contents of the December 14, 2021 letter

13  showing that he knew, as of that 2021 date, of the presence of ingredients that he believed were

14  not natural and rendered the labels false [*id.*, T. 91:6-20, Ex. C].  Notwithstanding the fact that he

15  had such knowledge and held those beliefs, Plaintiff bought the Products in 2022.  That is not a

16  matter of speculation, as Plaintiff argues, but a matter of material facts that cannot be genuinely

17  disputed.

18  **III.  The Decisions in *Ashour* and *Crawford* Are Directly Applicable and, Along**
19  **With the Other California Authorities Cited, Provide Reasoned Grounds to**
      **Grant Summary Judgment**
20
      Contrary to Plaintiff's assertions, the underlying rationale and holdings in *Ashour* and
21
22  *Crawford* apply because those matters were decided based upon virtually the same set of facts

23  presented in this action.  In *Ashour* and *Crawford*, both plaintiffs, like Plaintiff here, purchased the

24  products after learning that they had been deceived.  *See Ashour v. Arizona Beverages USA LLC*,

25  No. 19 Civ. 7081 (AT), 2025 WL 961682, at *2 (S.D.N.Y. Mar. 28, 2025) (plaintiff bought

26  products after retaining counsel to sue for misrepresentation); *see also Crawford v. Arizona*

27  *Beverages USA LLC*, No. 22-cv-220-DWD, 2024 WL 1345648, at *4 (S.D. Ill. 2024) (plaintiff

28

---
DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
- 7 -

1    continued to purchase the product after becoming aware of the sugar and caloric content claimed

2    to be the basis for deception).  Contrary to Plaintiff's assertion (Opp. p. 13), the dispositive issue

3    in those decisions was not whether plaintiffs admitted to purchasing Products **after filing suit**, but

4    that they testified that they purchased the product after becoming aware of the alleged false

5    labeling and after being made aware of the ingredients that were believed to render the labels

6    deceptive.

7        In *Ashour*, the court applied the same legal standard applicable to this matter under the

8    CLRA.  The court property found that, based upon the CLRA, whether or not the plaintiff could

9    prove she relied upon the label statement, was not dispositive of whether that plaintiff could prove

10   that she would have behaved differently had she known the truth with respect to the contents of

11   the products believed to contain preservatives.  *Ashour*, 2025 WL 961682, at *7 (citing *In re

12   Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009) and *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892,

13   913 (N.D. Cal. 2020)).  The evidence in *Ashour* demonstrated that the plaintiff did not behave

14   differently once she knew the truth, because after learning that the products contained citric acid,

15   which she believed was a preservative, that plaintiff continued to purchase the defendant's

16   products.  (*Id.* at * 2 and * 7).

17       Those are the same facts presented here.  Like the plaintiff in *Ashour*, Plaintiff's testimony

18   that he relied upon the label is not sufficient, by itself, to prove that, had he known the truth, he

19   would have acted differently.  Plaintiff cannot satisfy his burden in this regard because he bought

20   Products in 2022, when he already knew about the contents of the Products believed to be unnatural

21   and when he already believed the labels were false.  Like the circumstance in *Ashour*, the

22   undisputed fact is that once Plaintiff learned the truth about the labels and the contents in the

23   Products, he did not act differently.

24       Plaintiff inaccurately claims that *Crawford* concerns a different legal standard under the

25   Illinois Consumer Fraud Act ("ICFA") (Opp. at p. 12).  *See Baird v. Samsung Elecs. Am., Inc.*,

26   No. C 17-06407 JSW, 2018 WL 4191542, at *10 (N.D. Cal. July 20, 2018), *rev'd on other grounds*,

27   804 F. App'x 481 (9th Cir. 2020) (observing that the CLRA, ICFA, and MCPA all have similar

28

1    reasonable consumer standards for evaluating claims of deceptive business practices.).    As

2    observed in *Crawford*, ICFA requires a consumer to prove that he would have acted differently

3    knowing the information. 2024 WL 1345648, at *8. The requirement that a consumer must prove

4    that he would have acted differently knowing the information is applicable to Plaintiff's CLRA

5    claim and renders the cogent analysis in *Crawford* instructive and the holding applicable. *See*

6    *Wilson*, 260 F. Supp. 3d at 1213 (beyond conclusory assertions of reliance, plaintiff must prove

7    the label statement was a substantial factor in the decision to purchase the product).

