1  STEVENS & LEE
2  Robert P. Donovan (*pro hac vice*)
   robert.donovan@stevenslee.com
3  669 River Drive, Suite 201                                    **REDACTED – PUBLICLY FILED**
   Elmwood Park, New Jersey 07407
4  Telephone: (201) 857-6778
   Facsimile: (610) 371-7938
5
6  WILLENKEN LLP
   Jason H. Wilson (Bar No. 140269)
7  jwilson@willenken.com
   707 Wilshire Boulevard, Suite 4100
8  Los Angeles, California 90017
   Telephone: (213) 955-9240
9  Facsimile: (213) 955-9250
10 Attorneys for Defendant,
11 ARIZONA BEVERAGES USA LLC

12              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
13
   THOMAS IGLESIAS, individually and on    CASE NO. 4:22-cv-09108-JSW
14 behalf of all others similarly situated,

15              Plaintiff,                   DEFENDANT'S MOTION FOR
                                            ATTORNEYS' FEES AND COSTS UNDER
16         v.                               FED. R. CIV. P. 54 AND L.R. 54-5

17 ARIZONA BEVERAGES USA, LLC,              JUDGE: HON. JEFFREY S. WHITE,
                                            U.S.D.J.
18              Defendant.                   HEARING DATE: October 10, 2025
                                            TIME: 9:00 am
19                                          CTRM: 5
20

21 **TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

22      **PLEASE TAKE NOTICE** that on October 10, 2025, at 9:00 am, or as soon thereafter as
23 the matter may be heard, before the Honorable Jeffrey S. White, United States District Judge, at
24 the Oakland Courthouse, 1301 Clay Street, Oakland, California, defendant, Arizona Beverages
25 USA, LLC ("Defendant" or, at times "ABUSA"), will and hereby does move, pursuant to Fed. R
26 Civ. P. 54 and Civil Local Rule 54-5, for an order awarding ABUSA attorney's fees and costs as
27

28 _____
   DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

   09/03/2025 SL1 3753190v1 115260.00012

1   the prevailing party under Cal. Civ. Code § 1780(e) of the California Consumer Legal Remedies

2   Act ("CLRA") and pursuant to Fed. R Civ. P. 37(c)(2).

3          This motion is based upon this motion, the accompanying memorandum of points and

4   authorities, the accompanying declaration of counsel, Robert P. Donovan, Esq., the declaration of

5   André Jardini, Esq., the record in this action, and all matters in which the Court may take notice

6   and any arguments presented at the time of hearing.

7

Dated: September 3, 2025              /s/ Robert P. Donovan
8                                                   ROBERT P. DONOVAN

9
                                     STEVENS & LEE
10                                    669 River Drive, Suite 201
                                     Elmwood Park, New Jersey 07407
11                                    Telephone: (201) 857-6778
                                     Facsimile: (201) 857-6761
12                                    robert.donovan@stevenslee.com

13
                                     *Attorneys for Defendant*
14                                    *Arizona Beverages USA, LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28          DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

1

## <u>TABLE OF CONTENTS</u>

2  TABLE OF AUTHORITIES ............................................................................................. ii

3  SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED .................................1

4  PROCEDURAL HISTORY AND STATEMENT OF FACTS.......................................................3

5       A.     Plaintiff's Lawsuits About Ascorbic Acid ...............................................3

6       B.     Other Class Action Complains Filed by Plaintiff ....................................5

7       C.     Defendant's Request for Admissions and Plaintiff's Responses ...........5

8       D.     Plaintiff's Deposition ...............................................................................7

9  LEGAL ARGUMENT ..............................................................................................................7

10  I.    Defendant is Entitled to Attorneys' Fees as the Prevailing Party, Under
11        CLRA Section 1780(e), Because Plaintiff's Prosecution was not in Good Faith................7

12  II.   Plaintiff's Violation of Rule 37(c)(2) Warrants an Award of Attorney's
        Fees and Costs to Defendant.......................................................................................13

13  CONCLUSION....................................................................................................................15

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

## <u>TABLE OF AUTHORITIES</u>

2

3

<span style="float:right">**Page(s)**</span>

4

**Federal Cases**

5
*Crawford v. Arizona Beverages USA LLC,*
   No. 22-cv-220-DWD, 2025 WL 658100 (S.D. Ill. Feb. 25, 2025).......................9,12

6

*Diamond State Ins. Co. v. Deardorff,*
7   No. 1:10–cv–00004 AWI JLT, 2011 WL 2414391 (E.D. Cal. June 8, 2011) ...................14,15

8
*Gonzalez v. City of Maywood,*
   729 F.3d 1196 (9th Cir. 2013) ...........................................................................................11
9

10
*Hensley v. Eckerhart,*
   461 U.S. 424 (1983)...........................................................................................................12

11

12
*Holmgren v. State Farm Mutual Auto. Ins. Co.,*
   976 F.2d 573 (9th Cir. 1992) .............................................................................................14

