**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, Ca 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>Defendant. | Case No. 4:22-cv-09108-JSW<br>FAC Filed: March 10, 2023<br><br>Judge: Hon. Jeffrey S. White<br><br>**STATEMENT OF THE DESIGNATING PARTY UNDER L.R. 79-5** |

Case No. 4:22-cv-09108-JSW                -1-
STATEMENT OF THE DESIGNATING PARTY UNDER L.R. 79-5

Pursuant to Civil Local Rule 79-5, Plaintiff Thomas Iglesias submits this statement in response to Defendant AriZona Beverages USA, LLC's Administrative Motion to Consider Whether Materials Should Be Sealed (ECF No. 128). Plaintiff seeks to seal portions of Defendant's Motion for Attorneys' Fees and Costs (ECF No. 127) that reference or include Plaintiff's retainer agreement, which this Court has already recognized contains confidential information warranting sealing. *See* ECF No. 121 at 2 ("Granted. The Court finds the retainer agreement contains confidential information and that compelling reasons exist to seal.")

As Plaintiff stated previously (ECF No. 112), under the "compelling reasons" standard, courts balance the public's right of access against the risk of harm from disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1098–1102 (9th Cir. 2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Retainer agreements are routinely sealed because they include attorney-client privileged communications, attorney work product, and proprietary business practices. *Monfort v. ADOMANI*, No. 18-cv-05211-LHK, 2019 U.S. Dist. LEXIS 204386, at *4 (N.D. Cal. Nov. 22, 2019); *Hanson v. Wells Fargo Home Mortg., Inc.*, No. C13-0939 JLR, 2013 U.S. Dist. LEXIS 149752, at *7–13 (W.D. Wash. Oct. 17, 2013). Courts have also sealed proprietary contract terms to prevent competitive harm. *In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008); *Bridge v. Credit One Bank, NA.*, No. 2:14-cv-01512-LDG-NJK, 2016 U.S. Dist. LEXIS 52194, at *2–3 (D. Nev. Apr. 18, 2016); *Wuest v. My Pillow, Inc.*, No. 18-03658 WHA, 2019 U.S. Dist. LEXIS 131846, at *14 (N.D. Cal. Aug. 6, 2019). Disclosure here would reveal counsel's proprietary legal strategy, deter candid client communications, and cause competitive harm, while offering minimal public benefit.

For the reasons set forth above, and as already found by the Court (ECF No. 121), the Court should maintain under seal Plaintiff's retainer agreement referenced in Defendant's Motion for Attorneys' Fees and Costs (ECF No. 127, Page 9, Lines 25-26, Page 10, Lines 1-14, and Page 10, Line 21).

//

//

//

Dated: September 10, 2025

**CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
    Ryan J. Clarkson
    Bahar Sodaify

*Attorneys for Plaintiff*