**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, California 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>Defendant. | Case No. 4:22-cv-09108-JSW<br>FAC Filed: March 10, 2023<br><br>Judge: Hon. Jeffrey S. White<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS** |

# REDACTED—PUBLICLY FILED

## I. INTRODUCTION

Plaintiff Thomas Iglesias respectfully submits this objection to Defendant Arizona Beverage USA, LLC's Bill of Costs, which seeks a total of $8,394.54 (ECF No. 126). While Federal Rule of Civil Procedure 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, that presumption is not automatic, and district courts retain broad equitable discretion to deny or reduce costs where justice so requires.

This is precisely such a case. Mr. Iglesias is an individual consumer, husband, and father of three, and a military veteran who has lived and worked in San Francisco his entire life. ▮▮▮▮▮▮, he has served his community as a full-time Facilities Coordinator and Supervisor with the ▮▮▮▮▮▮ ▮▮▮▮▮▮, while his wife works at ▮▮▮▮▮▮ to help support their family. He brought this consumer protection lawsuit in good faith, motivated not by personal enrichment but by a sincere belief in the importance of truthful labeling and corporate accountability. Over the course of several years, Mr. Iglesias devoted substantial time and effort to this case—reviewing documents, answering discovery, sitting for a deposition, and staying in regular communication with counsel—all while balancing his full-time job and family responsibilities.

By contrast, Defendant is a mutli-billion-dollar, well-capitalized beverage corporation with virtually unlimited resources. Imposing nearly $8,400 in costs against Mr. Iglesias would cause serious financial hardship, forcing him and his family—who depend entirely on two working-class incomes—to divert funds needed for their mortgage, household expenses, and care of their youngest child. Such a result would create a gross imbalance of equities and punish an ordinary consumer simply for seeking to vindicate his rights. Worse still, it would send a discouraging message to other consumers that challenging corporate misconduct comes with devastating financial risk, thereby chilling future public-interest litigation and undermining the very purposes of the consumer protection laws at issue here.

Even if the Court were to consider awarding some of the costs Defendant seeks, several of the requested items are not recoverable under 28 U.S.C. § 1920 or Civil L.R. 54-3. These include unnecessary charges for non-recoverable fees for "summaries" of deposition transcripts, and an unexplained "out-of-pocket" expense. At a minimum, these improper costs should be excluded from any award.

For all these reasons, and as set forth more fully below, the Court should exercise its discretion to deny Defendant's Bill of Costs in its entirety, or at a minimum, substantially reduce the requested amount to prevent an unjust and inequitable outcome.

## II. LEGAL STANDARD

Rule 54(d)(1) provides that costs "should be allowed to the prevailing party," but this rule is not absolute. Courts may deny costs for reasons of equity and fairness. *See Ass'n of Mexican-American Educ. v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, or (5) the economic disparity between the parties. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). Costs incurred for the convenience of counsel, such as expedited delivery fees, are not recoverable. *See Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 U.S. LEXIS 63933 at *10 (N.D. Cal. 2014).

## III. ARGUMENT

### A. Plaintiff's Case is of Substantial Public Importance

This case is of significant public importance because it seeks to protect consumers from deceptive labeling practices and to ensure that families can trust the information provided on products they purchase and consume. Plaintiff alleges that Defendant marketed beverages as "All Natural" when they in fact contained ingredients such as high fructose corn syrup and other synthetic additives. Mislabeling of food products harms not only the individual purchaser but also the integrity of the marketplace, as consumers cannot make informed choices when companies misrepresent their products.

The California Consumers Legal Remedies Act ("CLRA") was designed specifically to prevent this type of misconduct. The statute "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices." Cal. Civ. Code § 1760. Private enforcement suits like this one are essential to fulfilling those purposes because government agencies cannot police every instance of deceptive marketing.

As described in Mr. Iglesias's declaration, he brought this case at considerable personal sacrifice and with no expectation of personal gain, solely to ensure that companies are held accountable and that other consumers are not misled. *See* Declaration of Thomas Iglesias ("Iglesias Decl.") ¶¶ 5-6, 9. If

Defendant is allowed to recover over $8,000 in costs from an individual consumer acting in good faith, it would deter other consumers from stepping forward, even where their claims are valid. This type of chilling effect is one of the core factors courts consider when deciding whether to award costs. *Escriba*, 743 F.3d at 1247–48.

