WILLENKEN LLP
Jason H. Wilson, Esq. (ID No. 140269)
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017
Telephone No.: (213) 955-8020
Facsimile No.: (213) 955-9250
jwilson@willenken.com

STEVENS & LEE
Robert P. Donovan (*admitted pro hac vice*)
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone No.: (201) 857-6778
Facsimile No.: (610) 371-7938
robert.donovan@stevenslee.com

*Attorneys for Defendant,*
*Arizona Beverages USA, LLC*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>Defendant. | CASE NO. 4:22-CV-09108-JSW<br><br>**DEFENDANT'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO SEAL MATERIALS UNDER L.R. 7-11 AND L.R. 79-5** |

Pursuant to Local Rules 7-11(b) and 79-5, Defendant, Arizona Beverages USA LLC ("Defendant" or "ABUSA"), through its undersigned counsel, respectfully submits this statement in response to Plaintiff's administrative motion to seal information contained in Plaintiff's objection to the Bill of Costs (ECF No. 132) and in Plaintiff's opposition to the motion for fees and costs (ECF No. 134), at ECF Nos. 133 and 135.

Defendant does not oppose sealing the tax return information attached as Exhibit A to Plaintiff's declaration (ECF Nos. 132-3 and 134-3) or some of the highlighted portions of Plaintiff's filings that reference personal and/or sensitive information. However, ABUSA respectfully opposes the proposed sealing of portions of the Objection to the Bill of Costs, the Opposition to the Motion for Fees and Costs and in the Plaintiff's declaration that do not

-1-

subject of deposition testimony that was filed publicly and hence is not confidential information. (ECF No. 109-1, Ex. A, T. 24:7-T. 25:4; T. 28:2-19). The references to Plaintiff's prior public court filing were also the subject of Plaintiff's deposition testimony and likewise made public. (*Id.*, T. 54:14-17; T. 59:6-14). That filing was referenced in a document identified during deposition which is a public record. See 11 U.S.C.A. § 107(a); *see also Barry v. Wells Fargo Home Mortgage*, 15-CV-04606-BLF, 2016 WL 4242237, fn 2 (N.D. Cal. Aug. 11, 2016). Plaintiff also does not explain why the statements in his declaration addressing public employment and and/or military service, at page 2, line 11 and at line 14; and a public filing at page 3, line 20, are confidential.

For the foregoing reasons, Defendant respectfully submits that Plaintiff has not shown that good cause exists for the Court to seal the following Disputed Items Sought to be Sealed: (a) Plaintiff's Unredacted Objection to Bill of Costs addressing employment at page 1, lines 8-10; page 3, lines 25-26; and a public filing at page 3, line 28; (b) Plaintiff's Unredacted Motion Brief opposing the motion for fees and costs, addressing employment and/or military service at page 1, lines 21 and 22; page 5, lines 19 and 20; and page 11, lines 20-23; and a public filing at page 11, lines 22 and 23; and (c) Plaintiff's unredacted declaration, addressing public employment and/or military service, at page 2, lines 11 through 14; and a public filing at page 3, line 20.

Respectfully submitted,

Dated: September 23, 2025

/s/ Robert P. Donovan
Robert P. Donovan (*admitted pro hac vice*)

STEVENS & LEE
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone: (201) 857-6778
Facsimile: (610) 371-7938
Robert.Donovan@stevenslee.com

*Attorneys for Defendant,
Arizona Beverages USA, LLC*

-3-
DEFENDANT'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO SEAL MATERIALS

09/23/2025 SL1 3787762v1 115260.00012

1 | contain sensitive private personal financial information and/or contain information previously
2 | made public ("Disputed Items Sought to be Sealed").

### Legal Standards

Local Rule 79-5(c)(1)(i)-(iii) requires that a motion to seal include an explanation of "the legitimate private and public interests that warrant sealing; the injury that will result if sealing is denied; and why a less restrictive alternative to sealing is not sufficient."

The Ninth Circuit has articulated two separate standards to apply when analyzing motions to seal: (1) the "good cause" standard of Rule 26(c), and (2) a higher "compelling reasons" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096-97 (9th Cir. 2016); *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c).

Good cause generally exists when disclosure of a document would lead to "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The compelling reasons require something more and can be met by showing that "a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Ctr. for Auto Safety,* 809 F.3d at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.,* 435 U.S. 589, 598–99 (1978)).

Which standard applies depends "on whether the motion at issue is more than tangentially related to the underlying cause of action." *Ctr. for Auto Safety,* 809 F.3d at 1099 (explaining that *Kamekana*'s language comparing "dispositive" and "non-dispositive" motions was simply a useful tool for determining motion's connection to the merits of the case, but the distinction is not determinative). The more tangential, the more likely the good cause standard should apply. *Id.* at 1101.

### No Grounds Exist to Seal Information That Has Been Publicly Filed

Defendant respectfully submits that the Disputed Items Sought to be Sealed do not satisfy either standard and the requirements under the Local Rules. In that regard, testimony about Plaintiff's place of public employment, his military service, and his spouse's employer was the

-2-
DEFENDANT'S STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO SEAL MATERIALS
09/23/2025 SL1 3787762v1 115260.00012