STEVENS & LEE
Robert P. Donovan (*pro hac vice*)
robert.donovan@stevenslee.com
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
Facsimile:  (610) 371-7938

WILLENKEN LLP
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

Attorneys for Defendant,
ARIZONA BEVERAGES USA LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>Defendant. | CASE NO. 4:22-cv-09108-JSW<br><br>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES<br><br>JUDGE:  HON. JEFFREY S. WHITE, U.S.D.J.<br>CTRM:  5<br>DATE:   October 10, 2025<br>TIME:   9:00 am |

1

## **TABLE OF CONTENTS**

2    TABLE OF AUTHORITIES ................................................................................................ii

3    ARGUMENT IN REPLY TO OPPOSITION ....................................................................1

4          A.    The Opposition Does Not Adequately Address the Evidence
5                That Demonstrates Plaintiff's Lack of Good Faith in
                Prosecuting This Action After His Deposition..............................................1

6          B.    Plaintiff Relies Upon Unavailing Court Decisions....................................3

7          C.    Plaintiff Failed to Demonstrate That Any Exception Applies to
8                His Failure to Admit the Request for Admissions.......................................5

9          D.    Because Counsel, Not Plaintiff, is Responsible to Pay for the Fees
                and Costs Sought Here, the Issue of Ability to Pay is not Relevant.......................6

10
          E.    Plaintiff Has Not Identified Objections to Fees With Any Degree
11                Of Specificity.............................................................................................9

12          F.    Additional Fees Incurred Due to Opposition..........................................12

13    CONCLUSION ................................................................................................................12

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

Page(s)

3

**Federal Cases**

4

*Beard v. Cnty. of Stanislaus*,
5    2022 WL 2704856 (E.D. Cal. July 12, 2022)................................................................8

6 *Cancio v. Fin. Credit Network, Inc.*,
   2005 WL 1629809 (N.D. Cal. July 6, 2005) ...............................................................9
7

*Caouette v. OfficeMax, Inc.*,
8    352 F. Supp. 2d 134 (D.N.H. 2005) .............................................................................6

9 *Chapman v. AI Transp.*,
10    229 F.3d 1012 (11th Cir. 2000) ....................................................................................9

11 *Clark v. Incomm Financial Services, Inc.*,
   2024 WL 4744356 (C.D. Cal. Sept. 13, 2024) ............................................................3
12

*Cotton v. City of Eureka, Cal.*,
13    889 F. Supp. 2d 1154 (N.D. Cal. 2012).......................................................................10

14 *Crawford v. Arizona Beverages USA LLC*,
15    2025 WL 658100 (S.D. Ill. Feb. 25, 2025)...................................................................2

16 *Gaskell v. Weir*,
   10 F.3d 626 (9th Cir. 1993) .........................................................................................8
17

*Gates v. Deukmejian*,
18    987 F.2d 1392 (9th Cir.1992) ......................................................................................9

19 *Gates v. Rowland*,
20    39 F.3d 1439 (9th Cir. 1994) ......................................................................................10

21 *Gilliam v. Moreno Valley Union High Sch. Dist.*,
   87 F.3d 1318 (9th Cir. 1996) .......................................................................................8
22

*Intex Recreation Corp. v. Bestway (USA), Inc.*,
23    2023 WL 11964260 (C.D. Cal. Oct. 30, 2023) ...........................................................7

24 *Jones v Conagra Foods, Inc.*,
25    2013 WL 6623740 (N.D. Cal. Dec. 16, 2023)..........................................................3,4

26

27

28

*Kim Laube & Co., Inc. v. Wahl Clipper Corp.*,
    2013 WL 12085140 (C.D. Cal. Nov. 6, 2013) ........................................................................10

*McGregor v. Schlage Lock Co.*,
    29 Fed. R. Serv. 2d 882 (N.D. Cal. 1980) ..............................................................................7

*Moreno v. City of Sacramento*,
    534 F.3d 1106 (9th Cir. 2008) ................................................................................................10

*Nguyen v. City of Garden Grove*,
    2024 WL 2982975 (C.D. Cal. May 8, 2024) ............................................................................9

*In re Incretin-Based Therapies Product Liability Litigation*,
    2021 WL 5990042 (S.D. Cal. Dec., 17, 2021) ........................................................................4

*In Re Njoy Inc. Consumer Class Litig.*,
    2016 WL 6681179 (C.D. Cal. May 25, 2016) ..........................................................................3

