**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, California 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>Defendant. | Case No. 4:22-cv-09108-JSW<br>Case Filed: December 23, 2022<br>FAC Filed: March 10, 2023<br><br>*Assigned to Hon. Jeffrey S. White*<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>Hearing Information</u>:<br>Date:         November 21, 2025<br>Time:         9:00 a.m.<br>Courtroom:  5, 2nd Floor |

Case No. 4:22-cv-09108-JSW

PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 21, 2025, at 9:00 a.m., in Courtroom 5 of the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, the Honorable Jeffrey S. White presiding, Plaintiff Thomas Iglesias ("Plaintiff") will and hereby does move to review the Clerk's taxation of costs.

This motion is based upon this notice of motion and motion, the memorandum of points and authorities set forth below, any declarations, exhibits, and other evidence submitted in support, the pleadings and records on file in this action, the papers and evidence previously submitted to the Court in objection to Defendant Arizona Beverages USA, LLC's ("Defendant") Bill of Costs, and any other matters the Court may consider at the hearing.

Dated: September 30, 2025

**CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
    Ryan J. Clarkson
    Bahar Sodaify

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

Page No.

I. INTRODUCTION ................................................................................................................ 1

II. BRIEF PROCEDURAL BACKGROUND ........................................................................ 2

III. LEGAL STANDARD .......................................................................................................... 2

IV. THE *ESCRIBA* FACTORS CONFIRM COSTS SHOULD BE DENIED .............................. 4

    A. Plaintiff's Case is of Substantial Public Importance ...................................................... 4

    B. Plaintiff Litigated Complex Issues, and the Outcome was Close ................................ 5

    C. Awarding Costs Would Chill Future Consumer Protection Litigation ........................ 7

    D. Plaintiff's Financial Circumstances and Disparity of Party Resources Warrant Denying Costs ........................................................................................................................... 8

V. SPECIFIC OBJECTIONS TO TAXATION OF COSTS .......................................................... 9

    A. The Clerk Rightfully Denied Some of the Nontaxable Costs ...................................... 10

    B. Deposition Related Costs Should Have Been Rejected ............................................... 10

        1. Costs of videotaped deposition should have been rejected as unnecessary and exorbitant ......................................................................................................... 11

        2. Additional deposition costs should have been rejected as unnecessary ........ 12

VI. ALTERNATIVELY, PAYMENT SHOULD BE STAYED PENDING APPEAL ............. 12

VII. CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page No.**

*Ancora Techs., Inc. v. Apple, Inc.*,
  No. 11-CV-06357 YGR,
  2013 U.S. Dist. LEXIS 121225, at *9 (N.D. Cal. Aug 26, 2023) ................................................. 10

*Ass'n of Mexican-Am. Educators v. California*,
  231 F.3d 572 (9th Cir. 2000) .................................................................................................... 2, 5, 9

*Brager v. Costo Wholesale Corp.*,
  No. 19-cv-00044-DJC-CSK,
  2025 U.S. Dist. LEXIS 29701 (E.D. Cal. Feb. 18, 2025) ...................................................... 6

*Davis v. Pinterest, Inc.*,
  No. 19-cv-07650-HSG,
  2023 U.S. Dist. LEXIS 226844 (N.D. Cal. Dec. 20, 2023) ........................................... 7, 9

*Draper v. Rosario*,
  836 F.3d 1072 (9th Cir. 2016) .................................................................................................. 3, 9

*Dunklin v. Mallinger*,
  No. 11-cv-01275-JCS,
  2013 U.S. Dist. LEXIS 85340 (N.D. Cal. June 17, 2013) ............................................. 12

*English v. Colo. Dep't of Corr.*,
  248 F.3d 1002 (10th Cir. 2001) ............................................................................................. 10

*Escriba v. Foster Poultry Farms, Inc.*,
  743 F.3d 1236 (9th Cir. 2014) ......................................................................................... *passim*

*Fowler v. California Highway Patrol*,
  No. 13-cv-01026-THE,
  2014 WL 3965027 (N.D. Cal. Aug. 13, 2014) ................................................................. 2

*Hilton v. Braunskill*,
  481 U.S. 770 (1987) ................................................................................................................ 3, 13

*Economus v. City & Cty. of San Francisco*,
  No. 18-CV-01071-HSG,
  2019 WL 3293292 (N.D. Cal. July 5, 2019)
  *report and recommendation adopted*, 2019 WL 3290761 (N.D. Cal. July 22, 2019) .................. 6

*In re Ricoh Co., Ltd. Patent Litig.*,
  661 F.3d 1361 (Fed. Cir. 2011) ......................................................................................... 9, 11

