STEVENS & LEE
Robert P. Donovan (*pro hac vice*)
robert.donovan@stevenslee.com
669 River Drive, Suite 201
Elmwood Park, New Jersey 07407
Telephone:  (201) 857-6778
Facsimile:  (610) 371-7938

WILLENKEN LLP
Jason H. Wilson (Bar No. 140269)
jwilson@willenken.com
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:  (213) 955-9250

Attorneys for Defendant,
ARIZONA BEVERAGES USA LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>Defendant. | CASE NO. 4:22-cv-09108-JSW<br><br>DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS<br><br>JUDGE:  HON. JEFFREY S. WHITE, U.S.D.J.<br>CTRM:  5<br>DATE:   November 21, 2025<br>TIME:   9:00 am |

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS

1

## <u>TABLE OF CONTENTS</u>

2   TABLE OF AUTHORITIES ............................................................................................................. ii

3   DEFENDANT'S ARGUMENT IN OPPOSITION .......................................................................1

4        A.      Plaintiff Has Not Satisfied His Burden to Overcome the
               Presumption in Favor of Awarding Costs to the Prevailing
5               Party, ABUSA.......................................................................................................1

6        B.      Plaintiff Failed to Object to Deposition-Related Costs
               Concerning the Four Witnesses Plaintiff Deposed and Did
7               Not Previously Oppose the Costs For Video Recording
               Plaintiff's Deposition ...........................................................................................6
8

9        C.      The Deposition-Related Costs Are Recoverable Under
               Fed. R. Civ. P. 54 and Civil Local Rule 54 ........................................................8

10       D.      No Basis Exists to Stay Payment of Costs.............................................................9

11  CONCLUSION...............................................................................................................................11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*Am. Fam. Mut., Ins. Co., S.I. v. Carnagio Enters., Inc.*,
5     2022 WL 952533 (N.D. Ill. Mar. 30, 2022)...............................................................5

6 *Ass'n of Mexican–American Educ. v. State of Cal.*,
    231 F.3d 572 (9th Cir. 2000) ...................................................................................1,2

7

*Braeger v. Costco Wholesale Corporation*,
8     2025 WL 553327 (E.D. Cal. Feb. 18, 2025)...........................................................3

9 *Chapman v. AI Transp.*,
    229 F.3d 1012 (11th Cir. 2000) ...............................................................................6
10

11 *Crockett v. Shields*,
    8 Fed. Appx. 604 (9th Cir. 2001)............................................................................8

12

*Emblaze v. Apple, Inc.*,
13     2015 WL 1304779 (N.D. Cal. March 20, 2015 ).................................................8,9

14 *Escriba v. Foster Poultry Farms, Inc.*
    743 F.3d 1236 (9th Cir. 2014) ..........................................................................1,3,4,6
15

16 *Fowler v. California Highway Patrol*,
    2014 WL 3965027 (N.D. Cal. Aug. 13, 2014) .......................................................8

17
*In re 5-Hour Energy Mktg. & Sales Pracs. Litig.*,
18     2018 WL 11354865 (C.D. Cal. Sept. 11, 2018) ..................................................2,3

19 *Kaufman v. Geico Indem. Co.*,
    2015 WL 5167248 (D. Or. Sept. 3, 2015) ..............................................................2
20

21 *Konig v. Dal Cerro*,
    2008 WL 4628038 (N.D. Cal. Oct. 16, 2008).........................................................7

22

*McAlmont v. Federal National Mortgage Association*,
23     2019 WL 3816710 (D. Ariz. Aug. 14, 2019)...........................................................2

24 *Nghiem v. Santa Clara University*,
    710 F.Supp.3d 748 (N.D. Cal 2024) ........................................................................3
25

26 *Nguyen v. City of Garden Grove*,
    2024 WL 2982975 (C.D. Cal. May 8, 2024) ..........................................................6

27

28

---

*In re Ricoh Co., Ltd. Pat. Litig.*,
    661 F.3d 1361 (Fed. Cir. 2011)...................................................................................8

