**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Bahar Sodaify (SBN 289730)
*bsodaify@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, California 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARIZONA BEVERAGES USA, LLC,<br><br>Defendant. | Case No. 4:22-cv-09108-JSW<br>FAC Filed: March 10, 2023<br><br>Judge: Hon. Jeffrey S. White<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**<br><br>Hearing Information:<br>Date:   November 21, 2025<br>Time:   9:00 a.m.<br>Ctrm:   5, 2nd Floor |

**TABLE OF CONTENTS**

**Page No.**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................... 1

    A. Defendant Misstates The Legal Standard........................................................... 1

    B. Defendant Downplays the Public Importance of this Case................................. 1

    C. Defendant's "Not Close or Difficult" Argument Ignores the Record ................. 3

    D. Defendant Underestimates the Chilling Effect of Imposing Costs..................... 4

    E. Defendant Mischaracterizes Plaintiff's Financial Circumstances ...................... 6

        1. Plaintiff, not Plaintiff's counsel, will bear any costs ............................... 6

        2. The financial burden on Plaintiff and the disparity between Defendant and Plaintiff are significant................................................................................ 7

    F. Defendant's Specific Cost Arguments Fail........................................................ 8

        1. Deposition costs ....................................................................................... 8

        2. Other costs ............................................................................................. 10

    G. Defendant's Opposition to Stay Lacks Merit................................................... 10

III. CONCLUSION .............................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page No.**

*Ashby v. Farmers Ins. Co.*,
   No. 01-CV-1446-BR,
   2009 U.S. Dist. LEXIS 95221 (D. Or. Sept. 29, 2009) .................................................................. 2

*Ass'n of Mexican-Am. Educators v. California*,
   231 F.3d 572 (9th Cir. 2000) ................................................................................................... 1, 2

*Brager v. Costo Wholesale Corp.*,
   No. 2:19-cv-00044-DJC-CSK,
   2025 U.S Dist. LEXIS 29701 (E.D. Cal. Feb. 18, 2025) .............................................................. 4

*Crockett v. Shields*,
   8 Fed. Appx. 604 (9th Cir. 2001) ................................................................................................ 9

*Draper v. Rosario*,
   836 F.3d 1072 (9th Cir. 2016) .................................................................................................... 1

*Dunklin v. Mallinger*,
   No. 11-cv-01275-JCS,
   2013 U.S. Dist. LEXIS 85340 (N.D. Cal. June 17, 2013) .......................................................... 10

*Economus v. City & Cty. of San Francisco*,
   No. 18-cv-01071-HSG,
   2019 U.S. Dist. LEXIS 121914 (N.D. Cal. July 5, 2019) ......................................................... 3, 4

*Emblaze Ltd. v. Apple Inc.*,
   No. 5:11-cv-1079-PSG,
   2015 U.S. Dist. LEXIS 35366 (N.D. Cal. Mar. 20, 2015) ........................................................... 9

*Escriba v. Foster Poultry Farms, Inc.*,
   743 F.3d 1236 (9th Cir. 2014) ........................................................................................... 1, 3, 10

*Fowler v. Cal. Highway Patrol*,
   No. 13-cv-01026-THE,
   2014 U.S. Dist. LEXIS 112540 (N.D. Cal. Aug. 13, 2014) ...................................................... 8, 9

*Granite Rock Co. v. Teamsters Local 287 Int'l Bhd.*,
   No. C 04-02767 JW,
   2008 U.S. Dist. LEXIS 111084 (N.D. Cal. Jul. 7, 2008) ............................................................. 8

*Hageman v. Hyundai Motor Am.*,
   758 F.Supp.3d 1194 (C.D. Cal. 2024) ........................................................................................ 6

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) .................................................................................................................. 10

*In re 5-Hour Energy Mktg. & Sales Practices Litig.*,
   No. ML 13-2438 PSG (PLAX),
   2018 U.S. Dist. LEXIS 244553 (C.D. Cal. Sept. 11, 2018) ..................................................... 2, 3

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

*In re Incretin-Based Therapies Prods. Liab. Litig.*,
  No. 13-MD-2452-AJB-MDD,
  2021 WL 5990042 (S.D. Cal. Dec. 17, 2021) ................................................................. 5