8        In *Crawford*, the court found significant that the plaintiff continued to purchase the product

9    after discovering ingredients he claimed were deceptively represented on the label. 2024 WL

10    1345643 at * 4. Because the plaintiff there did not act differently, once he knew the truth, the

11    court logically found that the label statement was not a material misrepresentation to him and

12    stated, "[p]ut another way," the purchase of the product, after learning of its contents, meant that

13    the decision to make the purchase was "not determined by the alleged misrepresentation" on the

14    label. 2024 WL 1345648, at *5. That is the same undisputed fact here.

15        Plaintiff contends that his purchases in 2022 do not matter (Opp. at p. 11) but none of the

16    decisions he cites support that proposition. In *Silva v. B&G Foods, Inc.*, No. 20-cv-00137-JST,

17    2021 WL 3012846, at *1 (N.D. Cal. July 15, 2021), the denial of summary judgment was based

18    upon the fact that the plaintiffs purchased the products **before the offensive label appeared on**

19    **the products**, and then purchased the products **after that label was removed**. *Silva* did not

20    concern a circumstance where the plaintiff bought the product after forming the belief that the

21    labels were false, after retaining counsel to sue about the alleged false label, and after becoming

22    aware of the alleged artificial ingredients in those products. Similarly, in *Hawkins v. Kroger Co.*,

23    512 F. Supp. 3d 1079 (S.D. Cal. 2021), the court addressed testimony of reliance, not the pivotal

24    proof of a Plaintiff's continued purchases, after becoming forming the belief that the labels were

25    false, after retaining counsel to sue about alleged false labels and with the knowledge that the

26    products contained ingredients asserted to be artificial.

27        *Sonner v. Schwabe North America, Inc.*, 911 F.3d 989 (9th Cir. 2018) is inapposite because

28

1   the court there found that the trial court imposed an improper evidentiary burden on expert

2   evidence beyond that required to defeat summary judgment. *Id.* at 992. *Sonner* does not hold for

3   the proposition, absurdly proffered by Plaintiff, that a jury could "elect to disregard any testimony

4   evidence" regarding his purchases in 2022. (*See* Opp. at p. 11). That type of a speculative assertion

5   and request for an irrational inference, to be made out of thin air, is not warranted under Rule 56.

6   *See Perez v. City of Fresno*, 591 F. Supp. 3d 725, 737 (E.D. Cal. 2022), *aff'd*, 98 F.4th 919 (9th

7   Cir. 2024) (While a '*justifiable* inference' need not be the most likely or the most persuasive

8   inference, a 'justifiable inference' must still be rational or reasonable" and such "[i]nferences are

9   not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate

10   from which the inference may be drawn.").

11       Plaintiff misstates the record and the arguments in Defendant's motion by asserting that

12   price to which Plaintiff testified was fair only related to his pre-2022 purchases (Opp. at p. 19).

13   On the contrary, Plaintiff testified that the purchase price stayed the same throughout his purchase

14   history to 2022 (ECF No. 109-1, T. 96:11-14; T. 99:12-18) and that he found all the prices to be

15   fair and/or reasonable. (*Id.*, T. 107:1-7; T. 108:13-15; T. 109:23-25; T. 110:25-T. 111:24; T.

16   112:6-14]. Plaintiff has not provided any evidence demonstrating that a reasonable fact finder

17   could find that he was injured when he paid for the Products at fair prices after he knew the truth

18   about the contents of the Products and after he became aware they mislabeled natural.

19   Additionally, because the restitution claim has been dismissed (ECF No. 47), Plaintiff's arguments

20   that this same claim cannot be forfeited based on his purchases, at admittedly fair and/or reasonable

21   prices (Opp. at p. 19), is glaringly misguided.