13
*Jones v. ConAgra Foods, Inc.,*
   C 12-01633-CRB, 2013 WL 6623740 (N.D. Cal. Dec. 16, 2013)...........................................8
14

15
*Marchand v. Mercy Med. Ctr.,*
   22 F.3d 933 (9th Cir. 1994) ...............................................................................................14

16

17
*McCarthy v. Ameritech Pub., Inc.,*
   763 F.3d 488 (6th Cir. 2014) .............................................................................................15

18
*Netlist Inc. v. Samsung Elecs. Co.,*
   341 F.R.D. 650 (C.D. Cal. 2022)...............................................................................2,14,15
19

20
*Parkinson v. Hyundai Motor Am.,*
   796 F. Supp. 2d 1160 (C.D. Cal. 2020) .............................................................................13

21

22
*Pickman v. Am. Express Co.,*
   No. C 11-05326 WHA, 2012 WL 1357636 (N.D. Cal. April 17, 2012) .................................7

23
*Shuman v SquareTrend, Inc.,*
   20-cv-0275-JCS, 2023 WL 2311950 (N.D. Cal. March 1, 2023)........................................10
24

**State Cases**

25

26
*Citizens of Humanity, LLC v. Hass,*
   46 Cal. App. 5th 589 (2020) ................................................................................................8

27

28

i

*Corbett v. Hayward Dodge, Inc.*,
   119 Cal. App. 4th 915 (2004) ................................................................8

*Dopps v. Bentley Motors, Inc.*,
   174 Cal. App. 4th 967 (2009) ..............................................................15

*Graciano v. Robinson Ford Sales, Inc.*,
   144 Cal. App. 4th 140 (2006) ................................................................8

*Kim v. Euromotors W./The Auto Gallery*,
   No. B214656, 2010 WL 1138060 (Cal. Ct. App. Mar. 26, 2010) .........11

*PLCM Grp. v. Drexler*,
   22 Cal. 4th 1084 (2000), *as modified* (June 2, 2000)..........................11

*Rutman v. Bennett*,
   No. D036046, 2002 WL 80302 (Cal. Ct. App. Jan. 22, 2002) ............10

*Severson & Werson v. Bolinger*,
   235 Cal. App. 3d 1569 (1991) ..............................................................10

*Shisler v. Sanfer Sports Cars, Inc.*,
   167 Cal. App. 4th 1 (2008) ....................................................................8

**Federal Statutes**

28 U.S.C.A. § 1920....................................................................................13

**State Statutes**

Cal. Civ. Code § 1032..................................................................................8

Cal. Civ. Code § 1033.5.............................................................................10

Cal. Civ. Code § 1033.5(10) ......................................................................10

California Consumer Legal Remedies Act § 1780(e)........................ *passim*

**Rules**

Fed. R. Civ. P. 37(c)(2)..................................................................... *passim*

Fed. R. Civ. P. 54 ......................................................................................i,1

Fed. R. Civ. P. 54(d)(1)..............................................................................13

Local Civil Rule 54-5....................................................................................i

Rule 30(b)(6)...............................................................................................13

ii

**SUMMARY OF ARGUMENT/STATEMENT OF ISSUES PRESENTED**

Defendant, Arizona Beverages USA LLC ("Defendant" or, at times, "ABUSA"), submits the within memorandum of law in support of its motion for an award of attorneys' fees and costs, pursuant to Fed. R. Civ. P. 54 and Civil L.R. 54-5, as the prevailing party under California Consumer Legal Remedies Act, Cal. Civ. Code § 1780(e), and for an award of cost of fees and expenses under Fed. R. Civ. P. 37(c)(2).  As is set forth more fully below, just grounds exist to grant the motion because:

**An Award of Fees is Authorized Under Cal. Civ. Code § 1780(e) (Fees and Expenses Sought from October 1, 2024 to August 14, 2025)** - Pursuant to Cal. Civ. Code § 1780(e), a prevailing defendant may be awarded attorneys' fees "upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." Plaintiff's lack of good faith in prosecuting this matter is manifest.  Plaintiff claimed he was deceived by ABUSA by relying upon the "All Natural" label when making purchases of the Defendant's products and that he would not have bought the Products had he known they contained non-natural ingredients including the alleged preservative, ascorbic acid.  However, as found by this Court, based on Plaintiff's deposition testimony about buying the Products, after retaining counsel to sue and after becoming aware of the ingredients that he believed were artificial, there was no genuine dispute that he did not rely upon the "All Natural" label statements when making his purchases.  (ECF No. 120). Also, Plaintiff was found to have abandoned his claim for any monetary recovery by clearly testifying that he was not seeking such a recovery.  (*Id.*)  He also had no standing to sue for an injunction given his testimony that had no intention to buy the Products again.  (*Id.*)