Consumer protection laws depend on ordinary individuals like Mr. Iglesias to act as private attorneys general by challenging unfair practices. If those individuals are punished with crushing financial liability, it would send a message that only the wealthy can seek justice, leaving ordinary people without a voice and undermining the very purpose of the CLRA. Because this case serves an important public function and raises issues of broad consumer interest, the Court should exercise its discretion under Rule 54(d)(1) to deny Defendant's request for costs.

### B. Plaintiff Litigated Complex Issues, and the Outcome was Close

The Ninth Circuit in *Escriba* held that a case is "close and complicated" when it requires careful attention to detail and technical understanding. *Escriba*, 743 F.3d at 1248. That standard is met here. Plaintiff litigated complex consumer protection issues involving whether Defendant's "All Natural" labeling could mislead reasonable consumers. These claims required consultation with experts, detailed analysis of ingredients, marketing practices, and consumer perception. Plaintiff's First Amended Complaint survived Defendant's Motion to Dismiss, with this Court finding it plausible that a reasonable consumer would be deceived by the "All Natural" claims. (ECF No. 47). Ultimately, summary judgment was not decided on the merits of whether the labels were misleading (ECF No. 120). Like in *Escriba*, the complexity of the issues and the procedural nature of the outcome weigh strongly against awarding costs to Defendant.

### C. Plaintiff's Financial Circumstances and Disparity of Resources Warrant Denying Costs

Plaintiff is an individual consumer of modest financial means, while Defendant is a multi-billion-dollar, well-capitalized corporation. Mr. Iglesias has worked for decades as ███████ ███████████████████████████████████████████████████████████ that provides a steady but modest income—not a lucrative career. Iglesias Decl. ¶¶ 3-4 . Years ago, Plaintiff and his wife ████████████████████████ and since then they have worked hard to regain financial

stability. *Id.* ¶ 12. Despite their efforts, their household budget remains carefully managed to cover basic necessities, including a mortgage, utilities, and the expenses of raising their ██████ child. *Id.* ██████ Imposing over $8,000 in costs would ████████████████████████████████████████████████████. *Id.* ¶¶ 13. Under his retainer agreement with counsel, Plaintiff—not his attorneys—alone bears responsibility for any costs assessed against him. *Id.* ¶ 11; Dkt. No. 109-3, ¶ 5 ("I alone am responsible for paying any fines, penalties, or damages assessed against me personally.").

Courts routinely deny costs where there is a gross disparity of resources between the parties. *See, e.g., Escriba*, 743 F.3d at 1247; *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592; *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016) (finding "severe injustice" would result from taxing $3,018.35 against plaintiff given disparity in resources). Plaintiff is precisely the type of individual the Ninth Circuit has described as having "limited resources," whereas Defendant's reported revenue exceeded $2 billion in 2024 alone. Iglesias Decl. ¶ 14; Declaration of Bahar Sodaify, Exhibit 1 (Arizona Beverage, FORBES, https://www.forbes.com/companies/arizona-beverage/ (last visited Sept. 16, 2025)).

As in *Draper*, there is "no comparison" between the resources of the parties. The thousands of dollars Defendant spent on litigation costs—such as electing costly video deposition transcripts—are trivial for a multi-billion-dollar corporation but devastating for an individual consumer like Mr. Iglesias. To charge Plaintiff with these costs would be inequitable.

### D. Awarding Costs Would Chill Future Consumer Protection Litigation

This case raises important consumer protection issues, an area where private plaintiffs are often the only effective enforcers of statutory rights. Government agencies lack the resources to police every deceptive practice, so these laws depend on individual consumers willing to step forward and challenge corporate misconduct. If losing consumers are burdened with thousands of dollars in costs, as Defendant seeks here, few individuals will have the courage or financial means to bring valid claims. Iglesias Decl. ¶¶16-17 This would undermine the public interest by deterring consumers from enforcing their rights and allowing corporations to act with impunity.