*Parallax Group Int'l, LLC v. Inacstores LLC*,
    2024 WL 3078228 (C.D. Cal. April 5, 2024) ..........................................................................6

*Parkinson v. Hyundai Motor Am*,
    796 F. Supp. 2d 1160 (C.D. Cal. 2020) ................................................................................11

*Tichenor v. BAE Systems Technology Solutions and Services, Inc.*,
    2024 WL 3261191 (S.D. Cal. July 1, 2024) ............................................................................9

*Tolson v. Avondale Indus., Inc.*,
    141 F.3d 604 (5th Cir. 1998) ..................................................................................................9

*Williams v. Gore*,
    2017 WL 4960220 (S.D. Cal. Nov. 1, 2017) ........................................................................4,5

**State Cases**

*Corbett v. Haywood Dodge, Inc.*,
    119 Cal. App. 4th 915 (2004) ..................................................................................................4

*Dopps v. Bentley Motors Inc.*,
    174 Cal App.4th 967 (2009) ..................................................................................................12

*Lawrence v. Walzer & Gabrielson*,
    207 Cal.App.3d 1501 (1989) ..................................................................................................8

*Lima Transp., Inc. v. U.S. Xpress Enters., Inc.*,
    2002 WL 1371060 (Cal. Ct. App. June 25, 2002) ..................................................................7

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
TO OPPOSITION TO MOTION FOR ATTORNEYS' FEES

09/24/2025 SL1 3785765v1 115260.00012

*Severson & Werson v. Bollinger*,
   235 Cal. App. 3d 1569 (1991) ................................................................ 8

*Sunniland Fruit, Inc. v. Verni*,
   284 Cal. Rptr. 824 (Ct. App. 1991) ....................................................... 6,7

*Zalkind v. Ceradyne, Inc.*,
   194 Cal. App. 4th 1010 (2011) ................................................................ 7

**Federal Statutes**

28 U.S.C. § 1927 ........................................................................................... 8

**State Statutes**

Cal. Civ. Code § 1033.5(10) ........................................................................ 7

Cal Civ. Proc. Code § 1033.5(c) ................................................................ 11

California Consumer Legal Remedies Act ......................................... *passim*

**Rules**

Fed R. Civ. P. 37 ........................................................................................... 8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ARGUMENT IN REPLY TO OPPOSITION**

Defendant, Arizona Beverages USA LLC ("Defendant" or, at times, "ABUSA"), submits the within memorandum of law in reply to the opposition to the motion for attorneys' fees and costs ("Opposition" or "Opp.") filed by Plaintiff, Thomas Iglesias ("Plaintiff").

**A.    The Opposition Does Not Adequately Address the Evidence That Demonstrates Plaintiff's Lack of Good Faith in Prosecuting this Action After His Deposition**

Plaintiff glosses over his 2016 lawsuit filed against Welch Foods, Inc. ("Welch Suit") by arguing that action evidenced his concern with accurate labeling.  (Opp., p. 8).  However, the Welch Suit proves that, as early as November 2016, Plaintiff knew that the FDA classified ascorbic acid as a chemical preservative and, hence, had formed the belief that ascorbic acid was not natural by that date.  (ECF No. 127-4, Ex. C, ¶ 3).  The Welch Suit and the other proposed class action lawsuits he filed are probative of the fact that Plaintiff:  (1) is an experienced and sophisticated litigant; (2) had an ongoing attorney-client relationship with his present counsel that existed well prior to this action and the Hornell Action; and (3) proceeded with the claim of deception against Hornell and then against ABUSA, concerning ascorbic acid, that he knew had no basis in fact. Glaringly, Plaintiff's declaration does not address the Welch Suit and/or his prior knowledge regarding ascorbic acid.  (ECF No. 134-3).

Plaintiff contends that his lack of knowledge of his attorneys, and of the prior Hornell Action, were "minor lapses" in his "memory" (Opp., p. 8) that does not indicate that his claims were contrived.  However, that assertion cannot withstand any level of scrutiny.  Plaintiff inanely maintains that two of his attorneys, Ms. Hart and Mr. Ardi, were "peripheral individuals."  He even obtusely observes that one such counsel at the firm, Mr. Ardi, was a "junior associate" working on the case, as if that status matters.  Notwithstanding Plaintiff's facile attempt to downplay the role of his own lawyers, the so called "peripheral" attorney, Ms. Hart, was a signatory to the retainer agreement (ECF No. 109-3, Ex. B), signed the CLRA letters (ECF Nos. 109, Ex. C, 123-2 and 2123-3), executed and filed the multiple complaints in both the Hornell Action **and in the within action** (ECF Nos. 1 and 20), and was actively involved in virtually every aspect of the Hornell

1 | Action. (Hornell Action ECF Nos. 1, 7, 12, 20, 27, 28, 29, 33, 36, 54, 55 and). The Hornell Action

2 | was litigated heavily for 9 months. (*Id.*, ECF Nos. 1-56). How Plaintiff could argue that his own

3 | attorney sending letters and asserting claims, on his behalf, on a multiple basis, was merely on the

4 | periphery is beyond any understanding. As to the second so-called "peripheral" attorney, Mr.