*In re Tesla Inc., Sec. Litig.*,
  No. 18-cv-04865-EMC,
  2023 WL 4032010 (N.D. Cal. June 14, 2023) ................................................................. 3

*Indep. Iron Works, Inc. v. U.S. Steel Corp.*,
　322 F.2d 656 (9th Cir. 1963) ............................................................................................ 11

*Jefferson v. City of Fremont*,
　No. C-12-0926 EMC,
　2015 U.S. Dist. LEXIS 34455 (N.D. Cal. Mar. 19, 2025) ..................................................... 6

*Kilopass Tech. Inc. v. Sidense Corp*,
　No. C 10-02066 SI,
　2013 U.S. Dist. LEXIS 31945 (N.D. Cal. Mar. 6, 2013) ..................................................... 13

*Kwan Software Eng'g, Inc. v. Foray Techs., LLC*,
　No. C 12-03762 SI,
　2014 U.S. Dist. LEXIS 63933 (N.D. Cal. 2014) ........................................................... 3, 10

*Lasic v. Moreno*,
　No. 2:05-cv-0161-MCE-DAD,
　2007 WL 4180655 (E.D. Cal. Nov. 21, 2007) ........................................................... 12, 13

*McCalmont v. Fannie Mae*,
　No. CV-13-02107-PHX-JJT,
　2019 U.S. Dist. LEXIS 137297 (D. Ariz. Aug. 14, 2019) ..................................................... 4

*Nghiem v. Santa Clara University*,
　No. 21-cv-06872-PCP,
　2024 U.S. LEXIS 22627 (N.D. Cal. 2024) ........................................................................ 7

*Rosa v. City of Seaside*,
　No. C 05-03577 JF,
　2010 WL 583953 (N.D. Cal. Feb. 16, 2010) ...................................................................... 3

*Stanley v. University of S. California*,
　178 F.3d 1069 (9th Cir. 1999) .......................................................................................... 7

*Steffens v. Regus Grp., PLC*,
　No. 08CV1494-LAB (WVG),
　2012 WL 628235 (S.D. Cal. Feb. 24, 2012) ...................................................................... 3

*Taniguchi v. Kan Pac. Saipan, Ltd.*,
　566 U.S. 560 (2012) ......................................................................................................... 9

*Total Recall Techs. v. Luckey.*,
　No. C 15-02281 WHA,
　2017 WL 2118297 (N.D. Cal. May 16, 2017) .................................................................. 11

*TransPerfect Glob., Inc. v. MotionPoint Corp.*,
　No. C-10-02590 CW (DMR),
　2014 WL 1364792 (N.D. Cal. Apr. 4, 2014) ............................................................... 11, 12

*Windy Cove, Inc. v. Circle K Stores, Inc.*,
　No. 21-cv-1416-MMA-DEB,
　2024 WL 393237 (S.D. Cal. Feb. 1, 2024) ..................................................................... 11

*Zeen v. Cty. of Sonoma*,
   Case No. 17-cv-02056-LB,
   2018 U.S. Dist. LEXIS 175568 (N.D. Cal. Oct. 11, 2018) .......................................................... 5

**Codes**

28 U.S.C. § 1920 ................................................................................................................... 3, 9. 10

Cal. Civ. Code § 1760 ..................................................................................................................... 4

**Rules**

N.D. Cal. Civ. L.R. 54-3 ...................................................................................................... 3, 10, 11

**STATEMENT OF RELIEF REQUESTED**

Plaintiff Thomas Iglesias respectfully requests that the Court review the Clerk's taxation of costs in the amount of $7,212.79 (ECF 138) and exercise its discretion to decline the imposition of any costs on Mr. Iglesias. Alternatively, any costs assessed should be limited to $105.00, the amount Defendant Arizona Beverages USA, LLC paid for the reproduction of government documents, and stayed pending resolution of Mr. Iglesias' appeal in the Ninth Circuit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Following entry of judgment, the Clerk taxed costs against Mr. Iglesias in the amount of $7,212.79 (ECF 138) over his previously filed objection to Defendant's Bill of Costs (ECF 132). These costs were erroneously sought, include charges not permitted by statute, and are fundamentally inequitable given the vast difference in resources between the parties and the public interest nature of this case. Many of the claimed expenses were incurred for the convenience of Defendant's counsel rather than out of necessity, and taxing them against Mr. Iglesias would create an unjust outcome.