*Rosa v. City of Seaside*,
    2010 WL 583953 (N.D. Cal., Feb. 16, 2010) ............................................................4

*Save Our Valley v. Sound Transit*,
    335 F.3d 932 (9th Cir. 2003) ...............................................................................1,5

*Shum v. Intel Corp.*,
    682 F.Supp.2d 992 (N.D. Cal. 2009), *aff'd* 629 F.3d 1360 (Fed. Cir. 2010) .............8

*Sorgen v. City & Cnty. of San Francisco*,
    2007 WL 1514432 (N.D. Cal. May 21, 2007) ...........................................................7

*Stanley v. Univ. of S. Cal.*,
    178 F.3d 1069 (9th Cir. 1999) .............................................................................1,2

*Stanley v. University of S. California*,
    178 F3d 1069 (9th Cir. 1999) ................................................................................3

*Steffens v. Regus Group, PLC*,
    2012 WL 628235 (S.D. Cal. Feb. 24, 2012) ...........................................................10

*Stevens v. Corelogic, Inc.*,
    899 F.3d 666 (9th Cir. 2018) ................................................................................1

*Tichenor v. BAE Systems Technology Solutions and Services, Inc.*,
    2024 WL 3261191 (S.D. Cal. July 1, 2024) ..............................................................6

*Tolson v. Avondale Indus., Inc.*,
    141 F.3d 604 (5th Cir. 1998) ................................................................................6

*Vasquez Perdomo v. Noem*,
    148 F.4th 656 (9th Cir. 2025) ...............................................................................9

*Velasquez v. Donahue*,
    2014 WL 1018068 (N.D. Cal. Mar. 12, 2014)...........................................................7

*Williams v. Gore*,
    2017 WL 4960220, (S.D. Cal. Nov. 1, 2017) ...........................................................5

*Zeen v. County of Sonoma*,
    2018 WL 4944889 (N.D. Cal. 2018) .......................................................................2

1

**State Cases**

2

*In re Incretin-Based Therapies Product Liability Litigation*,
   2021 WL 5990042 (S.D. Cal. Dec. 17, 2021).............................................................................4

3

4

*Lawrence v. Walzer & Gabrielson*,
   207 Cal.App.3d 1501 (1989) ....................................................................................................5

5

*Zalkind v. Ceradyne, Inc.*,
   194 Cal. App. 4th 1010 (2011) .................................................................................................4

6

7

**Federal Statutes**

8

42 U.S.C.§ 1983.................................................................................................................................2

9

**Rules**

10

Fed. R. Civ. P. 26...............................................................................................................................9

11

Fed. R. Civ. P. Rule 30(b)(6).............................................................................................................9

12

Fed. R. Civ. P. Rule 54 ...............................................................................................................*passim*

13

Local Rule 54-2...................................................................................................................................7

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### I.    DEFENDANT'S ARGUMENT IN OPPOSITION

2    Defendant, Arizona Beverages USA LLC ("Defendant" or, at times, "ABUSA"), submits

3    the within memorandum of law in opposition to Plaintiff's motion to review the Clerk's taxation

4    of costs, in the amount of $7,212.79, or to stay payment.

5

**A.    Plaintiff Has Not Satisfied His Burden to Overcome the Presumption in Favor of Awarding Costs to the Prevailing Party, ABUSA**

6

7    Rule 54 permits prevailing parties to recover costs other than attorney's fees, unless

8    otherwise provided.  *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 679 (9th Cir. 2018) (citing Fed. R.

9    Civ. P. 54).  "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties,

10   and it is incumbent upon the losing party to demonstrate why the costs should not be awarded."

11   *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079 (9th Cir. 1999).  On its face, "the rule […] vests

12   in the district court discretion to refuse to award costs." *Ass'n of Mexican–American Educ. v. State*

13   *of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). "This discretion, however, is not without limits."