*Jefferson v. City of Fremont*,
  No. 12-cv-0926-EMC,
  2015 U.S. Dist. LEXIS 34455 (N.D. Cal. Mar. 19, 2015) .............................................. 4

*Kaufman v. GEICO Indem. Co.*,
  No. 3:13-cv-01932-HZ,
  2015 U.S. Dist. LEXIS 117496 (D. Or. Sept. 3, 2015) .............................................. 2, 3

*Kilopass Tech. Inc. v. Sidense Corp.*,
  No. C 10-02066 SI,
  2013 U.S. Dist. LEXIS 31945 (N.D. Cal. Mar. 6, 2013) .............................................. 10

*Konig v. Dal Cerro*,
  No. C 04-02210 WHA,
  2008 WL 4628038 (N.D. Cal. Oct. 16, 2008) ................................................................. 8

*Lasic v. Moreno*,
  No. 2:05-cv-0161-MCE-DAD,
  2007 U.S. Dist. LEXIS 88606 (E.D. Cal. Nov. 21, 2007) ............................................ 10

*Markley v. Weaver*,
  No. 20-cv-08533-JST,
  2021 U.S. Dist. LEXIS 249457 (N.D. Cal. Apr. 27, 2021) ............................................ 7

*McCalmont v. Fannie Mae*,
  No. CV-13-02107-PHX-JJT,
  2019 U.S. Dist. LEXIS 137297 (D. Az. Aug. 14, 2019) ................................................ 2

*Rosa v. City of Seaside*,
  No. C 05-03577-JF,
  2010 U.S. Dist. LEXIS 33015 (N.D. Cal. Feb. 16, 2010) .............................................. 5

*Save Our Valley v. Sound Transit*,
  335 F.3d 932 (9th Cir. 2003) ........................................................................................... 1

*Shum v. Intel Corp.*,
  682 F. Supp. 2d 992 (N.D. Cal. 2009) ............................................................................ 9

*Sorgen v. City & Cnty. Of San Francisco*,
  No. 05-CV-03172 THE,
  2007 U.S. Dist. LEXIS 40922 (N.D. Cal. May 17, 2007) .............................................. 8

*Stanley v. Univ. of S. Cal.*,
  178 F.3d 1069 (9th Cir. 1999) ......................................................................................... 2

*Tichenor v. BAE Sys. Tech. Sols. & Servs., Inc.*,
  No. 20-cv-00499-JM-BGS,
  2024 U.S. Dist. LEXIS 115898 (S.D. Cal. Jul. 1, 2024) ............................................ 7, 8

*Total Recall Techs. v. Luckey*,
  No. C 15-02281 WHA,
  2017 U.S. Dist. LEXIS 76354 (N.D. Cal. May 16, 2017) .............................................. 8

*TransPerfect Glob., Inc. v. MotionPoint Corp.*,
   No. C-10-02590 CW (DMR),
   2014 U.S. Dist. LEXIS 47179 (N.D. Cal. Apr. 4, 2014) ................................................................ 8

*Velasquez v. Donahue*,
   No. C 11-03444 JSW,
   2014 WL 1018068 (N.D. Cal. Mar. 12, 2014) ............................................................................ 8

*Walsh v. Fannie Mae*,
   No. CV-15-00761-PHX-JJT,
   2019 U.S. Dist. LEXIS 137302 (D. Ariz. Aug. 14, 2019) ............................................................ 6

*Wrighten v. Metropolitan Hospitals, Inc.*,
   726 F.2d 1346 (9th Cir. 1984) ..................................................................................................... 5

**Rules**

Fed. R. Civ. P. 54 .............................................................................................................. 1, 8, 11

N.D. Cal. L.R. 54-3 ................................................................................................................ 8, 11

Case No. 4:22-cv-09108-JSW  iv
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS

## I. INTRODUCTION

Defendant's opposition underscores why the Clerk's taxation of $7,212.79 cannot stand. Defendant overstates the Rule 54 presumption, overlooks the controlling *Escriba* factors, and seeks recovery of non-taxable, convenience driven costs. The opposition also discounts the public significance of this consumer protection case, the complexity of the litigation as reflected in the record, and Plaintiff's limited financial resources relative to Defendant. This Court has broad discretion to deny or reduce costs where equitable considerations warrant. For the reasons detailed in Plaintiff's motion and below, Plaintiff respectfully requests that the Court exercise that discretion and decline to impose Defendant's costs.