22       Plaintiff purchased the Products in 2022, after he formed the belief that they were falsely

23   labeled natural, with the knowledge of the ingredients in the Products believed to be not natural,

24   at prices he found reasonable and/or fair, summary judgment is warranted. No reasonable

25   factfinder could find that the label statement was a substantial factor for Plaintiff's purchases, and

26   that he would have acted differently had he known the truth. This is so because, having such

27   knowledge and beliefs, Plaintiff bought the Products anyway at that same price.

28

1

2

**IV.    No Genuine Dispute Of Material Fact Exists Regarding Whether the Label Statement "All Natural" was the Basis of the Bargain**

3

Addressing the express warranty claim (Opp. at pages 15 and 16), Plaintiff cites to the

4

following decisions: *Caldwell v. Nordic Naturals, Inc.*, 709 F Supp. 3d 889 (N.D. Cal. 2024);

5

*Evraets v. Intermedics Intraocular, Inc.*, 29 Cal App. 4th 779 (1994); *Fieldstone Co. v. Briggs*

6

*Plumbing Products, Inc.*, 54 Cal. App. 4th 357 (1997); *Hadley v. Kellog Sales Co.*, 273 F. Supp.

7

3d 1052 (N.D. Cal. 2017), *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188 (N.D. Cal. 2014)

8

and *Aguilar v. Boulder Brands, Inc.*, No. 12cv01862 BTM (BGS), 2013 WL 2481549 (S.D. Cal.

9

June 10, 2013).  However, none of these rulings support the proposition that a plaintiff, making

10

continued purchases of a product after coming to the belief that the label was false, is able to prove

11

that the label statement was the basis of the bargain.  Except for *Fieldstone,* all the other decisions

12

concerned motions to dismiss and/or were based on the pleadings alone, not summary judgment

13

motions.  The decisions provide no guidance to this Court on the question of whether Plaintiff has

14

presented any evidence sufficient to defeat summary judgment on the warranty claim.

15

**V.    Plaintiff Unequivocally Testified That He is Not Seeking a Monetary Recovery and None of the Decisions Plaintiff Cites Allow That Claim to be Pursued**

16

Plaintiff was asked directly whether he was seeking a monetary recovery and responded,

17

twice, "No."  [ECF No. 109, Ex. A, T. 138:2-5].  He stated that he was only seeking to have the

18

label statement "all natural" removed.  [*Id.*, Ex. A, T. 138:7-16].  Plaintiff was asked whether that

19

change to the label was the "sum and substance" of what he was seeking, Plaintiff stated "Yes."

20

[*Id.*, Ex. A, T. 138:17-19].  This testimony was provided without any qualification by Plaintiff or

21

objection from his counsel.

22

Plaintiff asserts that because he was not asked whether he was "abandoning any particular

23

form of relief," he cannot be found to have done so.  (Opp. at p. 18).  Plaintiff cites to no authority

24

requiring that such a deposition question be posed as a prerequisite to find that a claim has been

25

abandoned when there is unequivocal and repeated deposition testimony that a monetary recovery

26

is not being pursued.  Plaintiff argues that his testimony about not seeking a monetary recovery

27

was in response to a question of what "primary relief" he was seeking in the case.  (Opp. at p. 6).

28

1    That is a rank misstatement of the question and his response.

2          Contrary to Plaintiff's position, courts in this district have ruled that a claim is abandoned

3    by virtue of the deposition testimony of a party.  Plaintiff relies upon the rulings in *Wilson*, 260 F.

4    Supp. 3d at 1208 and *Alcala v. Monsanto Co.*, No. C-08-04828 PJH (DMR), 2014 WL 12666204

5    (N.D. Cal. Mar. 24, 2014) (Opp. at p. 19), but the judgments rendered in those matters support a

6    finding of abandonment here.  In *Wilson*, the court found that the plaintiff there abandoned his

7    claim about a label statement, "0 grams trans fat," that was alleged as false in the complaint,

8    because the plaintiff testified in deposition that he was only challenging the all natural statement.

9    260 F. Supp. 3d at 10.  In *Alcaraz*, the court found abandonment because the plaintiff there

10   admitted in deposition that he was limiting his claims to respiratory problems and did not mention

11   the other ailments forming the basis of claims alleged in the complaint.  2014 WL 12666204, at

12   *1, and n.2.