Plaintiff nevertheless continued to prosecute these baseless claims, after his deposition, forcing Defendant to incur fees and expenses defending against an action that should not have been commenced in the first place.  Plaintiff's continued prosecution of this abjectly baseless action forced Defendant to file a motion for summary judgment, to defend against an ill-fated class certification motion, and to engage in more discovery, all at enormous costs.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

09/03/2025 SL1 3753190v1 115260.00012

1      Plaintiff's prosecution without good faith is further evidenced by his other prior lawsuits,

2  some of which included substantially similar claims to those asserted here, which demonstrate that,

3  in this action, he was merely a shill.  One such lawsuit proves that Plaintiff, well prior to suing

4  Hornell Brewing, Co., Inc. ("Hornell"), and then ABUSA, had formed the belief that one of the

5  ingredients at issue here, ascorbic acid, was not natural.  After dismissing that claim, Plaintiff then

6  made the same claims about ascorbic acid here, some 3 years later, against Hornell and then

7  ABUSA.  His testimony, the prior lawsuits and his involvement in other putative class action

8  matters demonstrate that the within action was entirely contrived.  The facts presented support an

9  inference of Plaintiff's improper ulterior motive and evidence his lack of subjective good faith.

10      Defendant's motion seeks fees and expenses during a limited and defined time period (i.e.,

11  between the period after Plaintiff was deposed on September 19, 2024 through August 14, 2025),

12  not for the entire defense period.  That limited period marks the several months when Plaintiff

13  inexcusably, and in bad faith, persisted in prosecuting a fictional cause of action.

14      **Fees and Costs are Mandated Under Rule 37(c)(2) (Fees Sought from August 1, 2024-**

15  **September 30, 2024)** - Defendant moves for the costs of fees incurred as a result of Plaintiff's

16  failure to admit facts, in response to request for admissions, requiring Defendant to travel to

17  California and to take his deposition to prove those facts.  *See Netlist Inc. v. Samsung Elecs. Co.*,

18  341 F.R.D. 650, 661 (C.D. Cal. 2022).  In response to some of Defendant's request for admissions,

19  Plaintiff objected to and failed to admit facts in the requests including: that he would never

20  purchase the Products again; the reasons for purchasing the Mucho Mango Product included the

21  flavor; that he liked the taste of the Much Mango Product; and that he purchased Lemonade and

22  Grapeade Products with labels that were at issue in this case.  Plaintiff's deposition testimony

23  proved that: he would not purchase the Products in the future; he bought the Mucho Mango Product

24  for the flavor; he liked the taste of the Mucho Mango; and the front labels for the Lemonade and

25  Grapeade Product were the labels on the Products he purchased.  Costs and fees are thereby

26  warranted under Fed. R. Civ. P. 37(c)(2).

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

**PROCEDURAL HISTORY AND STATEMENT OF FACTS**

Plaintiff filed this action on December 23, 2022. (ECF No. 1). Plaintiff amended that complaint asserting that the labels on ABUSA's products ("Products") falsely stated "All Natural," "100% Natural," and/or "100% All Natural" because they contained one or more of the following ingredients alleged to be not natural: natural flavors, colors (i.e., annatto, beta carotene, fruit and vegetable juice, and vegetable juice; collectively referred to herein as, "Colors"), high fructose corn syrup ("HFCS"), malic acid, **ascorbic acid** and erythritol. (ECF No. 29, "FAC," ¶ 9, emphasis added).

Plaintiff filed a motion for class certification on May 15, 2025 (ECF No. 102). Defendant filed a motion for summary judgment on June 20, 2025 (ECF No. 109), which Plaintiff opposed. (ECF No. 114). By order and decision entered on August 14, 2025 (ECF No. 120), and corresponding final judgment entered August 20, 2025 (ECF No. 125), this Court granted summary judgment against Plaintiff in Defendant's favor and denied the Plaintiff's class certification motion as moot.

A.    **Plaintiff's Lawsuits About Ascorbic Acid**

i. <u>Welch Suit</u> – On November 29, 2016, through another firm, Plaintiff sued Welch Foods, Inc. ("Welch Suit"). (Donovan Dec., Ex. B, T. 33:8-13; Ex. C). Plaintiff alleged that the ascorbic acid in Welch's Fruit Snacks contained preservatives claiming that the ingredient had "been long recognized by the FDA as chemical preservatives." (*Id.*, T. 34:6-13, Ex. C, ¶ 3). On October 18, 2019, Plaintiff filed an application dismissing the claim about ascorbic acid, advising the court there that he "no longer wishes to pursue the 'No Preservatives' claim." (*Id.*, Ex. D, p. 4). Plaintiff received money as a result of an apparent settlement in that case. (*Id.*, T. 35:18-21).

ii. <u>Hornell Action</u> - On March 21 2022, Plaintiff filed a complaint against Hornell under Case No. 3:22-cv-01795-TLT ("Hornell Action"), claiming Arizona brand products were deceptively labeled all natural. (Hornell Action ECF No. 1). Plaintiff amended that complaint on June 22, 2022, asserting that the Arizona brand products were falsely labeled all natural because

- 3 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

1  they contained, among other ingredients, ascorbic acid, alleged to be "a well-known preservative".