The Ninth Circuit has explicitly recognized this danger, reversing a cost award where it would "render her indigent and have a chilling effect on civil rights suits." *Stanley v. University of S. California*,

178 F.3d 1069, 1072 (9th Cir. 1999). Similarly, this Court has acknowledged that taxing costs against individuals can deter future public-interest litigation. *See Nghiem v. Santa Clara University*, 2024 U.S. LEXIS 22627 (N.D. Cal. 2024) (finding that awarding costs to defendants in that case would have a "chilling effect" on future civil rights litigation); *Davis v. Pinterest, Inc.*, 2023 U.S. Dist. LEXIS 226844, at *3–4 (N.D. Cal. Dec. 20, 2023) (same).

Just like civil rights cases, consumer protection lawsuits depend on ordinary people standing up to large corporations with vastly greater wealth and legal resources. Iglesias Decl. ¶ 15. Mr. Iglesias—a working father of three with limited means—pursued this case in good faith, knowing the risks of taking on a multi-billion-dollar company. *Id*. ¶¶ 5, 9, 12. Forcing him to pay thousands of dollars in costs would send a clear message to other consumers: do not challenge corporate misconduct, no matter how deceptive or harmful it may be. This would have a chilling effect on future consumer protection actions and erode one of the most important mechanisms for checking unfair business practices. *Id*. ¶¶ 16-17.

### E. Specific Challenges to Defendant's Claimed Costs

None of the costs Defendant demands should be granted here for the reasons stated above. But to the extent the Court is inclined to grant any costs, they should be limited to those categories listed under 28 U.S.C. § 1920, which are "strictly necessary for the case" and not just for the convenience of counsel. *See Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 U.S. LEXIS 63933 (N.D. Cal. 2014), *10 (disallowing costs to be recovered for expedited deposition transcripts, multiple copies of deposition transcripts, additional CDs containing deposition transcripts and exhibits, synchronization of video depositions, multiple copies of DVDs, rough transcripts, color exhibits, and expedited shipping of transcripts). The Ninth circuit has long held that costs may only be recovered for the "preparation and duplication of documents, not the efforts incurred in assembling, collecting, or processing those documents." *Ancora Techs., Inc. v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 121225 at *10 (N.D. Cal., Aug. 26, 2013). Nor are e-discovery storage costs compensable under section 1920, "particularly in hosting costs that exponentially exceed the amount of space needed for the amount of data actually produced." *See id.* at *9. Several line items in Defendant's Bill of Costs (Exhibit A, Dkt. No. 126-1) fall outside the narrow categories of recoverable costs under 28 U.S.C. § 1920, including:

- MPEG/Digitizing: $420.00

- Media and Cloud Services: $232.00
- Smart Summary: $99.00
- Out of pocket expenses: $55

These costs are unnecessary and not recoverable. Media and Cloud Services are e-discovery hosting charges, which are not recoverable. *Ancora Techs., In.c*, 2013 U.S. Dist. LEXIS 121225, at *9. MPEG/Digitizing is a video processing cost, which falls under "efforts incurred in processing" and is similarly excluded. *Id*. at *10. The "Smart Summary" fee is for the convenience of counsel, not a necessary litigation expense. *Kwan Software Eng'g, Inc*., 2014 U.S. Dist. LEXIS 63933, at *10. The vague "Out-of-Pocket Expense" lacks explanation or documentation and therefore cannot be taxed under § 1920. The Court should therefore deny all of these improper charges (resulting in a maximum left-over total of $7,538.54), as allowing them would impermissibly expand § 1920 and unfairly shift Defendant's convenience expenses onto Plaintiff.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Bill of Costs in its entirety. Granting costs here would impose undue financial hardship on Plaintiff, exacerbate the gross disparity in resources between the parties, and risk chilling the enforcement of consumer protection laws by deterring individuals from pursuing valid claims against powerful corporations.

DATED: September 16, 2025                    **CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
    Ryan J. Clarkson
    Bahar Sodaify

*Attorneys for Plaintiff*