5 | Ardi, he was actively involved in this action, making motions to compel filed with this Court and

6 | signing other submissions. (ECF Nos. 67, 69-4 and 73).

7 |      The facts demonstrate that the Hornell Action was filed by Yana Hart, an attorney unknown

8 | to Plaintiff and that suit was dismissed apparently without Plaintiff's knowledge. (ECF No. 127-

9 | 1, Ex. B, T. 72:4-7; T. 140:11-24). Additionally, evidence presented shows that Ms. Hart, acting

10 | as Plaintiff's lawyer, along with another, Mr. Ardi, also unfamiliar to Plaintiff, pursued the same

11 | claims in this action. (*Id.*, T. 75:7-10; ECF Nos. 1, 29, 67, 69-4 and 73). Defendant respectfully

12 | submits that these facts, along with the other evidence submitted, especially concerning the Welch

13 | Suit, raise a reasonable inference that Plaintiff simply lent his name to the Hornell Action and this

14 | lawsuit, and pursued this action, after his deposition, in subjective bad faith.

15 |      Plaintiff offers no reasonable explanation why he continued to prosecute his claims after

16 | his deposition. Contrary to Plaintiff's arguments, this case is precisely like *Crawford v. Arizona*

17 | *Beverages USA LLC,* 2025 WL 658100 (S.D. Ill. Feb. 25, 2025) because Plaintiff's deposition

18 | testimony conclusively demonstrated that he had no reasonable basis to prosecute these claims but

19 | did so anyway, requiring ABUSA to expend hundreds of thousands of dollars in defense. Plaintiff

20 | claims that his deposition testimony shows that he relied upon the label when making his purchases

21 | and that testimony justified his continued prosecution of this action. (Opp., p. 5). However, his

22 | testimony proved that he was certain that he bought the Products in 2022, after becoming aware

23 | they contained ingredients claimed to be unnatural and/or a preservative, that he was not seeking

24 | a monetary recovery and that he had no intention to purchase the Products again. (ECF No. 120).

25 | As in *Crawford*, Plaintiff here, "though empty handed, pressed his case forward in opposition to

26 | Defendant's motion for summary judgment." *Crawford*, 2025 WL 658100, at * 5. This matter

27 |

28 |

1    was not "close" as Plaintiff contends and he ought to have ceased prosecuting all claims after his

2    deposition.

3         Plaintiff's repeated references to the ruling on the motion to dismiss (Opp., pp. 1, 2 and 6)

4    are immaterial because that decision took place well before the period for which fees are sought

5    and was based upon a different evidentiary standard whereby Plaintiff's allegations were to be

6    accepted as true.  Plaintiff goes so far as to contend that, notwithstanding the entry of summary

7    judgment, ABUSA "remains exposed to future liability," ABUSA's "purported victory here is

8    limited" (Opp. 14), and states that "its prevailing party status is at best technical."  However,

9    ABUSA is the prevailing party against Plaintiff by virtue of the entry of summary judgment in its

10    favor.

11    **B.**    **<u>Plaintiff Relies Upon Unavailing Court Decisions</u>**

12         Plaintiff relies upon decisions that do not support his position.  As to *Clark v. Incomm*

13    *Financial Services, Inc*., No. EDCV 22-1839 JGB (SHKX), 2024 WL 4744356 (C.D. Cal. Sept.

14    13, 2024), that decision supports ABUSA's motion.  In that case, the court noted law and

15    circumstances, similar to the present matter, where counsel "knew or should have known" that

16    there was no evidence to support claims but proceeded to litigate plaintiff's claims on the merits

17    and "forced [Defendant][sic] to waste time and resources defending an action, that, from the

18    beginning, lacked a factual basis."  *Id*. at *4; citing and quoting *Forto v. Capital One Bank,*

19    *National Association,* No. 14-CV-05611-JD (MEJ), 2017 WL 4168529, at *7 (N.D. Cal. Sept. 20,

20    2017).