The presumption in favor of awarding costs to a prevailing party is not automatic. Instead, Courts retain broad discretion to deny or reduce costs where fairness so requires. This case presents precisely such circumstances. Mr. Iglesias is an individual consumer, a husband and father of three, and a military veteran who has spent his entire life living and working in San Francisco. (ECF 132-003, ¶¶ 3-4). For more than thirty years, he has served his community as a full-time Facilities Coordinator and Supervisor for the San Francisco Recreation and Park Department, while his wife works at San Francisco State University to help support their family. *Id*. ¶ 3. Mr. Iglesias pursued this lawsuit not for personal gain, but out of a genuine desire to hold a powerful corporation accountable for misleading labeling and to protect other consumers. *Id*. ¶¶ 5-6. Throughout the litigation, he dedicated countless hours to reviewing documents, responding to discovery, sitting for a deposition, and assisting counsel—all while balancing his demanding job and family responsibilities. *Id*. ¶¶ 7-9.

By contrast, Defendant is a massive, well-capitalized corporation with virtually unlimited resources. Imposing over seven thousand dollars in costs on Mr. Iglesias would cause real financial hardship to his family, forcing them to divert funds needed for essential expenses like their mortgage and care for their youngest child. *Id*. ¶¶ 12-13. Such an award would punish an ordinary consumer for seeking to enforce his rights and send a chilling message that ordinary people risk financial devastation if they challenge corporate misconduct. *Id*. ¶¶ 15-16. This would deter future public interest lawsuits and undermine the very purpose of consumer protection laws. All of the other factors Courts consider in exercising their discretion to decline to award costs weigh in favor of doing so here as well, as explained below.

## II.  BRIEF PROCEDURAL BACKGROUND

On August 14, 2025, this Court granted Defendant's Motion for Summary Judgment (ECF 120). On August 26, 2025, Defendant filed its Bill of Costs in an amount totaling $8,394.54. (ECF 126). Mr. Iglesias timely filed his Objections to Defendant's Bill of Costs on September 16, 2025, asking the court to decline or reduce, any taxable costs. (ECF 132). On September 23, 2025, the Clerk Court taxed costs, pursuant to ECF 126, in the amount of $7,212.79. (ECF No. 138).

## III.  LEGAL STANDARD

When a party seeks review of the Clerk's taxation of costs, the Court reviews the Clerk's determination de novo. *See, e.g., Fowler v. California Highway Patrol,* No. 13-cv-01026-THE, 2014 WL 3965027, at *2 (N.D. Cal. Aug. 13, 2014). Although the Federal Rules of Civil Procedure allow a prevailing party to recover costs from the non-prevailing party, the district court retains discretion to refuse to award those costs. *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).

The court has discretion to deny costs when: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *See Escriba v. Foster Poultry Farms, Inc*., 743 F.3d 1236, 1247-48 (9th Cir. 2014) (providing "the district court [has] discretion to refuse to award costs") (quoting *Ass'n of Mexican-Am. Educ. v. State of Cal*., 231 F.3d 572, 592 (9th Cir. 2000)). It is not necessary for a party opposing

costs to demonstrate that every *Escriba* factor weighs in their favor, and courts have denied costs where only the "public importance" and "close and difficult issues" factors supported a denial of costs. *See In re Tesla Inc., Sec. Litig.*, 2023 WL 4032010, at *13-15 (N.D. Cal. June 14, 2023); *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (the *Escriba* factors serve only as a "starting point" for the analysis and a party "need not demonstrate that all five factors weigh against imposing costs" for a denial of costs to be permissible) (quoting *Escriba*, 743 F.3d at 1248).

Costs are strictly limited to the categories in 28 U.S.C. § 1920 and N.D. Cal. Civ. L.R. 54-3: (a) fees for filing and service of process, (b) the cost of reporters' transcripts necessarily obtained for an appeal or statement by a Judge from the bench which is to be reduced to a formal order, (c) some deposition costs, (d) some reproduction and exemplification costs (such as the cost of reproducing government records), (e) some witness expenses, (f) fees for masters and receivers, (g) some appeal costs, and (h) some costs of bonds and security. Non-taxable items include convenience expenses like video editing, hosting fees, and e-discovery management. *See, e.g., Kwan Software Eng'g, Inc. v. Foray Techs., LLC*, 2014 U.S. Dist. LEXIS 63933, at *10 (N.D. Cal. 2014).

In determining whether to grant a stay pending appeal, the Court considers four factors: (1) whether the applicant has made a strong showing of likely success on the merits; (2) whether the applicant will suffer irreparable harm absent a stay; (3) whether issuance of the stay would substantially injure the other parties involved in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Courts in this circuit, however, have also emphasized the importance of weighing the financial circumstances of both parties when evaluating a request for a stay of final judgment pending appeal. *See Rosa v. City of Seaside*, No. C 05-03577 JF, 2010 WL 583953, at *4 (N.D. Cal. Feb. 16, 2010) ("The Court finds [staying imposition of costs pending appeal] to be the most prudent course given the relative financial circumstances of the parties…"); *Steffens v. Regus Grp., PLC*, No. 08CV1494-LAB (WVG), 2012 WL 628235, at *3 (S.D. Cal. Feb. 24, 2012) ("[T]he sheer economic disparity between the parties, and the fact that this was a hard-fought case that was brought in good faith, provide an equitable reason to stay the Clerk's award of costs until Steffens' appeal is complete.").