14   *Escriba v. Foster Poultry Farms, Inc.* 743 F.3d 1236, 1247 (9th Cir. 2014).  When considering

15   denying or limiting costs, a court may consider "(1) the substantial public importance of the case,

16   (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar

17   actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the

18   parties." *Id.* at 1247-48.  But a district court "deviates from normal practice when it refuses to tax

19   costs to the losing party, and that deviation triggers the requirement to specify reasons" explaining

20   "why a case is not ordinary." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003)

21   (quotations omitted).

22   **Factor 1** - Contrary to Plaintiff's assertions, this suit did not present claims of substantial

23   public importance akin to matters seeking to vindicate civil rights.  *Cf., Escriba*, 743 F.3d at 1248

24   (claim deemed to have substantial public importance because it sought to "protect vital civil rights

25   for women in the work place"); *Save Our Valley*, 335 F.3d at 946 (plaintiffs "raised issues of great

26   public importance, both to the local community and to civil rights plaintiffs everywhere."). In

27   contrast, in addressing cases where plaintiffs have filed consumer deception actions, courts have

28

1    awarded costs to defendants, despite any alleged public importance of the actions. *See e.g. In re 5-*

2    *Hour Energy Mktg. & Sales Pracs. Litig.*, No. ML132438PSGPLAX, 2018 WL 11354865, at *3

3    (C.D. Cal. Sept. 11, 2018) (denial of consumer class action plaintiff's motion for review of the

4    clerk's taxation of costs, or in the alternative, motion for a stay of costs pending appeal, because the

5    suit, "while brought to protect consumers, is not of such substantial public importance that denial

6    of costs would be appropriate."); *Kaufman v. Geico Indem. Co.*, No. 3:13-CV-01932-HZ, 2015 WL

7    5167248, at *2 (D. Or. Sept. 3, 2015) (awarding costs in consumer deception suit because it is

8    "unlike other cases … where the Ninth Circuit recognized the importance of testing the boundaries

9    of the law or eradicating unlawful discrimination.").

10          Plaintiff likens his claims to those asserted in *Zeen v. County of Sonoma,* No. 17-cv-02026-

11    LB, 2018 WL 4944889 (N.D. Cal. 2018), to contend that this case had great importance and has

12    ramifications beyond the parties. (Mot., at 5).  However, *Zeen* concerned the denial of costs after

13    a trial involving civil rights claims brought under 42 U.S.C.§ 1983.  In the decision, the court noted

14    the chilling effect in the context of future civil rights litigation.  *Id.* at * 4.  No such claims were

15    presented here and there was no trial.

16          Likewise, Plaintiff relies upon *McAlmont v. Federal National Mortgage Association,* No.

17    CV-13-02107-PHX-JJT, 2019 WL 3816710 (D. Ariz. Aug. 14, 2019) but that decision was based

18    upon a somewhat unique procedural circumstance where summary judgment was entered, based

19    upon a foundational *en banc* ruling by the Ninth Circuit, that the defendant was not a credit

20    reporting agency subject to the Fair Credit Reporting Act.  *Id.* at *1.  Because of that binding

21    ruling, which addressed unsettled law and was decided after plaintiff had initiated the action, the

22    court there understandably found that the case involved issues that were close and difficult.  *Id.* at

23    * 2.  None of those special circumstances exist here.

24          This action did not present one "testing the boundaries of the law or eradicating unlawful

25    discrimination." *Kaufman*, 2015 WL 5167248, at *2; *see Ass'n of Mexican–Am. Educators*, 231

26    F.3d at 592; *Stanley*, 178 F.3d at 1080.  On the contrary, Plaintiff asserted straightforward claims

27    of alleged mislabeling based upon rather settled law.  Plaintiff's status as an alleged aggrieved

28

---

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS
- 2 -

1    consumer does not equate to a litigant aggrieved by a violation of constitutional rights. Because

2    no substantial public importance has been presented, the first *Escriba* factor heavily weighs against

3    Plaintiff and in favor of upholding the taxation of costs.

4          **Factor 2** - Given that Defendant "definitively defeat[ed]" Plaintiff's claims, this matter was

5    not so close as to justify the reduction or disallowance of costs. *In re 5-Hour Energy Mktg. & Sales*

6    *Pracs. Litig.*, 2018 WL 11354865, at *2 (holding that a successful partial motion for summary

7    judgment which led to the dismissal of the plaintiffs' remaining claims meant the defendants

8    "definitively defeat[ed]" the claims, granting costs despite objections).