## II. ARGUMENT

### A. Defendant Misstates The Legal Standard

Defendant minimizes the Court's broad discretion to deny costs, suggesting such decisions are rare and relying on a misreading of the law. Defendant's reliance on *Save Our Valley* overstates that case's holding, which simply requires a court to explain its reasoning when exercising discretion to deny costs, not that such denials are extraordinary. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). In fact, courts have repeatedly recognized their authority to deny costs on equitable grounds. *See Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000).

Here, each of the equitable considerations under *Escriba* support denying costs: (1) the substantial public importance of this consumer protection case, (2) the case's complexity and close resolution, (3) the potential chilling effect of imposing costs, (4) Plaintiff's limited financial resources, and (5) the significant disparity in means between the parties. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). A party need not satisfy every *Escriba* factor—showing even one or two is sufficient to justify denial. *See Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). Under *Save Our Valley*, the Court need only identify which of these factors, or any others it finds relevant, support a decision to deny costs.

### B. Defendant Downplays the Public Importance of this Case

Plaintiff's case is a matter of public importance because it seeks to protect consumers from false advertising of Defendant's Arizona Tea beverages marketed as "all natural," despite containing synthetic ingredients such as high fructose corn syrup, thereby implicating broader concerns regarding truthful labeling and consumers' ability to make informed, healthy purchasing decisions for themselves and their

families. Defendant seeks to narrow the concept of "significant public importance" to civil rights matters only, despite caselaw (including the very cases Defendant cites), indicating otherwise. Defendant's reading of *Kaufman v. Geico* and *Stanley v. Univ. of S. Cal.* to mean that cases are only of significant public importance if they "test[] the boundaries of law or eradicat[e] unlawful discrimination," is inaccurate; these are just two examples, presented in dicta, of types of cases that might qualify as serving the public interest, not an exhaustive list. *See Kaufman v. GEICO Indem. Co.*, No. 3:13-cv-01932-HZ, 2015 U.S. Dist. LEXIS 117496, at *5–6 (D. Or. Sept. 3, 2015); *Stanley v. Univ. of S. Cal.,* 178 F.3d 1069, 1079–80 (9th Cir. 1999).  As courts in the Ninth Circuit have made clear, "[c]ases do not have to pertain to constitutional or civil rights in order to be a matter of public importance." *McCalmont v. Fannie Mae*, No. CV-13-02107-PHX-JJT, 2019 U.S. Dist. LEXIS 137297, *3–4 (D. Ariz. Aug. 14, 2019); *see also Ass'n of Mexican-American Educ.*, 231 F.3d at 593 ("Nor are we attempting to create an exhaustive list of 'good reasons' for declining to award costs.").

The California Consumers Legal Remedies Act ("CLRA") protects consumers from unfair and deceptive practices, recognizing such cases as matters of public interest, and courts in the Ninth Circuit have held that consumer protection actions serve the public interest where, as here, they affect a broad class of consumers. *See McCalmont v. Fannie Mae,* No. CV-13-02107-PHX-JJT, 2019 U.S. Dist. LEXIS 137297, at *3–4 (D. Ariz. Aug. 14, 2019). Accordingly, courts in the Ninth Circuit have denied the imposition of costs after finding that enforcement of a consumer protection statute is of substantial public importance. *See, e.g., Ashby v. Farmers Ins. Co.*, No. 01-CV-1446-BR, 2009 U.S. Dist. LEXIS 95221, *4–5, 8 (D. Or. Sept. 29, 2009) (finding that the Fair Credit Reporting Act "was crafted to protect consumers . . . .The Court concludes compliance with FCRA's notice provision is a matter of substantial importance….The Court, in the exercise of its discretion, declines to award Defendants any of its costs incurred in defending this action."). Plaintiff litigated this case to protect consumers and their families in their right to rely on food labeling as truthful and nondeceptive, a classic public-interest matter. ECF 132-003, ¶¶ 5–6 ("This case . . . . is about standing up for consumers like me and my family and making sure others are not misled by labels that claim products are 'All Natural' when they really are not.").