13         The other decisions cited in the Opposition do not support the legal assertion that Plaintiff's

14   unequivocal testimony cannot constitute an abandonment of a claim.  In *Islam v. City of Bridgeton*,

15   804 F. Supp. 2d 190 (D.N.J. 2011), the plaintiff there testified that she did not know what the

16   complaint meant so that the testimony about the inability to explain how her rights were violated,

17   was ruled not to constitute an abandonment of the claim.  *Id.* at 198 n.3.  In *Lara v. Mahony*, No.

18   DR: 21-CV-056BAMBCW, 2022 WL 17732703 (W.D. Tex. July 18, 2022), the court was

19   considering responses to request for admissions, not sworn deposition testimony.  In *Lemmons v.*

20   *Georgetown University Hospital*, 241 F.R.D. 15 (D.D.C. 2007), the court found no abandonment

21   because the plaintiff had not been expressly asked whether she believed that the defendant ever

22   discriminated against her on the basis of her religion.  *Id.* at 31.  *United States v. Crawford*, 239

23   F.3d 1086 (9th Cir. 2001), concerned a ruling that a question, answered over an objection, to a lay

24   witness to provide an opinion as to the correct interpretation of a contract, improperly sought a

25   legal conclusion.  That case did not address a direct question to a plaintiff, without objection, as to

26   whether a monetary recovery is being sought by that party.  In *Hathaway v. Idaho-Pacific Corp.*,

27   No. 4:15-cv-86-BLW, 2017 WL 663064 (D. Idaho Feb. 17, 2017), the court found that the

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
07/14/2025 SLL 3686605v1 115269 00012

1    testimony was far from unequivocal and that, given other testimony elicited, the court expressed

2    doubt as to whether the witness understood the question. None of those circumstances exist here.

3       In addition to relying upon his sham affidavit, Plaintiff cites to his class certification motion

4    in an attempt to show that despite his deposition testimony, he did not abandon that claim. (Opp.

5    at p. 19). However, an individual plaintiff cannot rely upon the supposed standing of unnamed

6    putative class members but, rather, must prove that he has standing for his own individual claims.

7    *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011) (holding that named plaintiffs

8    in class lacked standing to sue for *injunctive* relief even if some class members possessed

9    standing); *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named

10    plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking

11    that relief.").

12       Given Plaintiff's unequivocal testimony that he is not seeking a monetary recovery, only

13    seeks to have the label statement "all natural" removed, just grounds exist to enter summary

14    judgment on Plaintiff's monetary claim by virtue of his abandonment of that claim.

15    **VI.** **The Decisions Upon Which Plaintiff Rely Support Entry of Judgment in Defendant's**
16       **Favor With Regard to the Claim for Injunctive Relief**

17       On close reading, the decisions Plaintiff relies upon to argue that he has Article III standing

18    (Opp. pages 22-24) support the entry of judgment in ABUSA's favor.  In *Moore v.*

19    *GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 20-cv-09077-JSW, 2021 WL

20    3524047 (N.D. Cal. Aug. 6, 2021), the Court considered a motion to dismiss for lack of Article III

21    standing. Significantly, in denying the motion, the Court addressed its decision in *Joslin v. Clif*

22    *Bar & Co.*, No. 4:18-cv-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019), stating that

23    the *Joslin* plaintiffs, unlike the plaintiff in *Moore*, did not allege that they desired to purchase the

24    products again, "which was independently fatal to the injunctive relief claims." *Moore*, 2021 WL

25    3524047, at *6 (citing *Joslin*, 2019 WL 5690632, at *3). Defendant relies upon *Joslin* in the

26    motion for summary judgment (ECF No. 109, p. 16 and 17), but Plaintiff does not address that

27    decision in his Opposition.

28

1    Similarly, *Gasser v. Kiss My Face, LLC*, No. 17-cv-01675-JSC, 2018 WL 4847071 (N.D.

2    Cal. April 4, 2018), contains law that supports judgment in ABUSA's favor on lack of standing.

3    In *Gasser*, the court, in finding standing was pled, confirmed that plaintiff with a decision where

4    standing was not found to exist because the plaintiffs admitted having knowledge of product

5    contents, enabling them to make an appropriate choice with respect to the products, and that they

6    did not wish to continue to purchase those products. *Id.* at *3 (citing *Fernandez v. Atkins*

7    *Nutritionals, Inc.*, No. 3:17-cv-01628-GPC-WVG, 2018 WL 280028 (S.D. Cal. Jan. 3, 2018)).