2  (Hornell Action ECF No. 20, ¶ 2).   Both the initial complaint and the amended complaint in the

3  Hornell Action, as well as the complaints filed in this action, were signed by Yana Hart, Esq.

4  (Hornell Action ECF Nos. 1 and 20; ECF Nos. 1 and 29).   Ms. Hart signed the September 9, 2021

5  retainer agreement (ECF Nos. 109- 3, Ex. B; filed under seal, ECF No. 121), signed and filed the

6  stipulation of dismissal in the Hornell Action (Hornell Action ECF No. 54), and signed the CLRA

7  Letters that Plaintiff authorized (ECF Nos. 109, Ex. C., 123-2 and 123-3).

8

9  During Plaintiff's deposition, in response to the question of whether he knew who Yana

10  Hart was, he testified "No," twice. (Donovan Dec., Ex. B, T. 72:4-7).  Plaintiff testified that he

11  did not remember filing a lawsuit against Hornell.  (*Id.*, T. 140:11-24).  After substantial motion

12  practice, the Hornell Action was voluntarily dismissed by Plaintiff on January 6, 2023.  (Hornell

13  Action ECF No. 54).  Plaintiff did not remember the dismissal of that suit.  (*Id.*, T. 140:11-24).

14

15  iii. <u>Subject Action</u> - Plaintiff filed the within action against ABUSA making the same

16  allegation, as made in the Welch Suit and the Hornell Action, that ascorbic acid is a preservative

17  (Compare Donovan Dec., Ex. C, ¶ 3; Hornell Action ECF No. 20, ¶ 2 and ECF No. 1, ¶ 2).  Plaintiff

18  amended that complaint making nearly every allegation that had been made in the Hornell Action.

19  (Compare Hornell Action ECF No. 20, ¶¶ 2-4, 21(a)-(l), and 25 with ECF No. 29, ¶¶ 2, 52(a)-(l)).

20

21  Plaintiff testified that he did not recall whether he authorized the complaint against ABUSA

22  to be amended and did not know that claims had been dismissed.  (Donovan Dec., Ex. B, T. 116:4-

23  18; ECF No. 47).  Ryan Ardi, Esq., an attorney at the Clarkson firm, submitted filings to this Court

24  in this action on behalf of Plaintiff.  (ECF Nos. 69-4 and 73).  He also issued subpoenas to, *inter*

25  *alia,* ABUSA's suppliers that were the subject of a motion to quash.  (ECF No. 69-4).  Plaintiff

26  testified that he did not recall hearing of Ryan Ardi and did not think they ever communicated.

27

28

- 4 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

1    (Donovan Dec., Ex. B, T. 75:7-10).

2    **B.    Other Class Action Complaints Filed by Plaintiff**

3    On February 21, 2017, Plaintiff sued Ferrara Candy Co., in the United States District Court,

4    Northern District of California (bearing Case No. 3:17-00849-VC), asserting class action claims

5    based upon alleged slack fill. (*Id.*, T. 29:4-24; T. 38:24-T. 39:5; Ex. E). The Clarkson firm

6    represented him in that suit. (*Id.*) He testified that he received between $2,500.00-$5,000.00 as a

7

8    settlement of his claims in that action. (*Id.*, T. 31:3-22).

9    On February 16, 2021, he also filed a complaint against For Life Products, Inc., in the

10    United States District Court, Northern District of California (Case No. 3:21-cv-01147-TSH),

11    asserting mislabeling claims as a proposed lead plaintiff in another putative class action. (*Id.*, T.

12    43:12-22; Ex. F). The Clarkson firm also represented him in that matter. (*Id.*)

13

14    **C.    Defendant's Request for Admissions and Plaintiff's Responses**

15    During discovery, Defendant served requests for admissions on Plaintiff ("Defendant's

16    Requests"). (*Id.*, Ex. G). Plaintiff furnished objections and responses to the Requests ("Plaintiff's

17    Responses"). (*Id.*, Ex. H). Germane to the instant motion, are the following:

18            3. Admit that you purchased the Mucho Mango in part because of
19            the flavor.

20    **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**
         [Plaintiff objected on, *inter alia*, relevance grounds and the lack of
21       a time period and then stated] *"[a]fter conducting a reasonable*
         *inquiry, the information known or that can be readily obtained is*
22       *insufficient to enable Plaintiff to admit or deny the request as*
         *written."* [*Id.*, **at Ex. H; italics and bold in original**].
23

24            5. Admit You purchased the Mucho Mango in part because of the
              taste.
25
         **RESPONSE TO REQUEST FOR ADMISSION NO. 5**
26       [Plaintiff objected on, *inter alia*, relevance grounds and the lack of
         a time period and then stated] *"[a]fter conducting a reasonable*
27       *inquiry, the information known or that can be readily obtained is*

28    ---

-5-

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

insufficient to enable Plaintiff to admit or deny the request as written." [*Id.*, **at Ex. H; italics and bold in original**].