21         Contrary to Plaintiff's argument, *In Re Njoy Inc. Consumer Class Litig.,* No. CV 14-428-

22    JFW (JEMX), 2016 WL 6681179 (C.D. Cal. May 25, 2016) is not analogous to the within action.

23    In *Njoy,* the plaintiff dismissed his claim under the Consumer Legal Remedies Act ("CLRA"),

24    with prejudice, not because he "recognized that it lacked merit" but to pursue an immediate appeal

25    of the order denying classification.  *Id*. at *2.  The defendant *in Njoy* also had not presented credible

26    evidence, "nor could it," that the CLRA claim was pursued in bad faith.  *Id*.  In contrast, here, a

27    ruling on the merits was obtained in ABUSA's favor, against Plaintiff, on the CLRA claim, after

28

1   opposition by Plaintiff. Also, unlike the defendant in *Njoy*, ABUSA has submitted ample evidence

2   probative of a lack of subjective good faith. Similarly, Plaintiff's reliance on *Jones v Conagra*

3   *Foods, Inc.*, No. C 12-01633, CRB, 2013 WL 6623740 (N.D. Cal. Dec. 16, 2023) is misplaced. In

4   *Jones*, only one of the Plaintiff move the voluntary dismiss his claim to get to defend it with

5   prejudice in the court, ruled that the defendant was not a prevailing party. Additionally, the

6   defendant relied upon allegations of a "meritless motion" being proof of subjective bad faith under

7   a willful blindness standard. *Id.* at *4. Additionally, the court was addressing a starkly different

8   circumstance where the defendant asserted that one plaintiff withdrew from the case for an

9   "improper purpose."

10          Plaintiff next argues that because the action was a putative class action, pursued "to

11  vindicate important consumer rights," such claims are presumptively entitled to a protected status

12  essentially immunizing an unsuccessful plaintiff against a finding of bad faith, lest other litigants

13  be deterred. (Opp., pp. 4 and 6). However, Plaintiff fails to cite to any law that excuses a litigant's

14  lack of good faith simply because the claims asserted included a putative class action based upon

15  consumer laws. The applicable standard requires a showing of a lack of subjective bad faith. *See*

16  *Corbett v. Haywood Dodge, Inc.*, 119 Cal. App. 4th 915, 924 (2004). There is no presumption

17  against such a finding based upon the mere allegations of consumer fraud under the CLRA.

18          Defendant disputes any "chilling effect" due to a favorable fee decision here. By relying

19  upon decisions concerning alleged civil rights violations, Plaintiff equates a supposed concerned

20  consumer with other plaintiffs alleging violations of constitutional rights. (Opp., p. 13). However,

21  when addressing false labeling suits, like a failure to warn case, a court has observed that all factors

22  are to be evaluated before determining whether an award of costs would have a chilling effect. *See*

23  *In re Incretin-Based Therapies Product Liability Litigation,* No. 13-MD-2452-AJB-MDD, 2021

24  WL 5990042, at *2-3 (S.D. Cal. Dec., 17, 2021).

25          Even in the context of civil rights claims, the issue of a plaintiff's bad faith can be

26  considered when addressing the chilling effect on future similar actions. For example, in *Williams*

27  *v. Gore*, No. 15-CV-0654-AJB-PCL, 2017 WL 4960220, at *3–4 (S.D. Cal. Nov. 1, 2017), the

28

---

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
TO OPPOSITION TO MOTION FOR ATTORNEYS' FEES
- 4 -

1    Court found the imposition of costs would not chill future civil rights litigants given "Plaintiff's

2    unreliable behavior in bringing forth his claim" and that "future plaintiffs willing to conduct

3    themselves with candor and good faith need not be deterred by this decision because it is limited

4    to this specific instance of Plaintiff's untrustworthy conduct in litigating his case." *Id.*

5    **C.    Plaintiff Failed to Demonstrate That Any Exception Applies for His Failure to Admit**
     **the Request for Admissions.**

6

7         Based upon the conclusory objection of vagueness, Plaintiff claims that he was justified in

8    refusing to respond to requests for admissions concerning whether he purchased the Mucho

9    Mango, in part, because of the taste and/or the flavor and/or that he liked the taste of that Product.

10   (Opp., p. 9). However, these requests were manifestly clear and concise. As to the assertion of

11   lack of relevance, to argue that the reasons for his purchases and what he liked about the various

12   Products were not germane factors is an untenable position. The reasons for Plaintiff's purchases

13   were especially relevant given his evidentiary burden and his allegations of reliance on the "All