**IV.  THE *ESCRIBA* FACTORS CONFIRM COSTS SHOULD BE DENIED**

    **A.  Plaintiff's Case is of Substantial Public Importance**

In bringing this matter, Mr. Iglesias sought to advance the integrity of the consumer marketplace and protect the right of families to trust the labels on the food and beverages they purchase. Plaintiff alleges that Defendant prominently marketed beverages as "All Natural" despite containing high fructose corn syrup and other unhealthy and synthetic additives. When a company misrepresents its products, it erodes public confidence and prevents consumers from making informed, healthy choices for themselves and their families. The case therefore raised substantial issues of public importance within the meaning of *Escriba*.

The California Consumers Legal Remedies Act ("CLRA") expressly provides that it shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices. Cal. Civ. Code § 1760. Enforcement of these protections cannot fall entirely to government agencies, which lack the resources to monitor every instance of deceptive marketing in today's complex and rapidly evolving marketplace. Private lawsuits like this one are therefore essential to holding corporations accountable and deterring misconduct that affects the marketplace and public at large. Mr. Iglesias brought this case not for personal gain, but out of a sincere belief in the importance of corporate transparency and consumer rights. (ECF 132-003, ¶¶ 5-6). He pursued this litigation at great personal sacrifice, devoting time and energy to reviewing documents, responding to discovery, and sitting for a deposition, all while working full time to support his wife and three children. *See id.* ¶¶ 7-9.

His actions reflect the important role of ordinary individuals acting as "private attorneys general," stepping forward when powerful corporations engage in misleading practices that harm the public. As Mr. Iglesias explains, the burden of these costs would create serious hardship for his family, requiring them to divert resources from essential expenses like their mortgage and childcare. (ECF 132-003, ¶¶ 12-13, 17). The chilling impact of taxing thousands of dollars in litigation costs against Mr. Iglesias personally also weighs in favor of denying the imposition of costs, as other courts have recognized. *See McCalmont v. Fannie Mae,* 2019 U.S. Dist. LEXIS 137297, *6 (D. Ariz. Aug. 14, 2019) (granting plaintiff's motion to vacate costs taxed by defendant in part because

the court was "concerned about chilling consumer protection actions against large financial clearinghouses similar to Defendant.").

### B. Plaintiff Litigated Complex Issues, and the Outcome was Close

The closeness of a case is also a factor courts consider in denying costs. *See Escriba*, 743 F.3d at 1248; *see also Ass'n of Mexican-American Educators v. California,* 231 F.3d 572, 592 (9th Cir. 2000). This is in part because "a case is considered to be of great importance when the claims involved are subject to closer scrutiny or special interest by the court, or the issues raised in the litigation have ramifications beyond the parties and concerns immediately involved in the litigation." *Zeen v. Cty. of Sonoma*, 2018 U.S. Dist. LEXIS 175568, *9 (N.D. Cal. Oct. 11, 2018). A case is "close and complicated" when it requires careful attention to detail and technical understanding. *Escriba*, 743 F.3d at 1248. Further, a case is close that "addresses an important legal question that turns on the careful evaluation of witness testimony and circumstantial evidence." *Id*.

That standard is met here. This litigation presented highly complex factual and legal issues requiring careful attention to detail and significant technical understanding. Plaintiff challenged Defendant's practice of labeling its beverages as "All Natural" despite containing highly processed and synthetic ingredients such as high fructose corn syrup. Determining whether these representations were false or misleading required consultation with experts, extensive discovery, and sophisticated legal briefing. (ECF 29, ECF 102). Plaintiff and his counsel invested substantial effort in developing a factual record through depositions, expert reports, and document review, culminating in a robust class certification motion supported by extensive evidence. (ECF 102).

The case's procedural history underscores its complexity. Defendant twice attempted to defeat Plaintiff's claims at the pleading stage, but the Court concluded that Plaintiff had plausibly alleged that a reasonable consumer could be deceived by the "All Natural" labeling (ECF 47) and later rejected Defendant's "first-to-file" arguments (ECF 62). These rulings confirmed that Plaintiff's claims were legally viable. Following these decisions, the parties engaged in rigorous discovery, including the production and review of voluminous internal marketing and labeling documents, multiple depositions, and expert analysis addressing both consumer perception and damages. (ECF 102).