9          Plaintiff cites to *Braeger v. Costco Wholesale Corporation,* No. 2:19-CV-00044-DJC-

10   CSK. 2025 WL 553327 (E.D. Cal. Feb. 18, 2025) which states that surviving summary judgment,

11   though not determinative, is evidence of a close and difficult issue. *Id.* at 2. Here, however,

12   Plaintiff did not survive summary judgment. The entry of that judgment is probative of the fact

13   that this matter was not a close or a difficult matter to decide.

14         Contrary to Plaintiff's assertions, the outcome of this action was not close and the grounds

15   for which summary judgment were not narrow. Summary judgment was entered, not only based

16   upon Plaintiff's testimony that foreclosed any ability to prove reliance, but was also entered due

17   his abandonment of claims for monetary relief, his lack of Article III standing to seek injunctive

18   relief and the fact that he continued to buy the Products, after believing they contained unnatural

19   ingredients, at the same price that he deemed fair and reasonable. (ECF No. 120 at 6-12). Contrary

20   to Plaintiff's contentions, after his deposition, there was no need for any further factual

21   development, legal analysis, or resolution of nuanced evidentiary disputes because he had no

22   conceivable way of proving his claims or obtaining class certification. Plaintiff ought to have

23   abandoned the claims at that point. The second *Escriba* factor also weighs heavily against Plaintiff

24   and in favor of upholding the taxation of costs.

25         **Factor 3** - Plaintiff has not established that any "chilling effect" will occur due to a cost

26   decision favorable to ABUSA. By relying upon decisions concerning alleged civil rights

27   violations (*Stanley v. University of S. California*, 178 F3d 1069, 1072 (9th Cir. 1999) and *Nghiem*

28

1    *v. Santa Clara University*, 710 F.Supp.3d 748 (N.D. Cal 2024)), Plaintiff erroneously compares a

2    supposed concerned consumer with other plaintiffs alleging violations of constitutional rights.

3    (Opp., p. 13).  However, when addressing false labeling suits, like a failure to warn case, a court

4    has observed that all factors are to be evaluated before determining whether an award of costs

5    would have a chilling effect.  *See In re Incretin-Based Therapies Product Liability Litigation,* No.

6    13-MD-2452-AJB-MDD, 2021 WL 5990042, at *2-3 (S.D. Cal. Dec. 17, 2021).

7         Plaintiff cites *Rosa v. City of Seaside,* No. C 05-03577-JF, 2010 WL 583953 (N.D. Cal.,

8    Feb. 16, 2010), on the issue of a stay, but that decision actually supports ABUSA with regard to

9    the imposition of costs.  In that case, the court found that sum of $35,000 in costs was not exorbitant

10   given the heavily litigated case, and that such an amount was unlikely to chill future meritorious

11   product liability actions.  *Id.* at 3.  Similarly, here, an award costs for slightly more than $7,000.00

12   can hardly be expected to cause a person not to pursue a meritorious consumer-based claim.

13        Accordingly, the third *Escriba* factor also weighs against Plaintiff and in favor of upholding

14   the taxation of costs.

15        **Factors 4 and 5** -With regard to Plaintiff's financial ability to pay and economic disparity,

16   those issues are not relevant because, under Section 5 of his retainer agreement with his attorney,

17   Plaintiff's counsel is obligated to pay the costs sought.

18        Under California law, "the meaning of a contract must be derived from reading the whole

19   of the contract, with individual provisions interpreted together, in order to give effect to all

20   provisions and to avoid rendering some meaningless."  *Zalkind v. Ceradyne, Inc.*, 194 Cal. App.