Defendant relies on *In re 5-Hour Energy* and *Kaufman v. GEICO* to argue that consumer class actions are not of substantial public importance. These cases, however, do not support that proposition;

both turned primarily on other factors which influenced the courts' assessments of the public interest factor.

In *5-Hour Energy*, for example, the court emphasized that the plaintiff had expressly stated he could and would pay any costs taxed against him. *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, No. ML 13-2438 PSG (PLAX), 2018 U.S. Dist. LEXIS 244553, at *4–5, 8 (C.D. Cal. Sept. 11, 2018) ("[T]he economic disparity between the parties is significantly mitigated by the fact that Plaintiffs have represented that they are able to pay costs. Therefore, the Court concludes that Plaintiffs have not rebutted the presumption in favor of awarding costs."). By contrast, Plaintiff has made clear that paying Defendant's costs would jeopardize his and his family's financial stability. *See* ECF 132-003, ¶¶4, 12–13 ("I cannot begin to think about how we would pay thousands of dollars while continuing to meet our existing financial obligations."). Living on a public servant's salary, Plaintiff and his wife must support their family and pay a mortgage in a high-cost area—an already tight budget that would be severely strained by thousands of dollars in litigation costs. *See id.* ("If I had to pay these amounts, it would cause catastrophic hardship for me and my family. . . . My household depends entirely on the combined income from my job and my wife's job to cover our mortgage, utilities, groceries, school expenses for our youngest child, and other essential living costs.").

Likewise distinguishable, *Kaufman* found that the case was not of significant public importance largely because it deemed the plaintiff's interpretation of the insurance policy facially unreasonable. *Kaufman v. GEICO Indem. Co.*, No. 3:13-cv-01932-HZ, 2015 U.S. Dist. LEXIS 117496, at *5–6 (D. Or. Sept. 3, 2015). In contrast, this Court denied Defendant's motion to dismiss after finding Plaintiff's interpretation of Defendant's "All Natural" label reasonable. ECF 47, at 5–6.

C.      **Defendant's "Not Close or Difficult" Argument Ignores the Record**

Courts should consider the closeness and complexity of a case when weighing whether to award costs. *See Escriba*, 743 F.3d at 1248. Defendant overlooks the numerous factors identified in Plaintiff's Motion demonstrating that this case was both close and complex, and instead argues that its success on summary judgment alone shows otherwise. However, "the fact that Defendants prevailed at the summary judgment stage does not mean the issues presented were not close or difficult." *Economus v. City & Cty. of San Francisco*, No. 18-cv-01071-HSG (DMR), 2019 U.S. Dist. LEXIS 121914, at *8 (N.D. Cal. July

5, 2019); *Jefferson v. City of Fremont*, No. 12-cv-0926-EMC, 2015 U.S. Dist. LEXIS 34455, at *6 (N.D. Cal. Mar. 19, 2015) (finding for plaintiffs on this factor even after summary judgment because case involved "complex questions of law and fact" and "had support and was not frivolous"). Indeed, a case may still be considered close and difficult despite summary judgment where it "was rigorously litigated, required resolution of numerous discovery issues, and the outcome of the case was not obvious." *Economus*, 2019 U.S. Dist. LEXIS 121914, at *8.

As in *Economus* and *Jefferson*, Plaintiff's case was closely litigated, involving multiple depositions, engagement of expert witnesses, and a robust class certification motion supported by extensive evidence. *See* ECF 134-001, ¶ 3-4; ECF 102; ECF 102-001; ECF 102-002; ECF 103-003. Moreover, it "required the resolution of numerous discovery issues," including complex factual and legal issues and extensive discovery that included voluminous marketing documents. *See Economus*, 2019 U.S. Dist. LEXIS 121914, at *8; *see also* ECF 73. Plaintiff's case survived two motions to dismiss, and the Court found that a reasonable consumer could have been misled by Defendant's advertising—a clear indication that the outcome of the case "was not obvious." ECF 47. Ultimately, summary judgement hinged on a disputed interpretation of Plaintiff's reliance testimony: a narrow, fact-specific issue, not a wholesale defeat of the claims as Defendant misconstrues. ECF 120.