8    Plaintiff's reliance upon *Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552 (N.D. Cal.

9    2020) (Opp. at p. 22) is misplaced because the court there denied summary judgment due to

10   plaintiff testifying that he did not know if he would buy the products at issue again and the court

11   finding his testimony ambiguous. *Id.* at 572-73. In contrast, no ambiguous testimony exists here.

12   In *Pino v. Birch Benders, LLC*, No. 22-cv-02194-TSH, 2022 WL 4913320 (N.D. Cal. Oct. 3,

13   2022), the court denied a motion to dismiss because the plaintiffs alleged that they continued to

14   desire to purchase the products. *Id.* at *2. Unlike the allegations in *Pino*, Plaintiff testified having

15   the exact opposite intention by stating that he has no present intention to purchase the Products

16   again.

17   Plaintiff cites to no decision that supports a finding that he has Article III standing after he

18   testified that he knows the products are not natural and has no intention to buy them again. Just

19   grounds therefore exist to grant summary judgment in Defendant's favor on Plaintiff's claim for

20   injunctive relief due to lack of Article III standing.

21   **VII.    Plaintiff is Not Exposed to Any "Ongoing Risk of Deception" and Has Not Established**
         **Redressability**

22

23   In addressing the lack of redressability, Plaintiff argues that there is an "ongoing risk of

24   deception" because he cannot rely on the natural label claim and that he would purchase the

25   Products again if he could be sure they delivered the advertised benefits. (Opp. at p. 24). There

26   is no evidence to support that baseless contention. Reference is made to the evidence presented in

27   support of this motion that proves that Plaintiff knows of the identity of the ingredients in the

28

1    Products claimed to be unnatural, believes that the labels are false, that he has chosen to avoid

2    buying the Products because they are not natural and has no present intention to purchase the

3    Products again. (ECF No. 109-1, Ex. A, T. 138:2-19; *id.*, Exs. B-F).

4          Plaintiff relies upon decisions that do not support his Opposition because they do not

5    address the procedural or factual circumstances here.  In *Jewel v. National Security Agency*, 673

6    F.3d 902 (9th Cir. 2011), the court reversed the entry of an order dismissing a complaint for lack

7    of standing to sue the government under federal statutes and the First and Fourth Amendments of

8    the United States Constitution.  The court was not addressing a summary judgment motion and the

9    issues of abandonment of a claim during deposition.  *Waterhouse v. City of Lancaster*, No. CV

10   12–00923 SJO (SHx), 2013 WL 8609248 (C.D. Cal. Mar. 13, 2013) addressed standing under the

11   Fair Housing Act which the court noted was a liberal standard.  *Id.* at *9.  Based upon the complaint

12   filed by plaintiffs there, the court ruled that it was clear that the requested relief that would remedy

13   the plaintiffs' alleged injuries.  *Id.*  These decisions in no way bear upon whether Plaintiff has

14   satisfied his burden to submit facts to prove redressability.  Because Plaintiff has failed to provide

15   such evidence in opposition to this motion, summary judgment in Defendant's favor, for lack of

16   redressability, is warranted.

17   **CONCLUSION**

18         For the foregoing reasons, ABUSA respectfully requests that the Court grant Defendant's

19   motion and enter summary judgment in its favor against Plaintiff's claims.

20         Respectfully submitted,

21   Dated: July 14, 2025                    */s/ Robert P. Donovan*
                                             ROBERT P. DONOVAN
22

23                                           STEVENS & LEE
                                             669 River Drive, Suite 201
24                                           Elmwood Park, New Jersey 07407
                                             Telephone:  (201) 857-6778
25                                           Facsimile:  (201) 857-6761
                                             robert.donovan@stevenslee.com
26                                           *Attorneys for Defendant*

27

28

---

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
- 15 -