11. Admit that You will never purchase any of the Products in the future.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**
[Plaintiff objected on, *inter alia*, grounds of speculation and then stated] *"[a]fter conducting a reasonable inquiry, the information known or that can be readily obtained is insufficient to enable Plaintiff to admit or deny the request as written."* [*Id.*, **at Ex. H; italics and bold in original**].

19. Admit that You liked the taste of the Mucho Mango.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19**
[Plaintiff objected on, *inter alia*, grounds of ambiguity and lack of a time period and then stated] *"[a]fter conducting a reasonable inquiry, the information known or that can be readily obtained is insufficient to enable Plaintiff to admit or deny the request as written."* [*Id.*, **at Ex. H; italics and bold in original**].

31. Admit that since December 23, 2018, You purchased a product bearing the label annexed as Exhibit B [i.e. the label on the Lemonade Gallon Container].

**RESPONSE TO REQUEST FOR ADMISSION NO.31**
[Plaintiff objected on, *inter alia*, grounds of burdensomeness and then stated] *"[a]fter conducting a reasonable inquiry, the information known or that can be readily obtained is insufficient to enable Plaintiff to admit or deny the request as written."* [*Id.*, **at Ex. H; italics and bold in original**].

39. Admit that since December 23, 2018, You purchased a product bearing the label annexed as Exhibit F [i.e. the label on the Grapeade Gallon Container].

**RESPONSE TO REQUEST FOR ADMISSION NO. 39**
[Plaintiff objected on, *inter alia*, grounds of burdensomeness and then stated] *"[a]fter conducting a reasonable inquiry, the information known or that can be readily obtained is insufficient to enable Plaintiff to admit or deny the request as written."* [*Id.*, **at Ex. H; italics and bold in original**].

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

09/03/2025 SL1 3753190v1 115260.00012

### D. **Plaintiff's Deposition**

Defendant deposed Plaintiff on September 19, 2024, in person, in San Francisco, California. (*Id.,* Ex. B). During that deposition, Defendant established facts that Plaintiff failed to admit in Plaintiff's Reponses. In that regard, when asked why he purchased the Mucho Mango Product, he stated "Because I just love Mango." (*Id.*, T. 106:14-15). When asked what he loved about the Mango Product, he stated "Just personally like mango." (*Id.,* T. 106:14-15). Asked whether he meant that he liked the taste, he stated "Flavor—mango flavor, yes." (*Id.*, T. 106:21-24). He also testified that he enjoyed the taste of the Products. (*Id.*, T. 118:3-4). Significantly, Plaintiff further testified that he had no present intention to purchase the Products again. (*Id.*, T. 118:25-T. 119:16).

As to labels, Plaintiff was shown the same Lemonade label that was attached to the Requests. (Compare Donovan Dec., Ex. G at Ex. B attached thereto with Ex. No. D-32, marked during Plaintiff's deposition, attached to Donovan Dec. at Ex. J). He was also shown the same Grapeade label that was attached to the Requests. (*Id.*, Compare Ex. G at Ex. F attached thereto to Donovan Dec., with Ex. No. D-31, marked during Plaintiff's deposition, attached to Donovan Dec. at Ex. I). Plaintiff testified that the front of those labels, marked as exhibits, were the same labels on the Products that he purchased. (*Id.*, T.151:2-28; T.152:23-T. 153:10). He did not know whether the back of those labels were on the containers he bought. (*Id.*)

### **LEGAL ARGUMENT**

### I. **Defendant is Entitled to Attorneys' Fees as the Prevailing Party, Under CLRA Section 1780(e), Because Plaintiff's Prosecution was not in Good Faith**

A trial court may award reasonable attorneys' fees "to a prevailing defendant upon a finding by the court that the plaintiff's prosecution of the action was not in good faith." *Pickman v. Am. Express Co.,* No. C 11-05326 WHA, 2012 WL 1357636, at *3 (N.D. Cal. April 17, 2012)

- 7 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

1  (quoting Cal. Civ. Code § 1780(e)).  There is no dispute that ABUSA is the prevailing party, having

2  obtained judgment in its favor on the merits (ECF Nos. 120 and 125).  *See* Cal. Civ. Code § 1032;

3  *see also Graciano v. Robinson Ford Sales, Inc.,* 144 Cal. App. 4th 140, 150 (2006).

4        The CLRA attorneys' fees provision "requires the trial court to find that the plaintiff

5  proceeded in subjective bad faith before it may award fees to a prevailing defendant." *Shisler v.*

6  *Sanfer Sports Cars, Inc.,* 167 Cal. App. 4th 1, 9 (2008).  The moving party has the burden of proof.