14   Natural" statement. The fact that Plaintiff bought the Products after becoming aware of the

15   presence of alleged artificial ingredients and/or preservatives was proven by Plaintiff's testimony

16   and were grounds for the entry of summary judgment. (ECF No. 120). As to his testimony

17   regarding why he purchased a Mucho Mango Product, ABUSA acknowledges the inadvertent

18   misquote about the term "just," but refers to Plaintiff's entire deposition testimony, which shows

19   that he purchased a product in part because of the taste and/or flavor of that Product and that he

20   like the taste. (ECF No. ECF Nos. 127-1, Ex. B, T.106:14-15; T. 106:21-24 and T. 118:3-4). The

21   failure to admit these facts violated Rule 37(c)(2).

22        Contrary to Plaintiff's assertions, no exceptions apply regarding the failure to respond to

23   the requests for admissions concerning the grapeade and lemonade Products. First, Plaintiff

24   misstates these requests by stating that they sought admissions as to whether these Products were

25   purchased in 2018. (Opp., p. 10). In actuality, the requests sought Plaintiff to admit whether he

26   bought the lemonade and grapeade Products, **since December 23, 2018, with the labels attached**

27   **to those requests.** (ECF Nos. 127-1, Exs. I and J; emphasis added). Plaintiff testified that he

28

1  believed that the front labels shown to him were on the Products that he bought. (*Id.*, T. 151:2-28;

2  T. 152:23-T. 153:10). Second, Plaintiff's contention that these beliefs were not admissions of fact

3  defies common sense and the law. *See Caouette v. OfficeMax, Inc.,* 352 F. Supp. 2d 134, 140

4  (D.N.H. 2005) (where litigant testified in his deposition that he does not believe he was fired on

5  account of his age and the court found that statement to be an admission). Lastly, Plaintiff's

6  reliance upon *Parallax Group Int'l, LLC v. Inacstores LLC*, No. SACV 16-00929 JVS (DFMX),

7  2024 WL 3078228 (C.D. Cal. April 5, 2024) is misplaced because that decision concerned a denial

8  of a motion under Rule 37(c)(2) primarily because the fees sought were based upon factual findings

9  of patent invalidity in separate administrative proceeding, not facts determined in the action before

10  the court. *Id.*, 2024 WL 3078228, at *15. In contrast, here, these admissions arose during this

11  proceeding, not in a separate action.

12      As to the request about never purchasing the products again, Plaintiff's objection based

13  upon speculation is equally without merit. (Opp., p.10). Only Plaintiff would be able to know

14  whether or not he would ever purchase the Products again. He testified that he had no present

15  intention of purchasing the Products again. (ECF 127-1, Ex. B, T. 118:25 – T. 119:16). Plaintiff

16  asserts that these proofs were "immaterial" (Opp. at p. 10), but standing was of substantial

17  importance to the ruling on the motion for summary judgment as concerning the claim for an

18  injunctive relief. (ECF No. 120). Three out of the four of Plaintiff's claims sought injunctive

19  relief (i.e., under the CLRA, Unfair Competition Law and False Advertising Law). (ECF No. 29,

20  ¶¶ 150a(1)-(3), 158(2),(3), 161, and 207 (3) and (4). The admission sought and proven by his

21  deposition hardly bore upon only a "tiny fraction" of the case record as Plaintiff maintains. (Opp.,

22  p. 10).

23  **D.    Because Counsel, Not Plaintiff, is Responsible to Pay for the Fees and Costs Sought
         Here, the Issue of Ability to Pay is Not Relevant.**

24

25      The obligation to pay the attorney's fees and costs, if awarded here, is a legal question

26  governed by the retainer agreement and the legal authority on the subject. The generally accepted

27  law is that "interpretation of a written instrument is a judicial function," and "extrinsic evidence is

28

1    not admissible to contradict express terms in a written contract or to explain what the agreement

2    was.[sic]" *Sunniland Fruit, Inc. v. Verni*, 284 Cal. Rptr. 824, 826-27 (Ct. App. 1991) (disregarding

3    "testimony that [litigant] understood" his recovery was limited by a contract provision). Only after

4    a written agreement is reviewed by a court and considered ambiguous or open to interpretation

5    may parol evidence like testimony be admitted "to explain the meaning of a writing[.]" *Id.*

6    Testimony in the form of declarations or affidavits are treated the same. *See Lima Transp., Inc. v.*

7    *U.S. Xpress Enters., Inc.*, No. B154700, 2002 WL 1371060, at *4 (Cal. Ct. App. June 25, 2002)