Case No. 4:22-cv-09108-JSW                          -5-
PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS

Ultimately, summary judgment turned not on the merits of whether Defendant's labels were false and misleading, but on a narrow and contested issue regarding Plaintiff's individual reliance testimony. (ECF 120). While the Court interpreted Mr. Iglesias's deposition testimony to mean that there was a limited period during which he purchased Defendant's products after learning of the challenged deception (ECF 120), Plaintiff maintains that a plausible competing inference exists: that as a layperson unfamiliar with legal terminology, he understood the "start of the lawsuit" (after which he testified he ceased purchasing the Products) to mean when the pre-litigation CLRA notice letters were sent, not the later formal filing date (ECF 109-2 at 94:24-25, 95:1-4, 97:11-15, 99:19-100:5, 114:19-20, 114:25-115:2, 115:19-21).

This difference in interpretation illustrates just how close the issue was. The record contained ample other affirmative evidence that Mr. Iglesias relied on the "All Natural" representations, including his clear testimony that he purchased the products because of the all-natural promise in particular, stopped purchasing them after bringing suit, and would purchase them again but only if he could trust the all-natural attribute that mattered to him (for health and other reasons) was truthful (*Id.* at 74:9-10, 83:11-15, 106:14-18, 113:17-18, 114:23-24, 118:17-20, 119:3-13).

The Court's ruling on summary judgment therefore resolved the case on a narrow ground applicable to Mr. Iglesias only, but the core question of whether Defendant's "All Natural" labeling was false or misleading remains unanswered. *See Brager v. Costo Wholesale Corp.*, 2025 U.S. Dist. LEXIS 29701, *5 (E.D. Cal. Feb. 18, 2025) (noting that "[t]he fact that Defendants prevailed at the summary judgment stage does not mean the issues presented were not close or difficult") (quoting *Economus v. City & Cty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 3293292, at *3 (N.D. Cal. July 5, 2019), *report and recommendation adopted*, No. 18-CV-01071-HSG, 2019 WL 3290761 (N.D. Cal. July 22, 2019)).

Furthermore, like other "close and complicated" cases, it required extensive factual development, careful legal analysis, and resolution of nuanced evidentiary disputes. *See Escriba*, 743 F.3d at 1248 ("the case addresses an important legal question that turns on the careful evaluation of witness testimony and circumstantial evidence"); *see also Jefferson v. City of Fremont*, 2015 U.S.

Dist. LEXIS 34455, *6 (N.D. Cal. Mar. 19, 2025) (case was close that "involved consideration of complex questions of law and fact" that were "hotly litigated.").

Because the case involved such difficult and fact-specific questions, awarding costs to Defendant would be inequitable. *Escriba*, 743 F.3d at 1248. It would penalize an individual consumer who pursued a legitimate claim in good faith and deter future plaintiffs from seeking to hold corporations accountable for deceptive practices. The closeness and complexity of these proceedings weigh heavily against shifting costs, particularly where the ultimate outcome turned on a technical and close issue rather than a decisive rejection of the core merits.

### C. Awarding Costs Would Chill Future Consumer Protection Litigation

Mr. Iglesias brought this case at considerable personal sacrifice and with no expectation of personal gain, solely to ensure that companies are held accountable and that other consumers are not misled. (*see* ECF 132-003, ¶¶ 5-6, 9). Imposing costs on Mr. Iglesias after years of hard-fought and close litigation would deter other consumers from stepping forward, even where their claims are valid. This type of chilling effect is one of the core factors courts consider when deciding whether to award costs. *Escriba*, 743 F.3d at 1247–48.

The Ninth Circuit has explicitly recognized this danger, reversing a cost award where it would "have a chilling effect on civil rights suits." *Stanley v. University of S. California*, 178 F.3d 1069, 1072 (9th Cir. 1999). Similarly, this Court has acknowledged that taxing costs against individuals can deter future public-interest litigation. *See Nghiem v. Santa Clara University*, 2024 U.S. Dist. LEXIS 22627, at *3 (N.D. Cal. 2024) (awarding costs to defendants would have a "chilling effect" on future civil rights litigation); *Davis v. Pinterest, Inc.,* 2023 U.S. Dist. LEXIS 226844, at *3–4 (N.D. Cal. Dec. 20, 2023) ("Although the Court—and the Ninth Circuit— ultimately concluded that Defendant should prevail on summary judgment, the Court does not find the case so wholly frivolous that the bill of costs is properly wielded as a sword to punish Plaintiff or deter future copyright claims against Pinterest. To the contrary, the "chilling effect" on future actions is a factor that may weigh in favor of denying costs.").