21   4th 1010, 1027 (2011).  Section 5 of the retainer agreement contains the statement that "I also

22   understand that **other than litigation costs**, I alone am responsible for paying any fines, penalties,

23   or damages assessed against me personally." (ECF Nos. 109-3, Ex. B; filed under seal, ECF No.

24   121, emphasis added).   According to thesauraus.com, synonyms for "other than" include

25   "excepting," or "excluding."

26        The rule of construction, *ejusdem generis*, applies here.  That rule "states that where general

27   words follow the enumeration of particular classes of persons or things, the general words will be

28

1  construed as applicable only to persons or things of the same general nature or class as those
2  enumerated." *See Lawrence v. Walzer & Gabrielson*, 207 Cal.App.3d 1501, 1506 (1989)
3  (applying that rule to a retainer agreement) *see also Am. Fam. Mut., Ins. Co., S.I. v. Carnagio*
4  *Enters., Inc.,* 2022 WL 952533, at *6-7 (N.D. Ill. Mar. 30, 2022) (ruling that because the general
5  words "other than" follow a list of specific statutes in the exclusion, *ejusdem generis* can inform
6  the Court's understanding of the exclusion).

7      Based upon the plain meaning of "other than," the clause at issue in the retainer agreement
8  means excluding litigation costs.  Plaintiff is thereby only personally responsible to pay fines,
9  penalties, or damages assessed against him personally. Because the costs sought here are not
10  "fines," "penalties" or "damages," they fall the within the exception of costs that are not Plaintiff's
11  obligation to pay.  Plaintiff's ability to pay is immaterial because the costs here are to be paid by
12  his counsel.

13      The costs taxed by the Clerk in this matter, $7,212.79, constitute a modest amount incurred
14  by Defendant obtaining evidence and records for which the Court's Local Rules expressly allow
15  recovery. *See Save Our Valley*, 335 F.3d at 946 (deeming $5,310.55 in costs a "relatively small
16  sum"); *Williams v. Gore*, No. 15-CV-0654-AJB-PCL, 2017 WL 4960220, at *3 (S.D. Cal. Nov. 1,
17  2017) (noting the "inability to pay does not by itself preclude awarding costs to a prevailing party
18  … [G]iven the totality of the circumstances in Plaintiff's case, Plaintiff's two arguments are both
19  insufficient to rebut the presumption in favor of awarding costs to Defendants.") Civil L.R. 54-
20  3(c)(1), (d)(1).  The mere difference between the parties' financial capabilities is not dispositive.
21  Nevertheless, Plaintiff appears to have income sufficient to pay a modest award of costs.  (*See*
22  ECF Nos. 127 at 11 and 135, Ex. A).

23      This matter does not present the "rare occasion" where severe injustice will result from an
24  award of costs. *See Save Our Valley*, 335 F.2d at 945.  Regardless of any financial strain that may
25  arise, that alleged fact, in and of itself, does not favor denial of allowable costs.

26      In the event of a ruling that the retainer agreement obligates Plaintiff alone to pay the cost
27  award, a court may simply reduce the amount sought instead of denying all fees and costs on the
28

grounds of financial inability.  *See Nguyen v. City of Garden Grove*, No. 8:21-CV-01775-JVS (ADSX), 2024 WL 2982975, at *8 (C.D. Cal. May 8, 2024) (Court found that some factors weighed in favor of denying costs while others did not and reduced the costs to a quarter of the amount requested); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 611 (5th Cir. 1998) (affirming taxation of costs as routine and appropriate where basis of case was "approaching frivolousness"); *see also Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) ("Even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all"). "[T]he significant financial disparity between Plaintiff and Defendants' financial resources, standing alone, 'cannot justify denying costs because there is almost always a financial disparity between a corporate entity and individual litigants.'" *Tichenor v. BAE Systems Technology Solutions and Services, Inc.,* No. 20CV499-JM-BGS, 2024 WL 3261191, at *4 (S.D. Cal. July 1, 2024) (quoting *Haitayan v. 7-Eleven, Inc.,* 2018 WL 5263210, at *3 (C.D. Cal. Aug. 31, 2018).