Defendant's interpretation of *Brager v. Costco* is too narrow. Defendant claims *Brager* does not apply because two of the plaintiff's claims in that case survived summary judgment (although defendant prevailed on the remainder). However, *Brager* explicitly stated that "Courts have found close and difficult issues under a variety of circumstances," and specifically that "[t]he fact that defendants prevailed at the summary judgment stage does not mean the issues presented were not close or difficult," thereby supporting Plaintiff's argument that a case decided on summary judgment can still have been close and difficult. *See Brager v. Costo Wholesale Corp.*, No. 2:19-cv-00044-DJC-CSK, 2025 U.S Dist. LEXIS 29701, at *5 (E.D. Cal. Feb. 18, 2025) (quoting *Economus*, 2019 U.S. Dist. LEXIS 121914, at *8).

### D. Defendant Underestimates the Chilling Effect of Imposing Costs

Defendant insists that its $7,200 Bill of Costs should stand because the amount is supposedly too small to discourage future litigation. That perspective might be true for a multi-billion-dollar corporation like Defendant which reported over $2 billion in revenue in 2024 (ECF 132-002). But it is detached from

the financial reality of an ordinary working family. For Plaintiff, $7,200 represents a significant and punitive hardship. See ECF 132-003, ¶¶10, 12. Illustrating this same disconnect, Defendant cites *Rosa v. City of Seaside* for the notion that "$35,000 in costs is not exorbitant." *Rosa v. City of Seaside,* No. C 05-03577-JF, 2010 U.S. Dist. LEXIS 33015, at *10 (N.D. Cal. Feb. 16, 2010). Yet Defendant omits that the *Rosa* court found the award equitable only because the plaintiffs had already recovered $225,000 in a settlement with other defendants. *Id.* at *8, 11. The circumstances here are entirely different.

      A $7,200 cost award against Plaintiff would impose a substantial hardship on his family, who rely on modest public-service incomes to cover basic living expenses. See ECF 132-003, ¶¶12–13. Unlike the plaintiffs in Defendant's cited cases, imposing thousands of dollars in costs on Plaintiff under these circumstances would not only inflict financial harm but also deter others from bringing good-faith consumer protection claims.[1] *See Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984) (courts may consider a losing plaintiff's limited financial resources when reassessing costs). The equities therefore weigh strongly against taxing costs, as doing so would chill legitimate consumer litigation.

      Defendant further cites *In re Incretin-Based Therapies Product Liability Litigation* to argue that, in false labeling cases, a court must evaluate all equitable factors before determining whether an award of costs would have a chilling effect. *See In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 13-MD-2452-AJB-MDD, 2021 WL 5990042, at *2–3 (S.D. Cal. Dec. 17, 2021). Defendant, however, misreads that decision. *Incretin-Based Therapies* does not prescribe the order or priority of equitable factors; rather, it reiterates that the court retains broad discretion to deny costs. *See id*. The court there also found no chilling effect because the costs, divided among numerous plaintiffs, amounted to a "relatively small sum owed by each plaintiff." *Id*. at *3. That reasoning does not apply here, where the substantial costs imposed on a single plaintiff far exceed his ability to pay and thus present a genuine risk of chilling future consumer litigation.

---

[1] Defendant has also moved to impose $360,000 in attorneys' fees, $18,906.33 in additional fees and costs, and $17,500 in fees for filing the motion for attorneys' fees. ECF 127, at 15. As explained in Plaintiff's Opposition to Defendant's Fee Motion, this request is baseless: Plaintiff litigated in good faith to vindicate consumer rights, equitable factors weigh strongly against imposing fees and costs, and Defendant has failed to demonstrate the requisite subjective bad faith. See ECF 134.

Defendant's suggestion that only civil rights cases warrant consideration of whether a costs award might chill future litigation is unsupported. Defendant offers no authority for this narrow view because none exists. There is no basis on which to conclude that an individual consumer alleging false advertising would be any less deterred from pursuing a claim than a plaintiff bringing a civil rights action. In fact, courts within the Ninth Circuit expressly recognize the risk of a chilling effect in consumer protection cases. *See, e.g.*, *Walsh v. Fannie Mae*, No. CV-15-00761-PHX-JJT, 2019 U.S. Dist. LEXIS 137302, at *7 (D. Ariz. Aug. 14, 2019) ("Indeed, the Court is concerned about chilling consumer protection actions against large financial clearinghouses similar to Defendant.").