7  *Corbett v. Hayward Dodge, Inc.,* 119 Cal. App. 4th 915, 926 (2004).  "When a tactic or action

8  utterly lacks merit, a court is entitled to infer a party knew it lacked merit yet pursued that action

9  for some ulterior motive.  *Id.* at 928 (citing *Summers v. City of Cathedral City*, 225 Cal. App. 3d

10 1047, 1073 (1990)).  Evidence of improper motive in prosecuting the action is relevant to

11 demonstrating lack of good faith.  *See Jones v. ConAgra Foods, Inc.*, C 12-01633-CRB, 2013 WL

12 6623740, at *4 (N.D. Cal. Dec. 16, 2013).  Improper motive can be established by explicit evidence

13 or inferred.  *Id.*  Here, there is ample evidence that Plaintiff pursued this action for an improper

14 purpose.

15

16        This matter is substantially similar to the circumstances presented in *Citizens of Humanity,*

17 *LLC v. Hass*, 46 Cal. App. 5th 589 (2020).  In that action, the court found that the plaintiff was a

18 shill for the law firm based on facts that indicated that she bought the products not because she

19 was "duped" by the label, "but because she wanted to again assume the role as a named plaintiff

20 in another mislabeling case for" the law firm.  *Id.* at 602.

21

22        Similarly, here, the evidence shows that Plaintiff was a shill for the Clarkson firm.

23 Plaintiff's allegations in his Welch Suit prove that, prior to retaining counsel to sue about

24 ABUSA's Products, he knew that the FDA considered ascorbic acid to be a preservative and that

25 he believed that ascorbic acid was a preservative.  (Donovan Dec., Ex., C).  Plaintiff then lent his

26

27

28
- 8 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

1  name to a lawsuit, filed against Hornell, an action he did not remember filing or even dismissing.

2  (*Id.*, Ex. B, T. 140:11-24).  He also did not know Ms. Hart who was the attorney who signed the

3  retainer agreement, signed the multiple complaints filed against Hornell and against ABUSA and

4  the CLRA Letters (*Id.*, Ex. B, T. 72:4-7; ECF Nos. 109, Ex. C; 123-2 and 123-3).  He also did not

5  know the name of another attorney, Mr. Ardi, who filed submissions to this Court in this action.

6  (*Id.*, Ex. B, T. 75:7-10; ECF Nos. 69-4 and 73).  Plaintiff has also filed other putative class action

7  lawsuits, through the Clarkson firm. (Donovan Dec., Exs. E and F).  In one of those actions,

8  Plaintiff apparently received a monetary settlement.  (*Id.*, Ex. B, T. 31:3-22).

9

10        Plaintiff purchased Products in 2022 proving that when he knew the contents contained

11  ingredients he considered unnatural, he made the purchases anyway.  Contrary to his allegations,

12  his testimony showed that "armed with the belief that Arizona beverages contained synthetic

13  ingredients or preservatives, Iglesias did not modify his behavior." (ECF No. 120, p. 7).  He thus

14  could not show actual reliance.  (*Id.*)  After his deposition, Plaintiff ought to have sought dismissal.

15  However, similar to the circumstances in *Crawford v. Arizona Beverages USA LLC,* No. 22-cv-

16  220-DWD, 2025 WL 658100, at *6 (S.D. Ill. Feb. 25, 2025) (finding bad faith), Plaintiff pressed

17  onward with his claim despite what should have been seen as an unsurmountable obstacle to

18  recovery.  All these facts support an inference of an improper motive in filing this action and

19  establish that Plaintiff prosecuted the matter not in good faith.  Plaintiff filed suit not because he

20  was deceived by the labels but because he wanted to again assume the role as a named plaintiff in

21  another mislabeling case for the law firm.

22

23        To the extent the issue of ability to pay is considered, that issue is not relevant because

24

25  Plaintiff's retainer agreement contains ████████████████████████████████████████████

26  ███████████████.  The operative section of the retainer agreement states:

27

28                                          - 9 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

     Nontaxable Costs recoverable pursuant to the CLRA are governed by Cal. Civ. Code §

17

1033.5.  *See Shuman v SquareTrend, Inc.*, 20-cv-0275-JCS, 2023 WL 2311950, at *8 (N.D. Cal.

18

March 1, 2023).    Costs allowed under Cal. Civ. Code § 1033.5(10) include attorney's fees

19

authorized by statute.  An award of attorney's fees and costs to Defendant, under the CLRA, is not

20

a penalty, fine or damage but rather costs allowed under Cal. Civ. Code § 1033.5(10).  Such fees

21

thereby fall within ▮▮▮▮▮▮▮▮▮▮ not to be borne by Plaintiff.  At best, the above clause

22

is ambiguous and must be construed against the law firm as drafter of the document.  *See Severson*

23

*& Werson v. Bolinger*, 235 Cal. App. 3d 1569, 1572 (1991) ("[fee agreements] are strictly

24

construed against the attorney" (citation omitted)); *see also Rutman v. Bennett*, No. D036046, 2002

25

WL 80302, at *4 (Cal. Ct. App. Jan. 22, 2002) ("[a]mbiguities are construed against the attorney

26

who drafted the agreement" (citations omitted)).