8    (ruling that "declarations of intention contrary to the express terms cannot be admitted to interpret

9    a writing.") (citations omitted); *see also McGregor v. Schlage Lock Co*., 29 Fed. R. Serv. 2d 882,

10    at *2 (N.D. Cal. 1980); *see also Intex Recreation Corp. v. Bestway (USA), Inc*., No. CV 19-8596-

11    JAK(EX), 2023 WL 11964260, at *2 (C.D. Cal. Oct. 30, 2023).

12         Nonetheless, in a transparent attempt to bolster the claim of an inability to pay, Plaintiff

13    submits a declaration that claims that he has no agreement with counsel to cover the fees and costs

14    that are the subject of the motion. (ECF No. 134-3, ¶ 11). That statement is not competent as

15    constituting a legal opinion; additionally, the assertion is not accurate and violates the parol

16    evidence rule. Plaintiff's declaration also does not identify any clause in the retainer agreement

17    that requires him to pay for the fees and costs sought.

18         As ABUSA argues, under Section 5 of the retainer agreement, Plaintiff's counsel is

19    obligated to pay the fees and costs sought, not Plaintiff. Under California law, "the meaning of a

20    contract must be derived from reading the whole of the contract, with individual provisions

21    interpreted together, in order to give effect to all provisions and to avoid rendering some

22    meaningless." *Zalkind v. Ceradyne, Inc.*, 194 Cal. App. 4th 1010, 1027 (2011). In claiming he is

23    personally responsible, in his publicly filed Opposition (ECF No. 134, p. 12), Plaintiff openly

24    refers only to a small portion of Section 5 ("I alone am responsible for paying any fines, penalties,

25    or damages assessed against me personally."). In doing so, he omits the entire sentence which

26    states that "I also understand that **other than litigation costs**, I alone am responsible for paying

27

28

1   any fines, penalties, or damages assessed against me personally." (ECF Nos. 109-3, Ex. B; filed

2   under seal, ECF No. 121, emphasis added).

3       In the motion, ABUSA cites to California law that defines costs to include attorneys' fees

4   (i.e., under California law at Cal. Civ. Code § 1033.5(10)). (ECF No. 127, p. 10). In the

5   Opposition, Plaintiff does not address this definition. As a matter of a common sense and from a

6   layperson's perspective, attorneys' fees are not "fines," "penalties" or "damages," but rather

7   constitute litigation costs.

8       Plaintiff argues that *Severson & Werson v. Bollinger*, 235 Cal. App. 3d 1569, 1572 (1991)

9   is not applicable because no dispute exists over the retainer agreement. (Opp. at p. 12). However,

10  the within motion presents such a dispute. ABUSA cited to *Severson* for the proposition that any

11  ambiguity in a retainer agreement is construed in favor of the client and against the attorney.

12  Accordingly, a fair reading of Section 5 is that because attorney's fees and costs are not "fines,"

13  "penalties" or "damages," they are unspecified "litigation costs" not to be borne by Plaintiff.

14      To the extent the Court rules that the retainer agreement does not identify the fees sought

15  as being a cost that Plaintiff must pay, the rule of construction, *ejusdem generis*, may well apply

16  here. That rule "states that where general words follow the enumeration of particular classes of

17  persons or things, the general words will be construed as applicable only to persons or things of

18  the same general nature or class as those enumerated." *See Lawrence v. Walzer & Gabrielson*,

19  207 Cal.App.3d 1501, 1506 (1989) (applying that rule to a retainer agreement). Under that

20  approach, a fair reading of Section 5 is that because attorney's fees and costs are not listed after

21  "fines," "penalties" or "damages," they are to be included with the unspecified "litigation costs"

22  not to be borne by Plaintiff.

23      Additionally, in the context of Rule 11 and 28 U.S.C. § 1927, the party/attorney claiming

24  the inability to pay has the burden to prove such inability. *Gaskell v. Weir*, 10 F.3d 626, 629 (9th

25  Cir. 1993); *see also Gilliam v. Moreno Valley Union High Sch. Dist.*, 87 F.3d 1318 (9th Cir. 1996).

26  Plaintiff does not address, and thereby concedes, that in the event his attorneys are obligated to

27  pay, said counsel has the financial ability to do so. *Beard v. Cnty. of Stanislaus*, No.