Consumer protection laws rely on private plaintiffs, as agencies cannot police every deceptive practice. Shifting thousands of dollars in costs onto losing consumers would deter valid

claims and reduce accountability critical under California's consumer protection laws. (ECF 132-003, ¶¶15–17). Mr. Iglesias pursued this case in good faith despite the risks of facing a multi-billion-dollar company. *Id*. ¶¶5, 9, 12. Imposing such costs would chill future consumer actions and weaken a critical check on unfair business practices. *Id*. ¶¶16–17.

### D. Plaintiff's Financial Circumstances and Disparity of Party Resources Warrant Denying Costs

Plaintiff is an individual consumer of modest financial means, while Defendant is a multi-billion-dollar, well-capitalized corporation. Mr. Iglesias has worked for decades as a Facilities Coordinator, and currently Supervisor for the San Francisco Recreation and Park Department, a public service position that provides a steady but modest income. (ECF 132-003, ¶¶ 3-4). Years ago, Plaintiff and his wife were forced to file for bankruptcy, and since then they have worked hard to regain financial stability. *Id*. ¶ 12. Despite their efforts, their household budget remains carefully managed to cover basic necessities, including a mortgage, utilities, and the expenses of raising their youngest child. ECF 132-003, at ¶ 12. Imposing $7,212.79 in costs would create a severe and inequitable burden, potentially pushing Plaintiff back into financial distress and threatening his family's well-being. *Id*. ¶¶ 13.

Under his retainer agreement with counsel, Plaintiff, not his attorneys, alone bears responsibility for any costs assessed against him. *Id*. ¶ 11; ECF 109-3, ¶ 5 ("I alone am responsible for paying any fines, penalties, or damages assessed against me personally."). In its motion for attorneys' fees and reply in support of the motion, Defendant advances a strained reading of Plaintiff's retainer, suggesting it requires Plaintiff's counsel—not Plaintiff—to pay any costs or fee award. ECF 127 at 9-10; ECF 141 at 6-8. That is unsupported. The agreement nowhere provides for such an obligation. Rather, it confirms exactly what Mr. Iglesias has attested in his declaration: that he alone is responsible for any fines, penalties, or damages assessed against him personally, but not for his counsel's litigation costs absent a recovery. ECF 132-003, ¶ 11; ECF 109-3, ¶¶4–5. The "other than litigation costs" carve-out refers only to Plaintiff's counsel's costs, which under the agreement are contingent on a judgment or settlement, or ordered by the Court. ECF 109-3, ¶ 4. It

has nothing to do with Defendant's litigation costs, and Plaintiff's counsel never agreed to indemnify Plaintiff against them. *Id.* ¶ 5.

Because there is no reasonable interpretation of the retainer under which Plaintiff's counsel would be liable for Defendant's fees or costs, the Court should consider Plaintiff's financial circumstances. Courts routinely deny costs where there is such gross disparity of resources between the parties as here. *See, e.g., Escriba*, 743 F.3d at 1247*; Ass'n of Mexican-Am. Educators*, 231 F.3d at 592; *Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016) (finding "severe injustice" would result from taxing $3,018.35 against plaintiff given disparity in resources); *Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG, 2023 U.S. Dist. LEXIS 226844, at *3 (N.D. Cal. Dec. 20, 2023) (in analyzing whether a stay of bill of costs was warranted, the court found economic disparity favored the plaintiff, "an individual," where the defendant was "a public company with billions of dollars in revenue.").

Plaintiff is precisely the type of individual the Ninth Circuit has described as having "limited resources," whereas Defendant's reported revenue exceeded $2 billion in 2024 alone. (ECF 132-003, ¶ 14; ECF 132-002 (Arizona Beverage, FORBES, https://www.forbes.com/companies/arizona-beverage/). As in *Draper*, there is "no comparison" between the resources of the parties. The thousands of dollars Defendant spent on litigation costs—such as electing costly video deposition transcripts—may be trivial for a multi-billion-dollar corporation, but it would be inequitable to charge Mr. Iglesias with these costs personally.

## V.   SPECIFIC OBJECTIONS TO TAXATION OF COSTS

When a court considers costs, "[t]axable costs are limited by statute and are modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). "Taxable costs are a fraction of the nontaxable expenses borne by [a prevailing party in a litigation]." *Id.* A prevailing party's taxable costs are limited by Rule 54 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1920, and Northern District of California Civil Local Rule 54. *See, e.g., id.* The prevailing party bears the burden to "establish the amount of compensable costs and expenses to which [it is] entitled. Prevailing parties necessarily assume the risks inherent in a failure to meet that burden." *In re Ricoh*

*Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1367 (Fed. Cir. 2011) (citing *English v. Colo. Dep't of Corr.*, 248 F.3d 1002, 1013 (10th Cir. 2001)).