Based upon each *Escriba* factor, in light of the totality of the circumstances, just grounds exist to deny Plaintiff's motion due to his failure to overcome the presumption of the award of costs in favor of ABUSA.

**B.     Plaintiff Failed to Object to Deposition-Related Costs Concerning the Four Witnesses Plaintiff Deposed And Did Not Previously Oppose The Costs For Video Recording Plaintiff's Deposition**

Defendant filed the bill of costs on August 26, 2025 in the amount of $8,394.54.  (ECF No. 126).  That filing, which is incorporated herein by reference, included an itemization and attached the documents proving the expenses incurred.  The bill of costs sets forth the awardable costs for deposition transcript expenses under Civil L.R. 54(c)(1) and for costs for certified copies of public records pursuant to Civil L.R. 54(d)(1).  The Clerk taxed costs in the amount of $7,212.79 to be included in the judgment.  (ECF No. 138).

In Plaintiff's objections to Defendant's bill of costs (ECF No. 132), Plaintiff challenged the following four (4) items identified in the invoice for Plaintiff's deposition:

- "MPEG/Digitizing: $420.00";

1    • "Media and Cloud Services: $232.00";

2    • "Smart Summary: $99.00"; and

3    • "Out of pocket expenses: $55"; (*Id.* at 5-6)

4        Now, in his present motion and for the first time, Plaintiff raises additional new specific

5    objections regarding deposition costs, not previously presented. (*See* Mot. at 9-12). Plaintiff's

6    new objections are that Defendant's costs for the deposition transcripts of 4 witnesses (deposed by

7    Plaintiff) and the videotape expense for Plaintiffs' deposition were not necessary and/or are

8    excessive. Plaintiff does not explain why those objections were not presented to the Clerk first.

9        Accordingly, the question presented here is whether a party's failure to raise a specific

10   objection, in an objection to a bill of costs, amounts to a waiver of that argument when making a

11   motion to review the bill of costs granted. Waivers arise when a party fails to file timely specific

12   objections. *See Sorgen v. City & Cnty. of San Francisco,* No. 05-CV-03172 TEH, 2007 WL

13   1514432, at *3 (N.D. Cal. May 21, 2007) ("Local Rule 54-2 provides that a party against whom

14   costs are claimed *must* serve and file specific objections" within the allotted time; "failure to timely

15   object to costs constitutes a waiver.") (Emphasis in original); *Konig v. Dal Cerro*, No. C04-

16   02210WHA, 2008 WL 4628038, at *2 (N.D. Cal. Oct. 16, 2008); *Velasquez v. Donahue*, No. 11-

17   03444 JSW, 2014 WL 1018068, at *2 (N.D. Cal. Mar. 12, 2014); Civil. L.R. 54-2(a)). In these

18   decisions, there was a failure to file any objection whatsoever. That is not the circumstance here

19   because Plaintiff did file objections to the entire bill of costs based upon the same equitable

20   grounds re-asserted here. (ECF No. 132).

21       Nevertheless, ABUSA respectfully submits that, under the same rationale applied in

22   *Sorgen, Konig* and *Velasquez,* Plaintiff's new objections about all deposition costs ought to be

23   disregarded as having been waived. Otherwise, "Local Rule 54-2 is essentially rendered

24   nugatory." *See Konig*, 2008 WL 4628038, at *2.