### E.  Defendant Mischaracterizes Plaintiff's Financial Circumstances

#### 1.  *Plaintiff, not Plaintiff's counsel, will bear any costs*

Defendant's interpretation of the Retainer Agreement ("Agreement") is incorrect. Nothing in the Agreement states that Plaintiff's counsel agreed to assume responsibility for costs taxed in Defendant's favor. *See generally* ECF 109-3, Ex. B. Defendant relies on the phrase, "I also understand that other than litigation costs, I alone am responsible for paying any fines, penalties, or damages assessed against me personally," and argues that "other than" shifts all cost liability to counsel. ECF 145, ¶¶ 4–5. That reading is unsupported by the Agreement's text, context, or governing principles of contract interpretation.

Under the "whole text canon," contractual provisions must be read in harmony with surrounding language. *See Hageman v. Hyundai Motor Am.*, 758 F.Supp.3d 1194, 1206 (C.D. Cal. 2024) ("Under this well-known guide to contract interpretation, courts are tasked with considering the entirety of the document—including its context—to determine its meaning."). The Agreement defines "Attorneys" as "Clarkson Law Firm PC" (ECF 109-3, Ex. B, ¶ 1) and "Attorney costs" as "all costs incurred in connection with Attorneys' work in this matter." *Id*. ¶ 4. Read as a whole, it simply provides that Plaintiff need not advance litigation costs unless there is a recovery, which is an ordinary contingency-fee term. *Id*. ("Attorneys agree that they will receive a fee for their services and reimbursement of their costs only if they are successful in obtaining a recovery . . . ."). The "litigation costs" referenced plainly refer to case

expenses advanced by counsel in prosecuting Plaintiff's claims, not costs that may later be taxed in Defendant's favor. *Id.* ¶ 5. [2]

Thus, the Agreement confirms only that counsel advanced Plaintiff's litigation costs at its own risk, consistent with standard practice; it cannot reasonably be read to make counsel liable for any cost award to Defendant. Moreover, where all parties to a contract share an interpretation, that understanding governs. ECF 132-003 ¶ 11 ("I do not have any agreement with my counsel or anyone else to cover any of Defendant's costs or fees if they were to be awarded against me."); *Markley v. Weaver*, No. 20-cv-08533-JST, 2021 U.S. Dist. LEXIS 249457, *3 (N.D. Cal. Apr. 27, 2021).

### 2. *The financial burden on Plaintiff and the disparity between Defendant and Plaintiff are significant*

While $7,200 may be a "modest" cost for a multi-billion-dollar company, it is a significant financial strain for Plaintiff and his family. *See* ECF 132-003, ¶¶ 12–13 ("I cannot begin to think about how we would pay thousands of dollars while continuing to meet our existing financial obligations. It would seriously threaten our family's financial stability and well-being."). Plaintiff is a working father of three, and his family relies on both his and his wife's incomes to cover their mortgage, childcare, and other essential expenses. *Id.* ¶ 12. The stark wealth disparity between a multi-billion-dollar company and an individual consumer strongly weighs against shifting costs onto Plaintiff.

Defendant cites *Tichenor v. BAE Systems* to argue that financial disparity alone cannot justify denying costs. *See Tichenor v. BAE Sys. Tech. Sols. & Servs., Inc.*, No. 20-cv-00499-JM-BGS, 2024 U.S. Dist. LEXIS 115898, at *9–10 (S.D. Cal. July 1, 2024). But *Tichenor* supports Plaintiff's position. There, the court recognized that in evaluating cost awards, courts must consider whether the losing party risks financial hardship or indigency, noting that "there are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination." *Id.* at *9–10. The *Tichenor* court ultimately reduced the taxed fees by one-third after finding that the

---

[2] "I authorize Attorneys to obtain loans, lines of credit, and/or financing to advance costs and other litigation expenses and I understand and agree that the costs of borrowing said monies, including any interest or associated costs, may be recovered as an Attorney cost. Attorney costs shall be in addition to any attorney fees and shall be reimbursed from any monetary recovery after calculation of any attorney fees. . . . I also understand that other than litigation costs, I alone am responsible for paying any fines, penalties, or damages assessed against me personally."

plaintiff supported her aging parents and risked losing her family home if burdened with full costs. *Id.* at *9–12.