27

28

- 10 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

Regardless, Plaintiff appears to have assets to pay an award of fees and costs.  He is a beneficiary under a trust created by his parents and that trust owns the property where he currently resides, 686 Hamilton Street, in San Francisco.  (Donovan Dec, Ex. B, T. 61:6-25; T.62:6). Plaintiff works for the City of San Francisco as a facilities coordinator and records indicate he was paid about $117,000.00 in 2023 (annually) in that position.  (Donovan Dec., Ex. L).  He had the wherewithal to buy real property in Concord, California for approximately $200,000.00, in 2006. (Donovan Dec., Ex. B, T. 63:19-10; T. 67:2-5).  He was able to finance that purchase with a six-figure mortgage and made a down payment of $20,000.00.  (*Id.*, T. 64:16-25; T. 66:5-8).  Plaintiff testified that he sold that property for about $400,000.00 in or around 2009.  (*Id.*, T. 68:11-T. 69:14).

### The Hourly Rates of Defendant's Counsel Are Reasonable

The reasonable hourly rate is the rate prevailing in the community for similar work.  *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013).  Under California law, "[t]he trial court may make its own determination of the value of the services contrary to, or without the necessity for, expert testimony."  *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1096 (2000), *as modified* (June 2, 2000) (emphasis added); *see Kim v. Euromotors W./The Auto Gallery*, No. B214656, 2010 WL 1138060, at *3 (Cal. Ct. App. Mar. 26, 2010) (applying *Drexler* on CLRA attorneys' fees determination for plaintiff).

Accompanying the within motion, ABUSA has submitted the declaration of fee expert, André Jardini, Esq. (Donovan Dec., Ex. K, "Jardini Dec."), which demonstrates that the hourly rates charged by the Stevens firm and amount of fees sought are reasonable.  The hourly rates charged by attorneys at Stevens & Lee, $275.00 (for associates), $350.00 per hour (for partners) and $125.00 per hour for paralegals, fall within the range of the prevailing market rates for

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

09/03/2025 SL1 3753190v1 115260.00012

1    attorneys in California, for similar services by lawyers of reasonably comparable skills, experience

2    and reputation range and are reasonable.  (Jardini Dec., ¶¶ 38, 44-47, and 67-82).  This is especially

3    true given the complexities in a putative class action asserting false advertising and/or labelling

4    claims.  (*Id.* at ¶¶ 90-93).

5

6                    **The Hours Expended are Reasonable**

7            In the motion, ABUSA has submitted the actual redacted invoices containing the time

8    entries on the bills for which fees are sought.  (Donovan Dec., Ex. A).  Plaintiff's claims involve

9    a common core of facts related to the allegedly deceptive product labels.  Significant time was

10   "devoted generally to litigation as a whole, making it difficult to divide the hours expended on a

11   claim-by-claim basis." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  Because Plaintiff's claims

12   are inextricably intertwined, "the district court should focus on the significant of the overall relief

13   obtained by the [prevailing party] in relation to the hours reasonably expended on the litigation."

14   *Id.*

15

16           While the Court could properly award fees for the entirety of the litigation, to ensure the

17   award is related to Plaintiff's lack of good faith prosecution, Defendant only seeks attorneys' fees

18   and certain non-taxable expenses incurred following Plaintiff's deposition.  *See Crawford v.*

19   *Arizona Beverages USA LLC,* 2025 WL 658100, at *8 (S.D. Ill. Feb. 25, 2025) (court found bad

20   faith prosecution by plaintiff and awarded Defendant here $155,810.45 in attorney's fees and costs

21   for services provided in defense against claims after that plaintiff's deposition).

22

23           Similarly, here, Plaintiff's testimony clearly demonstrated that he lacked any factual basis

24   in bringing this case, but Plaintiff went on to pursue the action and to seek class certification.

25   Defendant was thereby forced to attend to the following duties defending against these claims:

26   respond to discovery requests, review and produce thousands of pages of documents, prepare for

27

28                                         - 12 -
     DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

and defend Defendant in three (3) Rule 30(b)(6) depositions, attend to non-party subpoenas served by Plaintiff, appear at one non-party Rule 30(b)(6) deposition of an ABUSA supplier, engage in multiple meet and confers with counsel, prepare for and attend a mediation, review and prepare opposition to the class certification motion, file a motion for summary judgment, review opposition to the motion for summary judgment, file a reply in support of the motion for summary judgment, review expert disclosures, attend to expert discovery requests in the form of a notices to produce documents, attempt to resolve disputes with Plaintiff concerning the documents produced by the experts, and prepare to depose plaintiff's three (3) proffered class certification experts. (Donovan Dec., ¶¶ 15-16, Ex. A). The fees and costs sought for these services, during the period between October 1, 2024 and August 14, 2025, total $352,925.00, and are reasonable given the complexity of the action and the potential damage exposure posed by the claims. (*Id.*; and Jardini Dec., ¶ 83-94).