28

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY
TO OPPOSITION TO MOTION FOR ATTORNEYS' FEES
- 8 -

1    121CV00841DADSAB, 2022 WL 2704856, at *5 (E.D. Cal. July 12, 2022).  As concerning a

2    violation under Fed R. Civ. P. 37, the Court has the discretion to order counsel, not Plaintiff, to

3    pay that cost. Fed R. Civ. P. 37(a)(5),

4          In the event of a ruling that the retainer agreement obligates Plaintiff to pay, a court may

5    simply reduce the amount sought instead of denying all fees and costs on the grounds of financial

6    inability.  *See Nguyen v. City of Garden Grove*, No. 8:21-CV-01775-JVS (ADSX), 2024 WL

7    2982975, at *8 (C.D. Cal. May 8, 2024) (Court found that some factors weighed in favor of

8    denying costs while others did not and  reduced the costs to a quarter of the amount requested);

9    *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 611 (5th Cir. 1998) (affirming taxation of costs as

10   routine and appropriate where basis of case was "approaching frivolousness"); *see also Chapman*

11   *v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) ("Even in those rare circumstances where the

12   non-prevailing party's financial circumstances are considered in determining the amount of costs

13   to be awarded, a court may not decline to award any costs at all").  "[T]he significant financial

14   disparity between Plaintiff and Defendants' financial resources, standing alone, 'cannot justify

15   denying costs because there is almost always a financial disparity between a corporate entity and

16   individual litigants.'" *Tichenor v. BAE Systems Technology Solutions and Services, Inc.,* No.

17   20CV499-JM-BGS, 2024 WL 3261191, at *4 (S.D. Cal. July 1, 2024) (quoting *Haitayan v. 7-*

18   *Eleven, Inc.,* 2018 WL 5263210, at *3 (C.D. Cal. Aug. 31, 2018).

19         Given Plaintiff's financial and family circumstances outlined in his opposing declaration,

20   ABUSA acknowledges that the fees sought would be subject to a reasonable reduction in the event

21   the Court were to rule that Plaintiff alone had the obligation to pay.

22   **E.    <u>Plaintiff Has Not Identified Objections to Fees With Any Degree of Specificity.</u>**

23         After the party seeking fees has come forward with its evidence supporting the time billed,

24   "[t]he party opposing the fee application has a burden of rebuttal that requires submission of

25   evidence to the district court challenging the accuracy and reasonableness of the hours charged or

26   the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987

27   F.2d 1392, 1397–98 (9th Cir.1992).  The party opposing fees must specifically identify defects or

28

1  deficiencies in the hours requested.  Conclusory and unsubstantiated objections are insufficient to

2  warrant a reduction in fees.  *Cancio v. Fin. Credit Network, Inc.*, No. 04–CV–3755 THE, 2005

3  WL 1629809, at *3 (N.D. Cal. July 6, 2005).  When that party fails to do so, a court may deem the

4  opposing party to have conceded that an entry is proper.  *See Kim Laube & Co., Inc. v. Wahl*

5  *Clipper Corp.*, No. LACV0900914JAKJCX, 2013 WL 12085140, at *7 (C.D. Cal. Nov. 6, 2013)

6  (based only omnibus objections to apportionment of fees between patent and non-patent matters,

7  court found that, to the extent the general objections fail, objecting party, in effect, conceded the

8  propriety of the particular fees submitted); *Gates v. Rowland*, 39 F.3d 1439, 1449-51 (9th Cir.

9  1994) (refusing to reduce fee award where opposing party failed to make "adequate specific

10  objections"); *see also Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d 1154, 1176 (N.D. Cal. 2012)

11  ("The party opposing fees must specifically identify defects or deficiencies in the hours requested.

12  Conclusory and unsubstantiated objections are insufficient to warrant a reduction in fees.").

13  　　　　As stated in *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008):

14  　　　　　　And it may be difficult for the district court to identify the precise
15  　　　　　　spot where a fee request is excessive.  But the burden of producing
　　　　　　　a sufficiently cogent explanation can mostly be placed on the
16  　　　　　　shoulders of the losing parties, who not only have the incentive, but
　　　　　　　also the knowledge of the case to point out such things as excessive
17  　　　　　　or duplicative billing practices.  If opposing counsel cannot come up
　　　　　　　with specific reasons for reducing the fee request that the district
18  　　　　　　court finds persuasive, it should normally grant the award in full, or
　　　　　　　with no more than a haircut.
19

20  　　　　Plaintiff does not dispute that the hourly rates of Stevens & Lee attorneys are reasonable.

21  Plaintiff contends that the amount sought is not reasonable but offers no specifics.  Plaintiff fails

22  to detail what billing records were allegedly vague, block billed, and/or constitute questionable

23  entries. (Opp., p.14).  He also claims fees sought relate to "duplicative review," "excess internal

24  meanings" and "inflated costs," without any specificity. (Opp., p. 14).  Having not identified any

25  defects or deficiencies in the hours requested, Plaintiff has not sustained his burden to show that

26  the fee amount is unreasonable.

27

28

1    Plaintiff complains about redacted time entries but that issue is of no import as those

2    services were redacted because they are not the subject of the motion for fees. All of the entries

3    that are the subject of the motion are clearly set forth (as unredacted) in the detailed billing entries

4    filed. (ECF No. 127-2, Ex A). As to the assertion that the number of lawyers assigned was not

5    reasonable, Plaintiff ignores the declaration of counsel and the expert report from fee expert, Mr.

6    Jardini, explaining the reasonableness of such staffing, the itemization of services by category and

7    identifying what was undertaken, by each attorney. (ECF No. 127-1, ¶16(a)-(i), Ex. A and Ex. K,

8    ¶ 94). These services included: attending to written discovery, massive document production,

9    defending party depositions, third party discovery, Court mandated conferences, mediation,

10   opposing class certification, expert discovery, and the summary judgment motion. This matter

11   exposed Defendant to: (1) a massive amount of potential damages; (2) an injunction, seeking to

12   have labels changed, concerning multiple product lines; and (3) significant reputational harm. The

13   staffing employed was in response to the gravity of the claims asserted and the immense amount

14   of work undertaken.

15   Plaintiff was also obliged to identify which entries he believes are not sufficiently detailed.

16   His reference to three entries, amounting to about Four Hundred and Twenty-Two Dollars

17   ($422.00) (Opp., p. 14), without any date, or reference to the time, the person, and the attorney

18   responsible for the entry falls short of his burden to specify which entry is the subject of the

19   objection. Accordingly, in the event the Court finds Plaintiff continued to prosecute this action

20   without subjective good faith, it is respectfully submitted the entire amount of fees sought have

21   been established as being reasonable.

22   With respect to the mediation fees incurred, ABUSA cited to *Parkinson v. Hyundai Motor*

23   *Am,* 796 F. Supp. 2d 1160, 1176-77 (C.D. Cal. 2020) to support the claim that such expenses are

24   recoverable as costs under the CLRA. Plaintiff argues that *Parkinson* awarded such costs under

25   Cal Civ. Proc. Code §1033.5(c), not under §1780(e), but the court there indeed addressed the

26   entitlement to costs under §1780(e). *Id.*, 796 F Supp. 2d at 1169 and 1171. In doing so, because

27

28

1   §1780(e) does not define costs, the court relied upon other laws in California that govern

2   recoverable costs, including §1033.5(c).  *Id.*, 796 F. Supp. 2d at 1176.

3          As concerning the contention that the $7,500.00 expense has not been proven to be

4   reasonable (Opp., p. 15), given the fact that both parties agreed to share, equally, in paying the

5   $15,000.00 fee charged (i.e. $7,500.00 each), and in fact made those payments to the mediator,

6   ABUSA respectfully submits that this expense is presumptively reasonable.

7   **F.      Additional Fees Incurred Due to Opposition.**

8          As previously stated, when attorney fees are recoverable by statute, reasonable fees

9   incurred in preparing the motion are also recoverable.  *Dopps v. Bentley Motors Inc.,* 174 Cal

10  App.4th 967, 1002 (2009).  An additional 20 hours of time has been devoted to reviewing the

11  Opposition, preparing and filing the within reply, amounting to another $7,000.00 in fees incurred

12  as a result of filing the within reply to the Opposition.  ABUSA respectfully requests that this

13  amount be added to the prior request of $17,500.00 sought in filing the underlying motion.

14                                      **CONCLUSION**

15         For the foregoing reasons, ABUSA respectfully requests that the Court grant Defendant's

16  motion for attorney's fees and costs.

17                                      Respectfully submitted,

18

19  Dated:  September 24, 2025          */s/ Robert P. Donovan*
                                        ROBERT P. DONOVAN
20

21                                      STEVENS & LEE
                                        669 River Drive, Suite 201
22                                      Elmwood Park, New Jersey 07407
                                        Telephone:  (201) 857-6778
23                                      Facsimile:  (201) 857-6761
                                        robert.donovan@stevenslee.com
24                                      *Attorneys for Defendant*

25

26

27

28