While each of the *Escriba* factors weigh in favor of the Court exercising its discretion to not assess any costs against Mr. Iglesias (as explained above), if the Court is inclined otherwise, costs should be limited to categories listed under 28 U.S.C. § 1920, which are "strictly necessary for the case" and not just for the convenience of counsel. *See Kwan Software Eng'g, Inc. v. Foray Techs.*, LLC, 2014 U.S. Dist. LEXIS 63933, at *10 (N.D. Cal. 2014) (disallowing costs to be recovered for expedited deposition transcripts).

### A. The Clerk Rightfully Denied Some of the Nontaxable Costs

Plaintiff agrees with, and does not object to, the Clerk's decision to reject $1,181.75 of Defendant's Bill of Costs because they were "Outside the ambit of Local Rule 54-3(c)(1)." Plaintiff understands the specific costs denied to be Defendant's costs for "MPEG/Digitizing, Media and Cloud Services," "Smart Summary," "Out of pocket expenses," and costs for duplicate copies of the deposition beyond the parameters of Local Rule 54-3(c)(1). Plaintiff agrees these costs are nontaxable, unnecessary, and not recoverable. Media and Cloud Services are e-discovery hosting charges, which are not recoverable. *Ancora Techs., Inc. v. Apple, Inc.*, 2013 U.S. Dist. LEXIS 121225, at *9 (N.D. Cal. Aug 26, 2023). MPEG/Digitizing is a video processing cost, which falls under efforts incurred in "processing" and is similarly excluded. *Id*. at *10. The "Smart Summary" fee is for the convenience of counsel, not a necessary litigation expense. *See Kwan Software Eng'g, Inc.*, 2014 U.S. Dist. LEXIS 63933, at *10. The vague "Out-of-Pocket Expense" lacks explanation or documentation and therefore cannot be taxed under § 1920. A prevailing party may claim, at most, the "cost of an original and one copy of any deposition." N.D. Cal. Civ. L. R. 54-3(c)(1).

### B. Deposition Related Costs Should Have Been Rejected

Recovery of certain deposition-related expenses are permitted where the deposition was "taken for any purpose in connection with the case[.]" N.D. Cal. Civ. L. R. 54-3(c); *see also* 28 U.S.C. § 1920(2) (transcripts may be taxed where they are "necessarily obtained for use in the case[.]"). However, if a Court deems costs are warranted, "depositions that are 'merely useful for discovery' are not taxable and should be 'borne by the party taking them as incidental to normal

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

preparation for trial.'" *Windy Cove, Inc. v. Circle K Stores, Inc.*, No. 21-cv-1416-MMA-DEB, 2024 WL 393237, at *4 (S.D. Cal. Feb. 1, 2024) (quoting *Indep. Iron Works, Inc. v. U.S. Steel Corp.*, 322 F.2d 656, 679 (9th Cir. 1963)). Defendant bears the burden to "to establish the amount of compensable costs and expenses to which [it] is entitled." *TransPerfect Glob., Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR), 2014 WL 1364792, at *5 (N.D. Cal. Apr. 4, 2014) (quoting *In re Ricoh*, 661 F.3d at 1367).

### 1.   *Costs of videotaped deposition should have been rejected as unnecessary and exorbitant*

Although Local Civil Rule 54-3(c)(1) permits recovery of costs for videotaped depositions, such costs should be denied here because no disputes in this case concerned deposition conduct or any issue that could have been clarified through video, and the matter never proceeded to trial. *See Total Recall Techs. v. Luckey*, No. C 15-02281 WHA, 2017 WL 2118297 (N.D. Cal. May 16, 2017) ("Here, it is true that our case became mired in discovery disputes, but none involved deposition conduct or any other issue that might have been resolved with videotapes. Nor did the contentious nature of this case warrant videotaped depositions—the transcript would have sufficed to impeach any witness, if necessary."). Defendant's choice of using expensive video recording ($2,053.50) rather than a less expensive transcript service was exorbitant, and unnecessary to the case; a standard transcript would have sufficed. (ECF 126-001). In fact, Defendant, in its Motion for Summary Judgement and Reply in Support, quoted the deposition transcript but made no reference and demonstrated no particular insight from what was captured on video. (ECF 109, ECF 117). Further, Defendant submitted no evidence to support why spending thousands of dollars to record a video deposition rather than using a standard, far more reasonable transcription service was "necessarily incurred," and therefore video recording costs should not be awarded. *See TransPerfect Glob.*, 2014 WL 1364792, at *5 (prevailing party provided no evidence the depositions' costs were "necessarily obtained" and thus did meet its burden). Furthermore, as the cost of producing the deposition transcript appears to be inseparable from the cost of the video service itself, the whole of the cost for recording the video testimony of Plaintiff should be rejected.

//

### 2.     Additional deposition costs should have been rejected as unnecessary

Defendant submitted no evidence to differentiate between depositions that were "necessarily incurred" and those "merely useful for discovery," and thus should not be awarded costs for the additional depositions. *See TransPerfect Glob.*, 2014 WL 1364792, at *5 (prevailing party provided no evidence the depositions' costs were "necessarily obtained" and thus did meet its burden). The four additional depositions for which Defendant sought costs, the depositions of Dean Angel (ECF 126-002), Andrew Clift (ECF 126-003), Don Vultaggio (ECF 126-004), and Sherri Main ECF 126-005) were never cited in Defendant's Motion for Summary Judgment or its Reply in Support of its Motion. (*See generally* ECF 109, ECF 117). Yet Defendant demands thousands of dollars in payment for these unused and unnecessary deposition transcripts: $1,046.25, $585.30, $2,266.00, and $563.75, respectively. (ECF 126). Accordingly, Defendant has not met its burden with respect to this category of costs because it has failed to provide explanations sufficient to show whether the claimed costs were necessarily obtained for use in the case as opposed to being merely useful for discovery. *See TransPerfect Glob.*, 2014 WL 1364792, at *5.

For these reasons, Defendant's request for deposition-related costs, including all $7,107.79 taxed by the Clerk, should be denied.

## VI.    ALTERNATIVELY, PAYMENT SHOULD BE STAYED PENDING APPEAL

In the alternative, Plaintiff moves for a stay on any required payment by Plaintiff of Defendant's Bill of Costs (ECF 138) pending Plaintiff's appeal. On September 19, 2025, Plaintiff filed a notice of appeal with the United States Court of Appeals for the Ninth Circuit (ECF 136). If the costs taxed to Plaintiff are not fully denied, then the Court should stay any ruling on Defendant's Bill of Costs while Plaintiff's appeal of the final judgment is pending. A court may defer its ruling on a motion for costs until after the appeal has been resolved. *Dunklin v. Mallinger*, No. 11-cv-01275-JCS, 2013 U.S. Dist. LEXIS 85340, at * 3-4 (N.D. Cal. June 17, 2013); *see also Lasic v. Moreno*, No. 2:05-cv-0161-MCE-DAD, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007) ("It is within the Court's discretion to proceed or defer the taxation of costs while an appeal on the merits is pending.").

In determining whether to issue a stay in paying taxed costs pending appeal, courts consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Kilopass Tech. Inc. v. Sidense Corp.*, 2013 U.S. Dist. LEXIS 31945, *11-12 (N.D. Cal. Mar. 6, 2013) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

On balance, the four-factor analysis weighs in favor of granting the stay. As to the merits, the Court credited Defendant's interpretation of Mr. Iglesias' deposition testimony, responding to Defendant's vague questioning, to mean he continued purchasing products during a limited period after the pre-litigation CLRA notice phase. But Plaintiff maintains that a plausible competing inference should have been credited: As a layperson, Plaintiff reasonably understood the "start of the lawsuit" to mean when the CLRA notice letters were sent, rather than the later formal filing. The second, third, and fourth factors also favor a stay. The imposition of thousands of dollars of costs on Mr. Iglesias personally would cause irreparable harm in the form of financial hardship for him and his family. (ECF 132-003, ¶¶ 12-13). In contrast, Defendant is a multi-billion dollar company that would suffer no prejudice should any costs be stayed pending resolution of the appeal. (ECF 132-003, ¶ 14; ECF 132-002). Finally, the public has an interest in both permitting consumers to vindicate their rights against false and misleading advertising, and to avoid wasting judicial resources through unnecessary or multiple reviews of the same cost issues. *See Lasic*, 2007 WL 4180655, at *1 ("The Court finds that in the interests of judicial economy, ruling on the Defendant's Bill of Costs should be deferred until the pending appeal is disposed. It would be a[n] inefficient use of judicial resources to rule on the Bill of Costs at this time, and then to later re-evaluate the issue after the appeal is completed.").

## VII. CONCLUSION

For the foregoing reasons, and those in Mr. Iglesias' objection (ECF 132), the Court should exercise its discretion to deny taxation of any costs in this matter (ECF 126). Alternatively, Mr. Iglesias requests a reduction in the amount taxed to $105.00, relating only to Defendant's cost of

reproducing government records, and a stay of any taxation of costs until resolution of the pending appeal.

Dated: September 30, 2025 **CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
    Ryan J. Clarkson
    Bahar Sodaify

*Attorneys for Plaintiff*