25

26

27

28

---

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS

- 7 -

**C.    The Deposition-Related Costs Are Recoverable Under Fed. R. Civ. P. 54 And Civil Local Rule 54**

Regardless of waiver, Civil L.R. 54-3(c)(1) states that videotaped depositions are allowable costs. In particular, courts in the Northern District have found "that the explicit inclusion of videotaped depositions in Rule 54-3(c)(1) means that the cost is recoverable. The rule does not limit the recovery to either a written transcript or a videotape." *Granite Rock Co. v. Teamsters Loc. 287 Int'l Bhd.*, No. C 04-02767 JW, 2008 WL 2697167, at *1 (N.D. Cal. July 7, 2008). Crucially, the use of the deposition transcript or recording is not necessary in order to recover costs. *See Shum v. Intel Corp.*, 682 F.Supp.2d 992, 1000 (N.D. Cal. 2009) ("Local Rule [54] allows recovery for materials 'to be used' at trial. It does not require actual use of each item so prepared."), *aff'd* 629 F.3d 1360 (Fed. Cir. 2010).

Plaintiff relies upon *Fowler v. California Highway Patrol,* No. 13-cv-01026, 2014 WL 3965027 (N.D. Cal. Aug. 13, 2014), on the issue of plenary review, but that decision holds that both the videotaped depositions and stenographic transcripts in that case were properly taxable. *Id.* at *5. In doing so, the court in *Fowler* found persuasive the weight of recent authority, including the Federal Circuit *In re Ricoh Co., Ltd. Pat. Litig.*, 661 F.3d 1361, 1369 (Fed. Cir. 2011), which holds that fees for both the videotaped and stenographic versions of the same transcripts are taxable. *Id.*, 2014 WL 3965027 at *5.

Defendant intended to use the video of Plaintiff's deposition at trial to assist in evidence to be presented to the jury. In order to demonstrate whether and how Plaintiff read the labels on the containers that were presented to the Plaintiff during this deposition, a video was necessary. Given that this matter concerned whether and how Plaintiff saw and/or relied upon product labels, and was shown actual physical containers of product, a video of his deposition testimony would have been necessary to demonstrate to the fact finder, visually, how Plaintiff answered those questions about seeing labels on containers, responses that the written transcript may not have fully depicted. (ECF No. 109-2, T. 145:5-T. 146:8; T. 147:4-11; T. 148:18-25; T. 150:1-7).

1     As to the costs for the deposition transcripts of other witnesses Plaintiff deposed,

2  "depositions need not have been used at trial to be 'necessarily obtained for use in the case.'"

3  *Crockett v. Shields*, 8 Fed. Appx. 604, 606 (9th Cir. 2001).  The mere fact that ABUSA did not

4  rely upon deposition transcripts, other than Plaintiff's testimony, to obtain summary judgment,

5  does not mean that they were not necessary to the defense. *See Emblaze v. Apple, Inc.,* No. 5:11-

6  cv-01079-PSG, 2015 WL 1304779, at *5 (N.D. Cal. March 20, 2015 ) (stating that mere fact that

7  a party sought costs for 14 witnesses, that did not testify at trial, did not mean that they were not

8  necessary for the case and given that the 14 non-testifying witnesses were listed as witnesses, the

9  costs were deemed recoverable).

10     With respect to the depositions taken by Plaintiff of ABUSA's Rule 30(b)(6) witnesses,

11  Dean Angel (ECF 126-002), Andrew Clift (ECF 126-003), and Don Vultaggio (ECF 126-004),

12  they were taken by Plaintiff and defended by ABUSA's counsel.  The deposition of Sherri Main

13  (ECF 126-005), a 30(b)(6) representative of a non-party ABUSA supplier, was also taken by

14  Plaintiff, pursuant to subpoena.  These transcripts were necessarily obtained by Defendant in the

15  case to prepare for trial and to oppose class certification.  Like the plaintiff in *Emblaze*, Plaintiff

16  here has not proven that these depositions were merely useful for discovery. All the deposition

17  costs awarded are allowable.

18  **D.     No Basis Exists To Stay Payment Of Costs**

19     As to Plaintiff's request to stay the payment pending appeal, Plaintiff fails to establish all

20  factors necessary to obtain a stay.  Those factors are: (1) whether the stay applicant has made a

21  strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

22  irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

23  parties interested in the proceeding; and (4) where the public interest lies. *Vasquez Perdomo v.*

24  *Noem*, 148 F.4th 656, 678 (9th Cir. 2025).

25     No strong likelihood of success on appeal exists.  Plaintiff argues that he will prevail on

26  the appeal because questions he answered at deposition were somehow vague. (Motion, at 13).

27  However, Plaintiff's testimony was unequivocal about purchasing the Mucho Mango and Kiwi

28

1    Strawberry Product in 2022. (ECF No.120, at 5). As to the fanciful interpretation that Plaintiff

2    thought "start of lawsuit" somehow meant to refer to when the CLRA letters were sent, he testified

3    that he knew that the lawsuit was commenced on December 23, 2022. (ECF No. 109-1, Ex. A, T.

4    112:23-T. 113:5). In a well-reasoned and detailed opinion, this Court properly ruled that because

5    Plaintiff's counsel sent the first CLRA letter in 2021, his 2022 purchases of Mucho Mango and

6    Kiwi Strawberry necessarily occurred after Plaintiff "knew that, despite the product labels, the

7    beverages did not contain 'all natural' ingredients." (ECF No. 120 at 6). His continued purchases

8    "fatally undermined his ability to prove that the ability to prove that absent such a representation,

9    he would not, in all reasonable probability", have bought the Products. (ECF no. 120 at 6-7; inner

10   quotation and citation omitted). Without that evidence, Plaintiff had no claim.  There was no

11   confusion by Plaintiff in his testimony.  The questions about abandoning monetary claims were

12   found to be direct and Plaintiff's response "not long-winded or confused, but rather straight to the

13   point." (ECF No.120, at 10).

14        Plaintiff relies upon the stay of imposition of costs imposed by the court in *Steffens v. Regus*

15   *Group*, *PLC*, No. 08CV1494-LAB WVG, 2012 WL 628235 (S.D. Cal. Feb. 24, 2012) but the stay

16   there was imposed because of a hard-fought case <u>brought in good faith</u>. *Id.* at *3; emphasis added.

17   In contrast, here, the lack of good faith bearing upon Plaintiff's decision to continue to prosecute

18   this action, notwithstanding his deposition testimony, is the subject of ABUSA's separate motion

19   for attorney fees and costs. (ECF No. 127).

20        As for the second factor, Plaintiff has provided no proof that he will be irreparably harmed

21   if no stay is granted.  Plaintiff's affidavit does not address whether he has any savings and does

22   not state the amount of his expenses.  Assuming, *arguendo* only, that Plaintiff has to pay the costs,

23   Plaintiff apparently earns a yearly income in an amount sufficient to pay the relatively modest cost

24   of $7,212.79.  (ECF No. 135, Ex. A).

25        As to the third factor, a stay of payment will not substantially injure ABUSA.  However,

26   as to factor four, the public interest would be harmed if the obligation to pay costs to a prevailing

27   party is instantly made subject to the filing of an appeal by a supposed consumer who demonstrably

28

1    has no claim. Plaintiff has not satisfied his burden to obtain stay of the payment of costs pending

2    appeal.

3                                               **CONCLUSION**

4           For the foregoing reasons, ABUSA respectfully requests that the Court deny Plaintiff's

5    motion to review the taxation of costs or to obtain a stay of payment pending appeal.

6                                               Respectfully submitted,
     Dated:  October 14, 2025                   */s/ Robert P. Donovan*
7                                               ROBERT P. DONOVAN

8                                               STEVENS & LEE
9                                               669 River Drive, Suite 201
                                                Elmwood Park, New Jersey 07407
10                                              Telephone:  (201) 857-6778
                                                Facsimile:  (201) 857-6761
11                                              robert.donovan@stevenslee.com
                                                *Attorneys for Defendant*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28