Like in *Tichenor*, Plaintiff here has shown that paying Defendant's costs would jeopardize his family's financial stability. ECF 132-003, ¶ 12. The Court should exercise its equitable discretion to deny costs in light of this demonstrated hardship and the vast economic imbalance between the parties.

F. **Defendant's Specific Cost Arguments Fail**

1. ***Deposition costs***

The Court should review the Clerk's determination de novo. *See, e.g.*, *Fowler v. California Highway Patrol*, No. 13-cv-01026-THE, 2014 U.S. Dist. LEXIS 112540, at *5 (N.D. Cal. Aug. 13, 2014). Plaintiff timely objected to Defendant's Bill of Costs—and specifically objected to *all* claimed costs under the discretionary equitable factors. *See* ECF 132 at 5. Defendant's reliance on *Sorgen v. City & County of San Francisco*, *Konig v. Dal Cerro*, and *Velasquez v. Donahue* is therefore misplaced because each of those cases involved situations where the losing party failed to file any objection to costs. *See Sorgen v. City & Cnty. of San Francisco*, No. 05-CV-03172 THE, 2007 U.S. Dist. LEXIS 40922 (N.D. Cal. May 17, 2007); *Konig v. Dal Cerro*, 2008 WL 4628038 (N.D. Cal. Oct. 16, 2008); *Velasquez v. Donahue*, 2014 WL 1018068 (N.D. Cal. Mar. 12, 2014). In contrast, Plaintiff filed objections to the Bill of Costs, and also avails himself of his opportunity to object with his Motion to Review the Clerk's Taxation of Costs. Defendant therefore has not established that any of Plaintiff's arguments should be waived, as the cited cases are not applicable to the case at hand.

Defendant's citation to *Granite Rock Co. v. Teamsters Local 287 Int'l Bhd.*, No. C 04-02767 JW, 2008 U.S. Dist. LEXIS 111084, at *3 (N.D. Cal. July 7, 2008), also does not advance its argument. Plaintiff does not contend that Rule 54-3 limits recovery to either a written or video transcript, but rather that the video costs here were unnecessary and excessive and thus, not recoverable. As explained, "no disputes in this case concerned deposition conduct or any issue that could have been clarified through video," making the recordings not "necessarily obtained" within the meaning of Rule 54. ECF 142 at 11: 9–18; *see also Total Recall Techs. v. Luckey*, No. C 15-02281 WHA, 2017 U.S. Dist. LEXIS 76354, at *2–4 (N.D. Cal. May 16, 2017); *TransPerfect Glob., Inc. v. MotionPoint Corp.*, No. C-10-02590 CW (DMR), 2014 U.S. Dist. LEXIS 47179, at *6–7 (N.D. Cal. Apr. 4, 2014).

Defendant cites several other cases to justify its video deposition costs, but none supports an award of costs here. For example, Defendant mischaracterizes *Shum v. Intel Corp.* as holding that deposition transcripts or recordings need not be used at trial to be recoverable. *Shum*, however, addressed a different issue entirely—the costs of preparing demonstratives for trial that ultimately went unused. *See Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 999–1000 (N.D. Cal. 2009). There, the demonstratives became unnecessary only because the opposing party changed its position immediately before and during trial, an unforeseeable development. *Id.* This bears no resemblance to Defendant's situation, where it voluntarily incurred thousands of dollars in video deposition costs that were never used in this case, in motion practice, or otherwise, to depict matters already fully reflected in the written transcripts.

Nor does *Fowler v. California Highway Patrol* assist Defendant. While *Fowler* approved taxing video deposition costs, it did so only for witnesses who actually testified at trial and expressly disallowed such costs for depositions of witnesses who did not. *Fowler v. Cal. Highway Patrol*, No. 13-cv-01026-THE, 2014 U.S. Dist. LEXIS 112540, at *14–18 (N.D. Cal. Aug. 13, 2014).

Defendant's citation to *Crockett v. Shields* is equally unavailing. While *Crockett* contains a brief statement that "depositions need not have been used at trial to be 'necessarily obtained for use in the case,'" the decision provides no other explanation or factual context in support. *See Crockett v. Shields*, 8 Fed. Appx. 604, 605 (9th Cir. 2001). Even so, the depositions in *Crockett* were "necessarily obtained for use in the case" in some capacity, even if not ultimately used at trial—unlike here, where Defendant did not use the video deposition recording at any stage of the litigation, including summary judgment.

Finally, Defendant's reliance on *Emblaze Ltd. v. Apple Inc.* is misplaced for the same reason. While the court allowed recovery of deposition costs for witnesses who did not testify at trial, it did so because those witnesses were still identified as necessary trial witnesses. *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, 2015 U.S. Dist. LEXIS 35366, at *15–16 (N.D. Cal. Mar. 20, 2015). In contrast, the video deposition recording challenged here was never identified as necessary to Defendant's case and was not used by Defendant in any capacity, further confirming that the video costs were unnecessary and should be denied.

//

//

### 2. Other costs

The Clerk has already excluded some costs as non-taxable, demonstrating that Defendant overreached in its Bill of Costs. ECF 138. Of the remaining items, only the $105 for certified public records is allowable under those rules, and even that amount should be denied if the Court exercises its equitable discretion under the *Escriba* factors to deny costs in full. All other claimed costs are excessive, unnecessary, and outside the scope of taxable recovery.

### G. Defendant's Opposition to Stay Lacks Merit

Plaintiff has requested that, absent a denial of Defendant's request for fees and costs, the Court stay any payment pending Plaintiff's appeal of the case. ECF 142, at 12–13. A court may defer its ruling on a motion for costs until after the appeal has been resolved. *Dunklin v. Mallinger*, No. 11-cv-01275-JCS, 2013 U.S. Dist. LEXIS 85340, at *3–4 (N.D. Cal. June 17, 2013); *see also Lasic v. Moreno*, No. 2:05-cv-0161-MCE-DAD, 2007 U.S. Dist. LEXIS 88606, at *2 (E.D. Cal. Nov. 21, 2007). Courts consider (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Kilopass Tech. Inc. v. Sidense Corp.*, 2013 U.S. Dist. LEXIS 31945, *11–12 (N.D. Cal. Mar. 6, 2013) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). As stated in Plaintiff's Motion for Review of the Clerk's Taxation of Costs, the balance of the four-factor analysis weighs in favor of granting the stay. ECF 47, at 13.

Defendant alleges with little basis that Plaintiff's appeal is unlikely to succeed on the merits; however, as indicated by Plaintiff's Motion for Review of the Clerk's Taxation of Costs, Plaintiff maintains a legitimate interpretation of "the start of the lawsuit" that differs from Defendant's interpretation, and that competing inference should have been credited in Plaintiff's favor under summary judgment standards. ECF 142, at 13:7–12.

Plaintiff faces irreparable harm should thousands of dollars in Defendant's costs be imposed upon him: diverting family funds from mortgage and childcare costs is immediate and serious, and puts Plaintiff at risk of losing the financial stability he and his family have struggled to recover ever since their bankruptcy. ECF 132-003, at ¶¶ 12–13. The balance of hardships weighs heavily in favor of a stay.

Plaintiff faces real hardship, whereas delay will cause no meaningful prejudice to Defendant. So, too, does the public interest, as it is in the public interest to preserve consumer access to justice.

### III. CONCLUSION

Defendant's opposition overstates the Rule 54 presumption and minimizes both the public significance of this consumer protection case and the equitable factors before the Court. Imposing thousands of dollars in costs on an individual consumer, a negligible sum for Defendant but a serious burden for Plaintiff's family, would serve only to punish Plaintiff and discourage others from bringing legitimate claims challenging deceptive advertising. The Court should therefore exercise its equitable discretion to vacate the taxation of costs in full. In the alternative, only the $105 for certified public records is recoverable under Local Rule 54-3. If the Court declines to vacate or reduce the award, it should stay enforcement of the Bill of Costs pending appeal.

DATED: October 21, 2025                    **CLARKSON LAW FIRM, P.C.**

By: */s/ Bahar Sodaify*
    Ryan J. Clarkson
    Bahar Sodaify

*Attorneys for Plaintiff*