### Non-Taxable Expenses for Mediator Fees Are Recoverable[1]

Mediation fees are recoverable under Section 1780(e). *See Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1176-77 (C.D. Cal. 2020). Defendant paid $7,500.00 for the mediator's fee and seeks recovery of that cost. (Donovan Dec., Ex. M).

## II.    Plaintiff's Violation of Rule 37(c)(2) Warrants an Award of Attorney's Fees and Costs to Defendant

*Rule* 37(c) (2) states:

> Failure to Admit. If a party fails to admit what is requested under <u>Rule 36</u> and if the requesting party later proves a document genuine or the matter true, the requesting party may move the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:

---

[1] Defendant has filed a separate bill of costs, pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C.A. § 1920 (ECF No. 126), and those costs sought are not part of this motion.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

1 (A) the request was held objectionable under Rule 36(a);
 (B) the admission sought was of no substantial importance;
2 (C) the party failing to admit had a reasonable ground to believe that
 it might prevail on the matter; or
3 (D) there was other good reason for the failure to admit.

The overarching goal of *Rule 37(c)(2)*, like the Federal Rules in general, is "to secure the just, speedy, and inexpensive determination of every case." *Diamond State Ins. Co. v. Deardorff*, No. 1:10–cv–00004 AWI JLT, 2011 WL 2414391, at *2 (E.D. Cal. June 8, 2011) (quoting *Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 936 (9th Cir. 1994)). *Rule 37(c)(2)* "mandates an award of expenses unless an exception applies" and therefore "encourages attorneys and parties to identify undisputed issues early to avoid unnecessary costs. Failure to identify those issues wastes the resources of parties and courts." *Id.* As stated in *Netlist Inc.*, 341 F.R.D. at 661-662:

> the burden is on the moving party to demonstrate that the matter asserted in a request for admission was not admitted by the responding party and was later proven to be true by the moving party. Once the moving party has made this showing, the Court must issue a sanction…[T]o avoid a sanction, the responding party has the burden to establish that one of the exceptions under Rule 37(c)(2)(A)-(D) applies.

In this action, matters asserted in request for admissions were not admitted but were later proven to be true by Defendant. Specifically, request numbers 3, 5, 11, 19, 31 and 39 were not admitted by Plaintiff but were demonstrated to be true by Defendant at Plaintiff's deposition. (Donovan Dec., Ex. B, T. 106:14-15; T. 106:21-24; T. 118:3-4; T. 118:25 – T. 119:16; T. 151:2-28; T. 152-23 – T. 153:10). As to labels, Plaintiff was duty bound to admit a portion of those Requests and deny or claim lack of knowledge to the rest. *See Marchand*, 22 F.3d at 938; *see also Holmgren v. State Farm Mutual Auto. Ins. Co.*, 976 F.2d 573, 579–81 (9th Cir. 1992) (expenses awarded under Rule 37(c) for failure to properly qualify denials).

- 14 -
DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS

Recoverable fees must be caused by the opposing party's failure to admit. *See Netlist*, 341 F.R.D. at 674 (citing *Diamond State Inc. Co.*, 2011 WL 2414391, at *11). Here, the fees caused by Plaintiff's failure to admit comprise the cost in preparing for, traveling to and taking Plaintiff's deposition. *See Diamond State Inc. Co.*, 2011 WL 2414391, at *11 (awarding fees in preparation for deposition; fees for attending and taking the deposition; and travel expenses relating to taking a deposition in Kentucky). Defendant respectfully seeks to recover the cost of taking the deposition, including the preparation fees, and the travel expenses, totaling $18,906.33, between August 1, 2024 and September 30, 2024. (Donovan Dec., ¶ 31; Ex. N).

"When attorney fees are recoverable by statute, the reasonable attorney fees incurred in preparing the motion are also recoverable." *Dopps v. Bentley Motors, Inc.*, 174 Cal. App. 4th 967, 1002 (2009). Additionally, the law allows for the award of counsel fees and costs in filing the motion for sanctions under Rule 37(c)(2) are recoverable. *See McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 492 (6th Cir. 2014). If successful in this motion, Defendant is entitled to recover the costs and fees incurred in filing the within application which total $17,500.00. (*Id.*, ¶ 33).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court award ABUSA: (a) fees and expenses totaling $360,425.00, under Cal. Civ. Code § 1780(e) of the CLRA; (b) $18,906.33 for fees and costs incurred due to Plaintiffs' violation of Fed. R. Civ. P. 37(c)(2); and (c) $17,500.00 in fees incurred in filing the within motion.

Dated: September 3, 2025                    Respectfully submitted,

                                            */s/ Robert P. Donovan, Esq.*
                                            Robert P. Donovan, Esq. (admitted *Pro Hac Vice*)

- 15 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STEVENS & LEE, P.C.
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
*Robert.donovan@stevenslee.com*

*Attorneys for Defendant*

- 16 -

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS